IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**



| | |
|---|---|
| R.M.S. TITANIC, INC., successor in interest to Titanic Ventures, limited partnership, | |
| Plaintiff, | |
| v. | CIVIL ACTION NO: 2:93-CV-902 |
| The Wrecked and Abandoned Vessel, . . .believed to be the RMS TITANIC, <u>in</u> <u>rem</u>, | |
| Defendant. | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO FILE UNDER SEAL

NOW COMES Plaintiff RMS Titanic, Inc., ("Plaintiff"), by counsel, and respectfully requests that the Court enter an order sealing the unredacted version of Exhibit 1 to Plaintiff's Periodic Report of R.M.S. Titanic, Inc. on the Progress of Research and Recovery Operations ("Periodic Report"). In support of its Motion, Plaintiff states as follows:

I.  **ARGUMENT**

  A.  **The *Ashcraft* Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id.* at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when settling forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855

F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

> (1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;
>
> (2) Consider less drastic alternatives to sealing the documents; and
>
> (3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing unredacted copies of Plaintiff's Periodic Report and certain exhibits thereto under seal in this case is appropriate.

### 1. Public Notice Is Provided

Entry of Plaintiff's Notice of Filing Motion to Seal by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering the permissibility of sealing an unredacted copy of Respondents' Memorandum and will provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that the "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision"). The hearing, if necessary, will occur after the filing of this pleading, and after the filing of the Notice of Filing Motion to Seal, so that members of the public have sufficient time to note any objections that they might have to the motion.

### 2. There Are No Less Drastic Alternatives

Plaintiff does not seek a blanket protective order sealing all of the pleadings or documents filed in this case or even with this briefing. A "less drastic" alternative is sought: namely that only the redacted version of Exhibit 1 to Plaintiff's Periodic Report be publicly filed, and that the unredacted version be filed under seal.

### 3. Specific Reasons Why the Documents Should Be Filed Under Seal

Exhibits 1 to the Periodic Report contains personal addresses and other identifying personal information of the members of the Board of Directors of Plaintiff's parent company, Premier Exhibitions, Inc. Such information is highly sensitive and confidential.

Public disclosure of the personal information included in Exhibit 1 to the Periodic Report violates Local Rule 5, and would result in releasing these individuals' private, sensitive information.

Here, the documents at issue are identified on the public docket, giving the public an opportunity to object to the filing of the documents referenced herein under seal. *See e.g., Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000); *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). The need to seal sensitive personal information of the Directors of Plaintiff's parent company is specifically recognized and necessary to protect this information.

## II. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its Motion to File Document under Seal.

Respectfully submitted,

R.M.S. TITANIC, INC.

By Counsel

Counsel:

*/s/ Robert W. McFarland*

Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tele: 757/965-6804
Fax: 757/304-6175
Email: bwainger@kaleolegal.com

## CERTIFICATION

I hereby certify that a copy of the foregoing has been delivered this day to Kent Porter Esq., U.S. Attorney's Office, 8000 World Trade Center, Norfolk, VA 23510, this 19th day of August, 2016.

/s/ RWMcFarland

Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

81536624_1