

U.S. Department of Justice
United States Attorney
Eastern District of Virginia

---

8000 World Trade Center 757/441-633
101 West Main Street FAX/ 441-6689
Norfolk, Virginia 23510-1671

May 10, 2018



The Honorable Rebecca Beach Smith, Chief Judge
United States District Court
Eastern District of Virginia
600 Granby Street
Norfolk, VA 23507
*Hand Delivered*

Re:  ***R.M.S. Titanic, Inc. (etc.) v. The Wrecked and Abandoned Vessel (etc.)***
Civil Action No. 2:93cv902

Dear Chief Judge Smith:

This letter responds to Mr. McFarland's May 8, 2018 request on behalf RMST that the United States produce and disclose to RMST and the Court, without limitation, "all written communications between NOAA and the U.S. Department of Justice and Ocean Gate [*sic*] and its counsel." The United States respectfully declines to produce the requested material in this litigation.

NOAA is not a party to this admiralty action, but is involved to represent the public interest in the wreck site and the artifacts and, to that end, to review RMST's actions as salvor and to ensure RMST's compliance with the Court's orders, including the Covenants and Conditions. *See R.M.S. Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 742 F.Supp. 2d 784, 793 (E.D. Va. 2010); *R.M.S. Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 531 F.Supp. 2d 691, 693 (E.D. Va. 2007); *see also* Covenants & Conditions,§ II.K. While NOAA's interest in the preservation and protection of *Titanic* and its artifacts closely aligns with the Court's oft-stated concerns, NOAA's communications with OceanGate occurred, not in its oversight role in this litigation, but in the context of NOAA's (and the Department of Commerce's) independent obligation to implement Section 113 of the Consolidated Appropriations Act, 2017 (and by extension, the provisions contained in the Annex to the International Agreement). NOAA's submission to the Court in this instance was to address a specific, and narrow, concern of the Court, namely, to ensure that OceanGate was aware of RMST's salvor status and the Court's constructive *in rem* jurisdiction. RMST's current request effectively asks that it be given continuing access to all NOAA and Department of Justice communications occurring within the Section 113 process. We believe that is an inappropriate precedent to establish.

As we stated previously, NOAA expects to advise the Court of any significant developments pertaining to OceanGate's planned expedition, but we do not believe there is a

basis in this litigation for RMST to compel the production of NOAA or Department of Justice records. A more appropriate avenue for seeking federal agency records is through the Freedom of Information Act process (which RMST has previously utilized).

         Very truly yours,

         TRACY DOHERTY-McCORMICK
         UNITED STATES ATTORNEY

By: _____
    Kent P. Porter
    Assistant United States Attorney
    (757) 441-3347
    Kent.porter@usdoj.gov

cc: Robert McFarland, Esq. (via email)
   Brian Wainger, Esq. (via email)