IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

        Plaintiff,

v.                                              Civil Action No. 2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

        Defendant.

**OBJECTION TO NOTICE OF APPEARANCE AND MEMORANDUM IN SUPPORT**

NOW COMES Plaintiff RMS Titanic, Inc., ("RMST"), by counsel, and objects to the Notice of Appearance filed on behalf of the National Maritime Museum ("the Museum"). As grounds for this objection, RMST states as follows:

On July 9, 2018, Edward J. Powers, Esq. and his law firm, Vandeventer Black, LLP filed a Notice of Appearance on behalf of the National Maritime Museum. Simply put, the Museum has no standing to participate in this case, nor is a Notice of Appearance the proper procedural mechanism in which to attempt to intervene in these proceedings.

Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III" of the United States Constitution. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992). Constitutional standing consists of three elements: (1) an injury in fact, that is "concrete and particularized" and "actual or imminent;" 2) a causal relationship between the injury and the conduct complained thereof; and 3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision." *Id.* (internal

1

citations omitted). The party invoking the jurisdiction of this Court bears the burden of establishing these elements. *Id.*

The Museum has no standing in these proceedings as it has no injury. It has no claim whatsoever to the wreck or wreck site of the RMS TITANIC, nor to any of the artifacts owned by RMST. Furthermore, the Museum has no contractual or other relationship with RMST.

Rather, like several other third-parties, the Museum seeks to purchase the assets of RMST and its parent company, Premier Exhibitions, Inc., pursuant to the Company's Chapter 11 proceedings, pending in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"). The Museum's interest in acquiring the Titanic artifacts through procedures in the Bankruptcy Court does not, however, serve as a substitute for standing in this action.

Moreover, a notice of appearance is not the proper procedure to seek to participate in these proceedings. A party who seeks to intervene in a case has two options available under the Federal Rules of Civil Procedure: intervention of right and permissive intervention. Fed. R. Civ. P. 24. For intervention of right, under Rule 24(a)(2), a court must grant an applicant's motion to intervene if it complies with each of the following elements: (1) the motion is timely; (2) the applicant asserts an interest relating to the property or transaction that is the subject of the action; (3) without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the applicant's interest is not adequately represented by the other parties. *Liberty Mut. Fire Ins. Co. v. Lumber Liquidators, Inc.*, 314 F.R.D. 180, 183 (E.D. Va. 2016) (internal citations omitted).

The Museum has not filed a proper motion to intervene. Indeed, any such motion would be futile, as the Museum cannot comply with any one of the four components in Rule 24(a)(2), let

alone all four. The Museum has no legal interest in the property that is the subject of this litigation, but merely a desire to acquire it.

The Museum would fare no better under permissive interventon under Federal Rule of Civil Procedure 24(b). That requires either a conditional right to intervene by federal statute, or a claim that shares with the main action a common question of law or fact. *Id.* Both are lacking by the Museum, which has no legal claim to the artifacts or any property of RMST and its parent, Premier.

For the foregoing reasons, RMST respectfully requests that the Court enter an Order striking the Notice of Appearance and denying the attempt by the National Maritime Museum to participate in this action.

> Respectfully submitted,
>
> R.M.S. TITANIC, INC.
>
> By Counsel

Counsel:

*/s/ Robert W. McFarland*
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tele: 757/965-6804
Fax: 757/304-6175
Email: bwainger@kaleolegal.com

## CERTIFICATION

I hereby certify that a copy of the foregoing has been delivered to Kent Porter Esq., U.S. Attorney's Office, 8000 World Trade Center, Norfolk, VA 23510, and Edward Powers, Esq., Vandeventer Black LLP, 101 West Main Street, Suite 500, Norfolk, VA 23510 this 12th day of July, 2018.

/s/ R W McFarland

Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA 23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

104504938_2