**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

      Plaintiff,

v.                                                   Civil Action No. 2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

      Defendant.

**REPLY OF PLAINTIFF TO UNITED STATES' RESPONSE TO RMST'S JUNE 29, 2018 MOTION TO APPROVE ASSET PURCHASE AGREEMENT**

NOW COMES Plaintiff RMS Titanic, Inc., ("Plaintiff" or "RMST"), by counsel, and for its Reply to United States' Response to RMST's June 29, 2018 Motion to Approve Asset Purchase Agreement (the "APA") states as follows:

**I. Procedural Background.**

On June 29, 2018, RMST filed in this Court its *Motion to Approve Asset Purchase Agreement and Authorize the Sale of 100% of RMST's Stock to Premier Acquisition Holdings LLC or Other Qualified Purchaser as Approved by the Bankruptcy Court*. On July 13, 2018 the United States filed its *Response to RMST's June 29, 2018 Motion to Approve Asset Purchase Agreement* (the "Response Brief").

**II. Discussion.**

By its plain language, the Covenants and Conditions only "apply to the present and future disposition, care, conservation, and management of the Subject TITANIC Artifact Collection."

Section I.D. The Subject TITANIC Artifact Collection (the "STAC") includes objects recovered from the wreck site by RMST between 1993 and 2004 and, "that are within the jurisdiction of this Court." § II.G. The STAC does not include the French TITANIC Artifact Collection (the "French Artifacts").

The Covenants and Conditions seek to place the STAC in a trust for the benefit of the public interest. The Court's *in specie* award of the STAC, "shall be a trust for the benefit of and subject to the beneficial interest of the public . . . in the wreck and its artifacts, and the Covenants and Conditions herein expressed." § I.E. *See also,* VII.A ("Trustees title to and possession and use *of the STAC* . . . is subject to a trust" and "these Covenants and Conditions will continue to apply *to the STAC* for the benefit of the public interest"). The Covenants and Conditions do not seek to place the French Artifacts in a trust. The Covenants and Conditions seek to ensure only that the artifacts, "*within the scope of its terms*, are for the benefit of the public interest [and] kept together and intact." § I.G. (Emphasis added).

By these very specific terms, the Covenants and Conditions only apply to the management of the STAC. This plain language is consistent with the jurisdictional ruling in *RMS Titanic, Inc. v. Wrecked and Abandoned Vessel*, ____ (4th Cir. 2006). Consistent with this ruling, the Covenants and Conditions themselves, and the intent of RMST when it drafted the Covenants and Conditions, the limited language in the Covenants and Conditions which relates the "TITANIC Collections" (ie. both the STAC and the 1987 Artifacts") is merely precatory, and aspirational.

In its Response Brief, NOAA indicates that it will seek "assurances" from any entity seeking to acquire the stock of RMST that such entity will continue to comply with the Covenants and Conditions, and will require "full access" to the French Artifacts. Similarly,

NOAA, "expects to take into account the proposal's treatment, handling and disposition" of the French Artifacts which NOAA claims is permitted by § II.K and which states in pertinent part that NOAA, "represents the public interest" in both the STAC and the French Artifacts. Consistent with § I.E. however, the public interest only extends to the STAC and not to the French Artifacts. Moreover, while § VII.C.1 seeks to permit NOAA to inspect both the STAC and the French Artifacts, such inspection is designed only to monitor, "the conservation, curation, documentation, and other activities *in relation to the STAC*." (Emphasis added). Because RMST owns the French Artifacts outright, and because this Court does not have subject matter jurisdiction over them, NOAA's oversight role under the Covenants and Conditions does not extend to the care and treatment of the French Artifacts.

In this regard, NOAA's position that it will "take into account" the treatment and handling of the French Artifacts in any transactional proposal, is overreaching, outside its scope, and *ultra vires*. Nevertheless, RMST will continue to work collaboratively with NOAA to guarantee an easy transition in the event of a transaction which includes a sale of RMST's stock, or which delivers the STAC to a subsequent Trustee and Qualified Institution. As soon as reasonably practicable after direction from the Bankruptcy Court, RMST will provide this Court and NOAA with the relevant information necessary to consider any proposed transaction.

### III.   CONCLUSION

For the foregoing reasons, RMST respectfully requests that the Court (a) schedule a hearing for a date after the sale hearing in the Bankruptcy Court and before September 7, 2018, to consider approval of the APA and authorize the sale of 100% of RMST's stock to the Stalking Horse Purchaser, or such other prevailing qualified bidder as determined by the Bankruptcy Court at the sale hearing; (b) grant its Motion to Approve the Asset Purchase Agreement; (c)

authorize the sale of 100% of RMST's stock to the Stalking Horse Purchaser; and (d) grant any other related relief.

Dated: July 19, 2018                                       Respectfully submitted,

**R.M.S. TITANIC, INC.**

By:  /s/
Robert W. McFarland (VSB # 24021)
MCGUIREWOODS LLP
World Trade Center
101 West Main Street, Ste 9000
Norfolk, Virginia 23510
(Office) (757) 640-3716
(Fax) (757) 640-3966
rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tele: 757/965-6804
Fax: 757/304-6175
Email: bwainger@kaleolegal.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 19th day of July, 2018, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notification of such filing to the following:

    Kent Porter, Esq.
    U.S. Attorney's Office
    8000 World Trade Center
    Norfolk, VA 23510

        By: /s/
        Robert W. McFarland (VSB # 24021)
        MCGUIREWOODS LLP
        World Trade Center
        101 West Main Street, Ste 9000
        Norfolk, Virginia 23510
        (Office) (757) 640-3716
        (Fax) (757) 640-3966
        rmcfarland@mcguirewoods.com

        Brian A. Wainger (VSB #38476)
        Kaleo Legal
        4456 Corporation Lane, Suite 135
        Virginia Beach, VA 23462
        Tele: 757/965-6804
        Fax: 757/304-6175
        Email: bwainger@kaleolegal.com