IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
        Plaintiff,

v.                                           Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,
        Defendant.

## STATUS REPORT

The United States, as *amicus*, and on behalf of its National Oceanic and Atmospheric Administration ("NOAA"), provides the following updates:

1. *Update to NOAA's September 6, 2018, Status Report.*

On September 11, 2018, the Bankruptcy Court issued an order reflecting its decision following the August 30, 2018, hearing. A copy of the order is attached. The Bankruptcy Court held that the Equity Committee's Amended Disclosure Statement was not approved, as its Plan was not confirmable. It further held the UCC/NMM Plan in abeyance at the NMM's request. Finally, it approved the Debtor's Competitive Bidding Procedures and Asset Purchase Agreement, except for the proposed dates. The Bankruptcy Court established a Sale Hearing for October 18, 2018, and directed the Debtors' to submit a revised order with additional dates for the bidding process that correspond to the October 18, 2018, sale hearing date.

1

2.  *Implementation of Section 113, Consolidated Appropriations Act, 2017.*

On August 29, 2018, the Secretary of Commerce delegated authority to the NOAA Administrator to review and make decisions on requests for authorizations pursuant to Section 113.[1]  The delegation reserves for the Secretary authority to make all decisions that would arise under Article 5 of the International Agreement (should it enter into force).  Article 5 of the International Agreement requires parties to the agreement to inform other parties of requests for authorizations and an opportunity to provide comments, and directs consultation among the parties to harmonize enforcement actions.  In addition, the delegation requires the NOAA Administrator to provide regular reports to the Secretary on the progress of NOAA's implementation of Section 113.  *See* attached delegation.

NOAA anticipates providing this Court with additional updates regarding Section 113 implementation at or before the September 18, 2018 status hearing.

3.  *EYOS Expedition to Titanic wreck site.*

In a prior Status Report, filed July 25, 2018, NOAA advised the Court of an expedition to the wreck site proposed by Expedition Yacht Operations and Services ("EYOS").  *See* ECF No. 456.  By letter dated August 23, 2018, EYOS founding partner, Rob McCallum, provided the Court additional details about that expedition.  *See* ECF No. 479.  As noted in this correspondence, this expedition is proposed for September 29, 2018 to October 8, 2018.

---

[1] Section 113 provides:

> For fiscal year 2017 and each fiscal year thereafter, no person shall conduct any research, exploration, salvage, or other activity that would physically alter or disturb the wreck or wreck site of the RMS Titanic unless authorized by the Secretary of Commerce per the provisions of the Agreement Concerning the Shipwrecked Vessel RMS Titanic [i.e., the International Agreement].  The Secretary of Commerce shall take appropriate actions to carry out this section consistent with the Agreement.

Department of Commerce Appropriations Act, 2017, Pub. L. 115-31, 131 Stat 135, 192 (2017).

On September 5, 2018, NOAA received an inquiry from EYOS as to the possibility of conducting a few scientific research activities while at the wreck site, in conjunction with scientist Lori Johnston who, with Dr. Roy Cullimore and NOAA, previously conducted scientific research on *Titanic*.  Specifically, Ms. Johnston is interested in recovering a small sample tray with metal and wood samples previously placed at the wreck site during the 2004 expedition for the purpose of studying biodeterioration rates of the wreck.  In addition, Ms. Johnston would like to place a new tray at the wreck site to continue the study.  She also inquired about the possibility of collecting rusticle samples in a manner that would not require any scraping of the hull but, rather, removal of the bottom portion of hanging rusticles.  NOAA informed Ms. Johnston and EYOS of this Court's 2000 and 2010 orders pertaining to rusticle sampling and has requested additional information regarding these potential activities.  *See Memorandum Order*, dated April 30, 2010 (ECF No. 338); *Order*, dated July 28, 2000 (ECF No. 164).[2]

NOAA anticipates providing this Court with additional updates regarding EYOS' proposed expedition either at or before the September 18, 2018 status hearing.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:   /s/ *Kent P. Porter*
        Kent P. Porter, VSB No. 22853
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        8000 World Trade Center
        101 West Main Street

---

[2] In its July 28, 2000 *Order*, this Court prohibited any action "to in any way cut into the wreck or detach any part of the wreck." ECF No. 164 at 3.  In its April 30, 2010, *Memorandum Order*, this Court amended that earlier order to permit the "limited removal of rusticles . . . in an amount reasonably necessary for . . . bio-deterioration research." ECF No. 388 at 3.  In its 2010 Order, this Court cited to the draft report Ms. Johnston and Dr. Cullimore prepared, "Bio-Deterioration of the RMS Titanic, 2003 and 2004 – An Evaluation of the Role of Rusticles in the Removal of Iron from the Steel of the Ship[.]" *Id*. at fn.1.

Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of September, 2018, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | |
|---|---|
| **Brian Andrew Wainger**<br>Kaleo Legal<br>4456 Corporation Lane<br>Suite 135<br>Virginia Beach, VA 23462<br>Email: bwainger@kaleolegal.com | **Robert William McFarland**<br>McGuireWoods LLP<br>101 W Main St<br>Suite 9000<br>Norfolk, VA 23510-1655<br>Email: rmcfarland@mcguirewoods.com |
| **Edward J. Powers**<br>Vandeventer Black LLP<br>101 West Main Street, Suite 500<br>Norfolk, VA 23510<br>epowers@vanblacklaw.com | **Jeffrey G. Gilmore**<br>**John M. Neary**<br>Ackerman LLP<br>750 Ninth Street, N.W., Suite 750<br>Washington, D.C. 20001<br>Jeff.gilmore@ackerman.com<br>John.neary@ackerman.com |

 /s/ *Kent P. Porter*
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov