IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

      Plaintiff,

v.                                Civil Action No.  2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

      Defendant.

**PERIODIC REPORT OF R.M.S. TITANIC, INC.
ON THE PROGRESS OF RESEARCH AND
<u>RECOVERY OPERATIONS</u>**

NOW COMES Plaintiff, R.M.S. Titanic, Inc. ("RMST" or the "Company"), by counsel, and files this "Periodic Report of R.M.S. Titanic, Inc. on the Progress of Research and Recovery Operations" ("Periodic Report").

**<u>I. Bankruptcy.</u>**

On August 30, 2018, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") conducted an evidentiary hearing (the "Evidentiary Hearing") to consider: (1) the Equity Committee's Disclosure Statement and Chapter 11 Plan ("EC Plan"); (2) the Unsecured Creditors' Committee ("UCC") Disclosure Statement and Chapter 11 Plan, submitted in conjunction with the National Maritime Museum ("UCC/NMM Plan"); and (3) the Debtors' Motion for Entry of an Order Approving Competitive Bidding and Sale Procedures . . . ." ("Debtors' Sale Motion").

At the Evidentiary Hearing, the Debtors announced that under the proposed Asset Purchase Agreement for the sale of substantially all of the Debtors' assets, the Stalking Horse Purchaser would increase its purchase price from $17.5 million to $19.5 million and its breakup fee and expense reimbursement would be increased from $1 million to $1.5 million.  At the Evidentiary Hearing it was also announced that the Debtors' primary unsecured creditor, 417 Fifth Ave. Real Estate, LLC, would support the Debtors' Sale Motion and oppose the disclosure statements and accompanying Chapter 11 plans filed by the Official Committee of Equity Security Holders and the Official Committee of Unsecured Creditors.

On September 11, 2018, the Bankruptcy Court issued an order ruling on the issues raised in the Evidentiary Hearing (the "Evidentiary Order"), a copy of which is attached hereto as **Exhibit 1**. The Evidentiary Order approved in part the Debtors' competitive bidding procedures and Asset Purchase Agreement for the sale of substantially all of the Debtors' assets, and authorized the Debtors to submit new bidding procedures that correspond to a proposed sale hearing on October 18, 2018 at 10:00 am.

The Evidentiary Order did not approve the disclosure statement proposed by the Official Committee of Equity Security Holders and held in abeyance the disclosure statement proposed by the Official Committee of Unsecured Creditors.

On September 13, 2108, the Bankruptcy Court entered an *Order (A) Approving Competitive Bidding and Sale Procedures; (B) Approving Form and Manner of Notices; (C) Approving Form of Asset Purchase Agreement; (D) Approving Break-Up Fee and Expense Reimbursement; (E) Scheduling Auction and Hearing to Consider Final Approval of Sale, Including Rejection or Assumption and Assignment of Related Executory Contracts and Unexpired Leases and settlement with the Pacbridge Parties; (F) Authorizing Sale of the*

*Transferred Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; and (G)*

*Granting Related Relief*, a true and correct copy of which is attached hereto as **Exhibit 2** (the

"Bid Procedures Order").

The Bid Procedures Order sets forth the timeline under which the Debtors' auction and

sale hearing will take place, as set forth below:

| | |
|---|---|
| **October 5, 2018, at 4:00 p.m.** | Bid Deadline |
| **October 5, 2018, at 4:00 p.m.** | Deadline to Object to Sale<br><br>Deadline to Object to Assumption and Assignment of Transferred Contracts to Stalking Horse Purchaser, Including Proposed Cure Amounts |
| **October 9, 2018, at 4:00 p.m.** | Deadline for Debtors to Designate and Publish Qualified Bidders |
| **October 11, 2018, at 10:00 a.m.** | Auction, if any<br><br>Location:<br><br>Troutman Sanders LLP<br>600 Peachtree Street NE, Suite 3000<br>Atlanta, GA 30308 |
| **October 18, 2018, at 10:00 a.m.** | Sale Hearing<br><br>Location:<br><br>United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division<br>Bryan Simpson United States Courthouse<br>300 North Hogan Street, Courtroom 4A<br>Jacksonville, Florida 32202 |
| **4:00 p.m., one day before Sale Hearing** | Deadline to File and Serve Responses to Any Sale Objection |

