IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
      Plaintiff,

v.                                                Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,
      Defendant.

## <u>ORDER</u>

**IT APPEARING TO THE COURT:**

1. On July 25, 2018, NOAA notified the Court of a potential expedition to the *Titanic* wreck site by Expedition Yacht Operations and Services ("EYOS"). At the Court's request, on August 23, 2018, EYOS provided a letter to the Court describing the intended scope and purposes of the expedition. *See* ECF No. 479. This Court's constructive *in rem* jurisdiction is not impacted by the activities EYOS' originally proposed in its August 23, 2018, letter. *See R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 970 (4th Cir. 1999).

2. At the September 18, 2018, Status Hearing, the United States had advised the Court that EYOS was interested in conducting additional research activities at the wreck site for the purpose of evaluating *Titanic's* current condition and its deterioration.[1] The Court has since

---

[1] During a 2004 expedition by Plaintiff R.M.S. Titanic, Inc. ("RMST"), a tray containing wood and metal samples, approximately 12" x 18" x 12" in size, was placed on the starboard side of *Titanic's* bow for the purpose of studying bio-deterioration at the wreck. According to EYOS, it plans to use a two-person submersible to recover that tray

1

been provided a letter from EYOS, dated September 23, 2018, regarding its planned expedition and the additional research activities it intends to undertake at the wreck site. NOAA believes the research is in the public interest because it will provide important data and information regarding *Titanic* and its condition.

3. This Court has prohibited cutting into or detaching any part of the wreck, *Order* dated July 28, 2000, at 3 (ECF No. 164), but has previously permitted limited specifically designated removal activity at the wreck site for the purpose of scientific research which analyzes *Titanic's* condition and assists in its future preservation. *Memorandum Order* dated April 30, 2010, at 2 (ECF No. 338). RMST, as salvor in possession, has agreed to these designated activities for purposes of scientific research at the wreck site. As EYOS has defined them, the Court concludes that the research activities proposed by EYOS in its August 23 and September 23, 2018, letters are reasonable and consistent with this Court's prior orders for limited research at the wreck site, and as specified herein are not to be seen as impinging or affecting RMST's salvage rights.

4. As evidenced by the endorsement of its counsel hereto, RMST does not object to EYOS conducting only the activities set forth in this order; provided that RMST receives a copy of the expedition report EYOS will provide to NOAA, and the reports and results of any analysis conducted on the recovered materials. By agreeing that EYOS may undertake only the specific activities in this order, RMST does not in any way waive its status as exclusive salvor-in-possession, or its right to object to any other activities, by EYOS or anyone else, at the wreck site

---

(which EYOS suspects is now located on the seabed near the bow), and leave a new tray of approximately 12" x 12" x 12" in size to continue the research. *See* September 18, 2018, Status Hearing Exhibit 2; EYOS' letter of September 23, 2018, and enclosure therewith. EYOS also proposes to collect a small amount of rusticle samples by removing no more than 500 grams from the ends of rusticles, without scraping or touching the vessel itself. Rusticles "are complex microbiological structures that feed on the ship's iron, forming into the shape of icicles on the surface of the wreck." *Memorandum Order* dated April 30, 2010, at 2 (ECF No. 338).

2

for any reason. EYOS has reviewed this Order and agrees to be bound by the Court's rulings as to what activities it may conduct at the wreck site, and what information and documents it will provide to NOAA, RMST and the Court.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. EYOS may recover the research tray left behind during the 2004 joint expedition by RMST and NOAA as shown on page 2 of Exhibit 2 from the September 18, 2018, Status Hearing; provided that such tray is visible and readily accessible, and may be retrieved without damage to the wreck, the wreck site or any artifacts. EYOS shall document the location of the recovered tray and photograph the location before and after recovery.

2. EYOS may place a new research tray at the wreck site similar to that depicted on page 1 of Exhibit 2 from the September 18, 2018, Status Hearing. EYOS may place the tray on *Titanic's* bow, but only if such placement can be accomplished without damage to the wreck, the wreck site or any artifacts. EYOS shall document the location of this sample tray placement and photograph the location before placement and after placement.

3. EYOS is authorized to conduct limited removal of a rusticle sample (no more than 500 grams) from *Titanic*; provided that such removal can be accomplished without damage to the wreck, the wreck site or any artifacts. EYOS is not authorized to scrape or damage the hull or any other part of the ship to collect the rusticle sample. EYOS shall document the location on the wreck from where it takes the rusticle sample and photograph the location before and after recovery.

4. EYOS shall provide to NOAA, RMST and this Court a copy of the expedition report (including the documentation pertaining to ¶¶ 1 – 3 above).

3

5.  Except as expressly authorized herein, nothing in this order should be construed to alter, affect or limit RMST's exclusive salvor-in-possession status, this Court's constructive *in rem* jurisdiction, or any prior orders of the Court concerning activities at the wreck site.

                                                                                                   _____
                                                                                                   Rebecca Beach Smith, Chief Judge
                                                                                                   United States District Court

At Norfolk, VA
This _____ day of September, 2018

SEEN AND AGREED:

UNITED STATES OF AMERICA
*Amicus Curiae*

By: _____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov

SEEN AND AGREED:

R.M.S. TITANIC, INC.,
Plaintiff

By: _____
Robert W. McFarland, VSB No. 24021
McGuireWoods LLP
101 W Main St
Suite 9000

Norfolk, VA 23510-1655
Email: rmcfarland@mcguirewoods.com

Brian Andrew Wainger, VSB No. 38476
Kaleo Legal
4456 Corporation Lane
Suite 135
Virginia Beach, VA 23462
Email: bwainger@kaleolegal.com

107563183_1

## DECLARATION OF ROBERT McCALLUM

I, Robert McCallum, hereby attest that I am an officer and authorized representative of EYOS Expeditions Ltd. ("EYOS"). I have reviewed the Order regarding EYOS's expedition to the RMS Titanic wreck site in 2018. I hereby agree that EYOS shall be bound and abide by the provisions of the Order and the rulings of the Court regarding this expedition and the Titanic wreck site. EYOS will permit RMS Titanic to have a representative on the expedition.

_____
                                  Robert McCallum
                                  EYOS Expeditions Ltd.

107663592_1