IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
      Plaintiff,

v.                                                                    Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,
      Defendant.

## <u>MEMORANDUM IN SUPPORT OF<br>PREMIER ACQUISITION HOLDINGS LLC'S CONSENT MOTION TO INTERVENE</u>

Premier Acquisition Holdings LLC ("<u>PAHL</u>") respectfully submits this Memorandum In Support of Its Consent Motion To Intervene, and moves pursuant to Fed. R. Civ. P. 24(a) and (b) to intervene in the above-captioned action, brought by Plaintiff R.M.S. TITANIC, Inc. ("<u>RMST</u>"), upon the following grounds:

### <u>Preliminary Statement</u>

PAHL is the proposed purchaser of substantially all of the assets of Premier Exhibitions, Inc. ("<u>Premier</u>") and certain of its debtor and non-debtor affiliates as set forth in the Asset Purchase Agreement dated as of June 14, 2018, by and among (i) Premier Exhibitions, Inc., a Florida corporation, (ii) Arts and Exhibitions International, LLC, a Florida limited liability company, (iii) Premier Exhibition Management LLC, a Florida limited liability company, (iv) Premier Exhibitions NYC, Inc., a Nevada corporation, (v) Premier Merchandising, LLC, a Delaware limited liability company, (vi) Premier Exhibitions International, LLC, a Delaware limited liability

company, (vii) Dinosaurs Unearthed Corp., a Delaware corporation; (viii) DinoKing Tech Inc. d/b/a Dinosaurs Unearthed, a company formed under the laws of British Columbia, (ix) RMS Titanic, Inc., a Florida corporation ("RMST"), solely for purposes of Article III, Article V, Article VII and Article VIII of the Asset Purchase Agreement, and PAHL, as amended by Amendment No. 1 to Asset Purchase Agreement dated as of September 14, 2018 (the "APA").

Under the APA, conditioned on this Court's approval, PAHL will be acquiring 100% of the stock of RMST, the current Trustee of the Subject Titanic Artifact Collection (the "STAC"). RMST, however, will continue to exist and will continue to hold the Titanic Collection as a Qualified Institution subject to the Revised Covenants and Conditions attached as Exhibit A to the Court's August 12, 2010 Order granting RMST a salvage award in the amount of one hundred percent of the fair market value of the artifacts recovered in the 1993, 1994, 1996, 1998, 2000 and 2004 expeditions to the wreck of the *RMS TITANIC* (the "Covenants and Conditions"). Moreover, because PAHL is acquiring RMST as a going concern, the collections and curation staff will also remain employed so that there are no changes to collection management, conservation and curation of the STAC. RMST's bankruptcy case will be dismissed, and RMST will emerge from bankruptcy with a better-capitalized parent company and free from the debt and public-company reporting obligations that burdened Premier.

At the October 25, 2018 hearing, this Court invited PAHL to intervene in this action for purposes of the Sale Motion (defined below). Accordingly, PAHL now seeks to intervene in this action, pursuant to Rules 24(a) and (b) of the Federal Rules of Civil Procedure, for this purpose. RMST consents to the requested relief. The United States has not yet consented.

## Background

On June 29, 2018, RMST filed in this Court Plaintiff's Motion to Approve Asset Purchase Agreement and Memorandum in Support (the "Sale Motion") [Dkt. 447, and 448] seeking

approval for the sale (the "Sale") of 100% of its stock to PAHL, pursuant to the terms of the APA. The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), which oversees RMST's chapter 11 case, approved the Sale by Order dated October 18, 2018.

On October 24, 2018, the United States, serving as Amicus Curiae, filed NOAA's Report and Recommendation Regarding RMST's Motion to Approve Asset Purchase Agreement and to Authorize the Sale of 100% of RMST's Stock to Premier Acquisition Holdings, LLC. In its Report and Recommendation, NOAA concludes that, ". . . the transaction does not in form or purpose, or in consequence, effectuate a change that negatively affects the current management, conservation and curation of the artifacts." Dkt. 502 at 12. Accordingly, NOAA recommends the Court approve the transaction, subject to certain commitments by RMST and PAHL, set forth in its Report and Recommendations.

As set forth in the attached Declaration of Gilbert Li (the "Li Declaration") on behalf of PAHL and in compliance with NOAA's Report and Recommendations, PAHL confirms that, if the Sale is consummated, PAHL will cause RMST to: (a) continue to consent to the *in personam* jurisdiction of this Court for purposes of its ongoing compliance with the Covenants and Conditions; (b) commit to continue to abide by the Covenants and Conditions; (c) commit to providing the Court with copies of all replacement or amended intra-company agreements that pertain to the care, preservation, conservation or curation of the artifacts; (d) commit to promptly advise the Court of any change or alteration to the composition and makeup of RMST's and PAHL's Board of Directors and senior management; (e) commit to promptly advise the Court of any staffing changes to RMST's permanent Collections staff in Atlanta, and senior management at any permanent exhibitions; (f) continue to file Periodic Reports at regular intervals or as directed

by the Court to advise of all material events impacting RMST; (g) commit that it will provide the Court at least 60 days' notice of (i) any action that results in the Titanic Collections no longer being maintained together as an integral whole, and (ii) any action which pledges or otherwise uses in any way any artifacts as security or collateral for any purposes; (h) commit to provide the Court advanced notice of any of its planned expeditions to the *Titanic* wreck site; and (i) notwithstanding anything in the APA to the contrary, not amend the APA in any manner contrary to these confirmations.

