# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
        Plaintiff,

v.                                            Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,
        Defendant.

## DECLARATION OF GILBERT LI IN SUPPORT OF PLAINTIFF'S MOTION TO APPROVE ASSET PURCHASE AGREEMENT AND AUTHORIZE THE SALE OF 100% OF RMST'S STOCK TO PREMIER ACQUISITION HOLDINGS LLC AND PREMIER ACQUISITION HOLDINGS LLC'S CONSENT MOTION TO INTERVENE

I, Gilbert Li, declare under penalty of perjury, as follows:

1.    I am a United States citizen and a Principal of Alta Fundamental Advisers LLC, whose principal place of business is located at 777 Third Avenue, Suite 19A, New York, NY 10017.

2.    I am also a duly authorized representative of Premier Acquisition Holdings LLC, a Delaware limited liability company ("PAHL") and the Purchaser under the Asset Purchase Agreement dated as of June 14, 2018, by and among (i) Premier Exhibitions, Inc., a Florida corporation, (ii) Arts and Exhibitions International, LLC, a Florida limited liability company, (iii) Premier Exhibition Management LLC, a Florida limited liability company, (iv) Premier Exhibitions NYC, Inc., a Nevada corporation, (v) Premier Merchandising, LLC, a Delaware limited liability company, (vi) Premier Exhibitions International, LLC, a Delaware limited

FTL 111961089v5

liability company, (vii) Dinosaurs Unearthed Corp., a Delaware corporation; (viii) DinoKing Tech Inc. d/b/a Dinosaurs Unearthed, a company formed under the laws of British Columbia, (ix) RMS Titanic, Inc., a Florida corporation ("RMST"), solely for purposes of Article III, Article V, Article VII and Article VIII of the Asset Purchase Agreement, and PAHL, as amended by Amendment No. 1 to Asset Purchase Agreement dated as of September 14, 2018 (the "APA").

3. I submit this Declaration in support of RMST's Motion to Approve Asset Purchase Agreement and Authorize the Sale of 100% of RMST's Stock to Premier Acquisition Holdings LLC, and Premier Acquisition Holdings LLC's Consent Motion to Intervene.

4. Except as otherwise indicated, all statements in this Declaration are based on my personal knowledge or my review of relevant documents. If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge or review of relevant documents. I am authorized to submit this Declaration on behalf of PAHL.

5. PAHL is a newly-formed Delaware limited liability company, created to consummate the transactions under the APA. PAHL anticipates that its principal place of business will be in Peachtree Corners, Georgia, the current principal place of business of RMST. The members of PAHL are (i) Alta Fundamental Advisers SP LLC, a Delaware limited liability company ("Alta"), (ii) Apollo Credit Strategies Master Fund Ltd., a company organized under the laws of the Cayman Islands ("Apollo"), and (iii) PacBridge Partners I Investment Co. Ltd., a company organized under the law of the British Virgin Islands ("PacBridge"), each of which hold a 1/3 interest in PAHL. Alta and Apollo's respective principal places of business are both located in New York City, and PacBridge's principal place of business is located in Hong Kong.

6. Pursuant to the APA, PAHL will be acquiring 100% of RMST's stock. Upon the closing of the transactions under the APA, I intend to serve on the boards of directors of both PAHL and RMST.

7. If PAHL becomes the corporate parent of RMST, PAHL confirms that it will cause RMST to: (a) continue to consent to the *in personam* jurisdiction of this Court for purposes of its ongoing compliance with the Covenants and Conditions; (b) commit to continue to abide by the Covenants and Conditions; (c) commit to providing the Court with copies of all replacement or amended intra-company agreements that pertain to the care, preservation, conservation or curation of the artifacts; (d) commit to promptly advise the Court of any change or alteration to the composition and makeup of RMST's and PAHL's Board of Directors and senior management; (e) commit to promptly advise the Court of any staffing changes to RMST's permanent Collections staff in Atlanta, and senior management at any permanent exhibitions; (f) continue to file Periodic Reports at regular intervals or as directed by the Court to advise of all material events impacting RMST; (g) commit that it will provide the Court at least 60 days' notice of (i) any action that results in the Titanic Collections no longer being maintained together as an integral whole, and (ii) any action which pledges or otherwise uses in any way any artifacts as security or collateral for any purposes; (h) commit to provide the Court advanced notice of any of its planned expeditions to the *Titanic* wreck site; and (i) notwithstanding anything in the APA to the contrary, not amend the APA in any manner contrary to these confirmations.

8. PAHL further (i) acknowledges that it is on notice of the Covenants and Conditions and intends for RMST to continue to operate in conformance with them, (ii) submits to the *in personam* jurisdiction of this Court for purposes of RMST's (or PAHL's, to the extent it ever owns the STAC) ongoing compliance with the Covenants and Conditions and the obligations set forth in the preceding paragraph of this Declaration, and (iii) confirms that notwithstanding anything in the APA to the contrary, it shall not amend the APA in any manner contrary to the confirmations set forth in the preceding paragraph of this Declaration.

I declare under penalty of perjury pursuant to 28 U.S.C. Section 1746 that to the best of my knowledge and belief, the foregoing is true and correct. Executed on October 31, 2018.

_____
Gilbert Li