Critically, the Asset Purchase Agreement provides that the Stalking Horse Purchaser has

the right to terminate the Asset Purchase Agreement in the event that the Bankruptcy Court has

not entered the Approval Order (as defined by the Asset Purchase Agreement) by October 18,

2018, or if this Court has not approved and entered the defined "Admiralty Court Order" on or

before October 31, 2018. The Asset Purchase Agreement defines the Admiralty Court Order as an Order entered by this Court approving the transactions contemplated by the Asset Purchase Agreement

As previously reported to the Court, the Debtors' liquidity position is dire. *See,* Transcript of August 30, 2018 Bankruptcy Court hearing at p. 28, attached hereto as **Exhibit 3**. As of August 30, 2018, the Debtors had a fully drawn $5 million debtor-in-possession credit facility. *Id. at p. 25.* The Debtors' financial advisor projects that, excluding accrued and unpaid professional fees, the Debtors will be out of money at the end of 2018. *Id.* at 27-28. Including accrued and unpaid outstanding professional fees, the Debtors are out of money today. *Id.*

Under these circumstances, timing remains is critical to the consummation of the sale contemplated under the Asset Purchase Agreement, in order to avoid a liquidation of the Debtors. In that respect, RMST seeks to schedule a hearing with this Court on an available date between October 18, 2018 (the deadline for the entry of the Approval Order by the Bankruptcy Court) and October 31, 2018 (the deadline for the entry of the  Admiralty Court Order by this Court).

RMST recognizes the limited window of time available to the Parties and the Court under the above schedule.  However, the exigencies regarding the Debtors' liquidity and the need to close the proposed transaction while the Debtors are operating as a going concern warrant an expeditious schedule. Accordingly, RMST is available to appear before this Court on its approval of the Admiralty Court Order at any time the Court is available after entry by the Bankruptcy Court of the Approval Order.[1]

---

[1] RMST will also be available at any time prior to the date of the Approval Order should this Court deem it appropriate.

In addition, RMST and the Stalking Horse Purchaser have already commenced discussions with NOAA on its position on the transaction, in advance of a hearing before the Court, in order to promptly address any questions or concerns NOAA may have regarding the proposed transaction. NOAA has stated that "[f]or any proposed transaction involving a 100% stock sale of RMST to a new entity, NOAA will assess whether the proposal ensures that the stock sale 'does not effectuate a change in the management, conservation and curation of the STAC.'" *See, United States' Response to RMST's June 29, 2018 Motion to Approve Asset Purchase Agreement, at pp.5-6* [Doc. 454]. The transaction contemplated under the APA involves a 100% stock sale of RMST to a new entity.

## II. Section 113 and EYOS.

On September 11, 2018, the United States, as *amicus curiae*, filed a Status Report which discusses implementation of Section 113 of the Consolidated Appropriations Act, 2017, and a possible EYOS expedition to the Titanic wreck site. RMST will further review the issues related to Section 113, and will report back to the Court shortly.  RMST did not receive a copy of the September 5, 2018 inquiry from EYOS but has spoken with representatives of NOAA on that request and the proposed expedition. RMST will review and report further to the Court on the EYOS expedition, which appears to implicate RMST's salvage rights.

WHEREFORE, RMST submits this Periodic Report for the Court's information and consideration.

Respectfully submitted,

R.M.S. TITANIC, INC.

By Counsel

5

Counsel:


_____/s/_____
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA  23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tele: 757/965-6804
Fax: 757/304-6175
Email: bwainger@kaleolegal.com

<u>CERTIFICATION</u>

I hereby certify that the foregoing has been electronically filed through the Court's ECF system this 14th day of September, 2018.


_____*/s/*_____
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA  23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com


107248134_1