As further set forth in the Li Declaration, PAHL (i) acknowledges that it is on notice of the Covenants and Conditions and intends for RMST to continue to operate in conformance with them, (ii) submits to the *in personam* jurisdiction of this Court for purposes of RMST's (or PAHL's, to the extent it ever owns the STAC) ongoing compliance with the Covenants and Conditions and the obligations set forth in the preceding paragraph of this Declaration, and (iii) confirms that notwithstanding anything in the APA to the contrary, it shall not amend the APA in any manner contrary to the confirmations set forth in the preceding paragraph.

Based on the foregoing confirmations, and as invited by this Court, PAHL seeks to intervene in this action with respect to the proceedings related to the Sale Motion.

## **Argument**

To intervene as of right pursuant to Fed. R. Civ. P. 24(a)(2), PAHL must show that: (1) its motion is timely; (2) the party must have a recognized interest in the subject matter of the litigation; (3) disposition of the action may impair or impede the movant's ability to protect its interest; and (4) the interest must not be adequately protected by the existing parties. *Houston General Ins. Co. v. Moore*, 193 F.3d 838, 839 (4th Cir. 1999).

A. **PAHL's Motion to Intervene Is Timely.**

Whether a motion to intervene is timely is a "cardinal" consideration under Rule 24 and is committed to the discretion of the trial court. *Id.* at 839. In determining timeliness, the court should review how far the suit has progressed, the prejudice which delay might cause other parties, and any reasons for any tardiness in moving to intervene. *Gould v. Alleco, Inc.*, 883 F.2d 281, 286 (4th Cir. 1989), *cert. denied*, 493 U.S. 1058 (1990). Here, the Bankruptcy Court approved the Sale on October 18, 2018, and RMST came before this Court for a hearing on October 25, 2018, seeking this Court's approval of the Sale. At the October 25, 2018 hearing, this Court specifically invited PAHL to intervene. PAHL then filed this motion on October 31, 2018. Thus, PAHL respectfully submits that this motion to intervene is timely.

B. **PAHL Has a Direct and Substantial Interest in the Res.**

A potential intervenor must demonstrate a "direct, substantial and legally protectable" interest in the property or transaction that is the subject of the suit. *See, generally, New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir.), *cert. denied*, 469 U.S. 1019 (1984). Here, PAHL is the prospective purchaser under the APA. Therefore, it has a direct and substantial interest in the proceedings related to the Sale Motion. Moreover, if the Sale is approved by this Court, PAHL will own 100% of the stock of RMST, which, in turn, is the Trustee of the STAC. Therefore, it also has a substantial interest in the res that is the subject of this admiralty action. Thus, permitting PAHL to intervene is appropriate pursuant to Rule 24(a)(2).

C. **Potential Impairment of PAHL's Interest in the Litigation Absent Intervention, and Adequate Protection by the Parties.**

Although PAHL's interests in this admiralty action are not impaired and are adequately protected by RMST, which is pursuing the Sale Motion and approval of the Sale, at this Court's

invitation, PAHL respectfully requests that it be permitted to appear for purposes of the Sale Motion and PAHL's commitments with respect to RMST and the Covenants and Conditions.

### D.  In the Alternative, Permissive Intervention Is Also Appropriate.

The Court may also permit PAHL to intervene under Fed. R. Civ. P. 24(b). Rule 24(b) provides that, upon a timely application, anyone may intervene in an action when the applicant has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1)(B). PAHL shares in RMST's desire to obtain approval of the Sale Motion and the Sale. PAHL's intervention will not unduly delay or prejudice the adjudication of the original parties' rights in this case. *See* Fed. R. Civ. P. 24(b)(3). Rather, allowing PAHL to intervene – as requested by this Court – may assist in approval of RMST's Sale Motion and RMST's emergence from bankruptcy. Accordingly, PAHL should be permitted to intervene in this case.

### Conclusion

For the foregoing reasons, the Court should grant PAHL's motion to intervene and grant such further and other relief as the Court may deem just and proper.

Respectfully submitted,

**PREMIER ACQUISITION HOLDINGS LLC**

By Counsel:

      */s/ David G. Barger*
David G. Barger, VSB #21652
*Attorney for Proposed Intervenor Premier Acquisition Holdings LLC*
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-Mail:  Bargerd@gtlaw.com

SEEN AND AGREED:

R.M.S. TITANIC, INC.,
Plaintiff

By:   */s/ Robert W. McFarland*
      Robert W. McFarland, VSB No. 24021
      McGuireWoods LLP
      101 W Main St
      Suite 9000
      Norfolk, VA 23510-1655
      Email: rmcfarland@mcguirewoods.com

      Brian Andrew Wainger, VSB No. 38476
      Kaleo Legal
      4456 Corporation Lane
      Suite 135
      Virginia Beach, VA 23462
      Email: bwainger@kaleolegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2018, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian A. Wainger
**KALEO LEGAL**
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Telephone: (757) 965-6804
Email: bwainger@kaleolegal.com
*Counsel for Plaintiff R.M.S. Titanic, Inc., successor in interest to Titanic Ventures, limited partnership*

Robert W. McFarland
**MCGUIRE WOODS LLP**
101 West Main Street, Suite 9000
Norfolk, VA 23510
Telephone: (757) 640-3700
Email: rmcfarland@mcguirewoods.com
*Counsel for Plaintiff R.M.S. Titanic, Inc., successor in interest to Titanic Ventures, limited partnership*

Kent P. Porter
United States Attorney Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Telephone: (757) 441-6331
Email: kent.porter@usdoj.gov
*Counsel for Amicus United States of America*

      */s/ David G. Barger*
David G. Barger, VSB #21652
Attorney for Proposed Intervenor Premier Acquisition Holdings LLC
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-Mail:  Bargerd@gtlaw.com