# EXHIBIT E

*Execution Version*

September 14, 2018

Premier Acquisition Holdings LLC
c/o Alta Fundamental Advisers SP LLC
777 Third Avenue 19A
New York, New York 10017

c/o Apollo Credit Strategies Master Fund Ltd.
c/o Apollo Capital Management, L.P.
9 West 57th Street
New York, New York 10019

c/o PacBridge Partners I Investment Co. Ltd.
Unit 1401, 14th Floor,
The Chinese Bank Building,
61-65 Des Voeux Road,
Central Hong Kong

Re:  Equity Commitment

Ladies and Gentlemen:

This amended and restated letter agreement sets forth the commitment of Alta Fundamental Advisers SP LLC (the "Investor"), subject to the terms and conditions contained herein, to contribute certain funds to Premier Acquisition Holdings LLC, a Delaware limited liability company (the "Company"), and to receive certain equity interests in the Company in consideration for its contribution.  It is contemplated that, pursuant to that certain Asset Purchase Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), dated as of June 14, 2018, by and among (i) Premier Exhibitions, Inc., a Florida corporation, (ii) Arts and Exhibitions International, LLC, a Florida limited liability company, (iii) Premier Exhibition Management LLC, a Florida limited liability company, (iv) Premier Exhibitions NYC, Inc., a Nevada Corporation, (v) Premier Merchandising, LLC, a Delaware limited liability company, (vi) Premier Exhibitions International, LLC, a Delaware limited liability company, (vii) Dinosaurs Unearthed Corp., a Delaware Corporation, (viii) DinoKing Tech Inc. d/b/a Dinosaurs Unearthed, a company formed under the laws of British Columbia (each, a "Seller" and together, the "Sellers"), and (ix) RMS Titanic, Inc., a Florida corporation, solely for purposes of Article III, Article V, Article VII and Article VIII of the Agreement, and the Company, the Company will purchase from Sellers the Transferred Assets for the Purchase Price.  Each capitalized term used and not defined herein shall have the meaning ascribed thereto in the Agreement.

1.    Commitment.  The Investor hereby commits, subject to the terms and conditions set forth herein, at or prior to the Closing, to contribute, directly or indirectly through

one or more intermediate entities, to the Company up to $6,000,000 (the "Commitment"), in consideration of the Investor's receipt of equity interests in the Company equal to $33^{1/3}\%$ of the total issued and outstanding equity interests in the Company; provided that the amount of the Commitment to be funded under this amended and restated letter agreement will be reduced, on a dollar for dollar basis, to the extent that the full amount of such Commitment is not necessary to purchase the Transferred Assets or pay the DinoKing Insolvency Proceeding Cost pursuant to and in accordance with the Agreement; provided, further, that the amount of the Commitment to be funded under this amended and restated letter agreement will be increased, on a dollar for dollar basis, to the extent any additional amount is required as a result of any upward adjustment to the Purchase Price payable on the Closing Date pursuant to the terms of the Agreement. Notwithstanding any other provision of this amended and restated letter agreement, the Investor shall not, under any circumstances, be obligated to contribute to, purchase equity or debt of or otherwise provide funds to the Company in any amount in excess of the Commitment.

2.      Conditions.  The obligation of the Investor to fund the Commitment at Closing shall be subject to (i) the terms and conditions of this amended and restated letter agreement, (ii) the execution and delivery of the Agreement by the Sellers and the Company, (iii) the satisfaction or waiver of each of the conditions to effect the Closing set forth in Sections 6.1 and 6.3 of the Agreement (in each case, other than any conditions that by their nature are to be satisfied at the Closing, but subject to the prior or substantially concurrent satisfaction or waiver of such conditions), and (iv) the substantially simultaneous consummation of the transactions contemplated by the Agreement in accordance with the terms thereof.

3.      Parties in Interest; Third Party Beneficiaries; No Recourse.  The parties hereto hereby agree that their respective agreements and obligations set forth herein are solely for the benefit of the other parties hereto and their respective successors and permitted assigns, in accordance with and subject to the terms of this amended and restated letter agreement, and this amended and restated letter agreement is not intended to, and does not, confer upon any Person other than the parties hereto and their respective successors and permitted assigns any benefits, rights or remedies under or by reason of, or any rights to enforce or cause the Company to enforce, the obligations set forth herein; provided that Premier, on behalf of the Sellers, is an intended third party beneficiary of this amended and restated letter agreement having the rights to enforce the terms hereof in accordance with Section 4.  All claims or causes of action (whether in contract or tort) that may be based upon, arise out of or relate to this amended and restated letter agreement, or the negotiation, execution or performance of this amended and restated letter agreement, may be made only against the Investor (up to the amount of the Commitment, and subject to the limitations described herein); and, notwithstanding anything that may be expressed or implied in this amended and restated letter agreement, the Agreement and any other agreement or instrument delivered in connection with this amended and restated letter agreement, other than the Investor, no former, current or future equity holders, controlling persons, directors, officers, employees, agents, general or limited partners, managers, management companies, members, stockholders, Affiliates or assignees of the Investor, the Company or any Affiliate thereof (including any Person negotiating or executing this amended and restated letter agreement on behalf of the Investor) or any and all former, current or future

2

equity holders, controlling persons, directors, officers, employees, agents, general or limited partners, managers, management companies, members, stockholders, Affiliates or assignees of any of the foregoing, and any and all former, current or future estates, heirs, executors, administrators, trustees, successors or assigns of any of the foregoing (each, an "Affiliated Party"), shall have any liability or obligation with respect to this amended and restated letter agreement or with respect to any claim or cause of action (whether in contract, tort at law, in equity or otherwise) that may arise out of or relate to the Agreement, this amended and restated letter agreement, the consummation of the respective transactions contemplated hereby or thereby or the negotiation, execution or performance of the Agreement or this amended and restated letter agreement (including a representation or warranty made in or in connection with this amended and restated letter agreement or as an inducement to enter into this amended and restated letter agreement).

4.     Enforceability.  This amended and restated letter agreement may be enforced only by (a) the Company upon the direction the equityholders of the Company holding a majority of the outstanding equity interests in the Company or (b) Premier to the extent of its rights against the Company pursuant to the Agreement.  None of the Company's creditors or Sellers' creditors, equityholders or statutory committees appointed in the Sellers' chapter 11 cases shall have any right to enforce this amended and restated letter agreement or to cause the Company to enforce this amended and restated letter agreement.

5.     No Modification; Entire Agreement.  This amended and restated letter agreement may not be amended or otherwise modified without the prior written consent of the Company and the Investor.  This amended and restated letter agreement, together with the Agreement, constitutes the entire agreement among the parties hereto or thereto with respect to the subject matter hereof and supersedes all prior contracts or agreements with respect to the subject matter hereof and the matters addressed or governed hereby or in the Agreement, whether oral or written.  This amended and restated letter agreement supersedes the letter agreement dated as of June 14, 2018 that was previously executed by the parties hereto.

6.     Governing Law; Jurisdiction; Venue; Waiver of Jury Trial.

(a)     All issues and questions concerning the construction, validity, interpretation and enforceability of this amended and restated letter agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.  Except as otherwise expressly provided herein, any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this amended and restated letter agreement or the transactions contemplated hereby shall be brought in the United States District Court for the Southern District of New York or any New York state court sitting in New York County, New York, and each of the parties hereby consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably

waives, to the fullest extent permitted by Law, any objection which it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which is brought in any such court has been brought in an inconvenient form.  Process in any such suit, action or proceeding may be served on any party anywhere in the world, whether within or without the jurisdiction of any such court.

(b)     EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AMENDED AND RESTATED LETTER AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

7.     Counterparts.  This amended and restated letter agreement may be executed in any number of counterparts (including by facsimile or by PDF delivered via email), each such counterpart when executed being deemed to be an original instrument, and all such counterparts shall together constitute one and the same agreement.

8.     Termination.  The obligation of the Investor under or in connection with this amended and restated letter agreement will terminate automatically and immediately upon the earliest to occur of (a) the Closing and (b) the termination of the Agreement pursuant to Article VII thereof.  In the event of termination of the Agreement, the Company shall pay to the Investor an amount equal to one third of any amount received by the Company for the Break-Up Fee and/or Expense Reimbursement or for any other damages to which the Company is entitled in accordance with the terms of the Agreement.  Subject to the foregoing payment obligations of the Company, upon and following any termination of this amended and restated letter agreement, this amended and restated letter agreement shall have no further force or effect, and the Investor shall not have any liability hereunder.

9.     No Assignment.  The Commitment evidenced by this amended and restated letter agreement shall not be assignable, in whole or in part, by the Company without the Investor's prior written consent or by the Investor without the Company's prior written consent, and the granting of such consent in a given instance shall be solely in the discretion of the Investor or the Company (as applicable) and, if granted, shall not constitute a waiver of this requirement as to any subsequent assignment; provided that the Investor may assign all or a portion of its Commitment to an Affiliate or to any funds or accounts managed by such Investor or any of its Affiliates; provided, further, that the Investor shall remain liable for all of its obligations hereunder in the event of any such assignment.  Any purported assignment of this amended and restated letter agreement or the Commitment in contravention of this Section 9 shall be void.

10.     Representations and Warranties.  The Investor hereby represents and warrants to the Company that (a) it has all limited liability company power and authority to execute, deliver and perform this amended and restated letter agreement, (b) the execution, delivery and performance of this amended and restated letter agreement by it has been duly and validly authorized and approved by all necessary limited liability company action by it, (c) this amended and restated letter agreement has been duly and validly executed and delivered by it and

4

constitutes a valid and legally binding obligation of it, enforceable against it in accordance with the terms of this amended and restated letter agreement, subject to the effect of any applicable bankruptcy, reorganization, insolvency, moratorium or similar Laws affecting creditors' rights generally and subject, as to enforceability, to the effect of general principles of equity, (d) it has uncalled capital commitments or otherwise has available funds in excess of the Commitment hereunder plus the aggregate amount of all other commitments and obligations it currently has outstanding and (e) except as would not reasonably be expected to impair or delay the Investor's performance of the Commitment obligations hereunder in any material respect, the execution, delivery and performance by it of this amended and restated letter agreement do not (i) violate its organizational documents, (ii) violate any applicable Law or judgment or (iii) result in any violation of, or default (with or without notice or lapse of time, or both) under, or give rise to a right of termination, cancellation or acceleration of any obligation or to the loss of any benefit under, any contract to which it is a party.

      11.    <u>Severability</u>.  If any term, condition or other provision of this amended and restated letter agreement is determined by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of Law or public policy, all other terms, provisions and conditions of this amended and restated letter agreement shall nevertheless remain in full force and effect.  Upon such determination that any term or other provision hereof is invalid, illegal or incapable of being enforced, (a) a suitable and equitable term or provision determined by a court of competent jurisdiction shall be substituted therefor in order to carry out, so far as may be valid, legal and enforceable under applicable Law, the intent and purpose of such invalid, illegal or unenforceable term or provision and (b) the remainder of this amended and restated letter agreement and the application of such terms and other provision to other Persons or circumstances shall not be affected by such invalidity, illegality or unenforceability, nor shall such invalidity, illegality or unenforceability affect the validity, legality or enforceability of such term or provision, or the application of such term or provision, in any other jurisdiction.

*[remainder of the page intentionally left blank – signature page follows]*

5

Sincerely,

**Alta Fundamental Advisers SP LLC**

By:_____

Name: Gilbert Li

Title: Managing Partner

*Signature Page to Equity Commitment Letter*

Agreed to and accepted:

**PREMIER ACQUISITION HOLDINGS LLC**

By: _____
Name: Gilbert Li
Title: Authorized Person

*Execution Version*

September 14, 2018

Premier Acquisition Holdings LLC
c/o Apollo Credit Strategies Master Fund Ltd.
c/o Apollo Capital Management, L.P.
9 West 57th Street
New York, New York 10019

c/o PacBridge Partners I Investment Co. Ltd.
Unit 1401, 14th Floor,
The Chinese Bank Building,
61-65 Des Voeux Road,
Central Hong Kong

c/o Alta Fundamental Advisers SP LLC
777 Third Avenue 19A
New York, New York 10017

Re:  Equity Commitment

Ladies and Gentlemen:

This amended and restated letter agreement sets forth the commitment of Apollo Credit Strategies Master Fund Ltd. (the "Investor"), subject to the terms and conditions contained herein, to contribute certain funds to Premier Acquisition Holdings LLC, a Delaware limited liability company (the "Company"), and to receive certain equity interests in the Company in consideration for its contribution.  It is contemplated that, pursuant to that certain Asset Purchase Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "Agreement"), dated as of June 14, 2018, by and among (i) Premier Exhibitions, Inc., a Florida corporation, (ii) Arts and Exhibitions International, LLC, a Florida limited liability company, (iii) Premier Exhibition Management LLC, a Florida limited liability company, (iv) Premier Exhibitions NYC, Inc., a Nevada Corporation, (v) Premier Merchandising, LLC, a Delaware limited liability company, (vi) Premier Exhibitions International, LLC, a Delaware limited liability company, (vii) Dinosaurs Unearthed Corp., a Delaware Corporation, (viii) DinoKing Tech Inc. d/b/a Dinosaurs Unearthed, a company formed under the laws of British Columbia (each, a "Seller" and together, the "Sellers"), and (ix) RMS Titanic, Inc., a Florida corporation, solely for purposes of Article III, Article V, Article VII and Article VIII of the Agreement, and the Company, the Company will purchase from Sellers the Transferred Assets for the Purchase Price  Each capitalized term used and not defined herein shall have the meaning ascribed thereto in the Agreement.

1.    Commitment.   The Investor hereby commits, subject to the terms and conditions set forth herein, at or prior to the Closing, to contribute, directly or indirectly through

one or more intermediate entities, to the Company up to $6,000,000 (the "Commitment"), in consideration of the Investor's receipt of equity interests in the Company equal to $33^{1/3}\%$ of the total issued and outstanding equity interests in the Company; provided that the amount of the Commitment to be funded under this amended and restated letter agreement will be reduced, on a dollar for dollar basis, to the extent that the full amount of such Commitment is not necessary to purchase the Transferred Assets or pay the DinoKing Insolvency Proceeding Cost pursuant to and in accordance with the Agreement; provided, further, that the amount of the Commitment to be funded under this amended and restated letter agreement will be increased, on a dollar for dollar basis, to the extent any additional amount is required as a result of any upward adjustment to the Purchase Price payable on the Closing Date pursuant to the terms of the Agreement. Notwithstanding any other provision of this amended and restated letter agreement, the Investor shall not, under any circumstances, be obligated to contribute to, purchase equity or debt of or otherwise provide funds to the Company in any amount in excess of the Commitment.

2.     Conditions.  The obligation of the Investor to fund the Commitment at Closing shall be subject to (i) the terms and conditions of this amended and restated letter agreement, (ii) the execution and delivery of the Agreement by the Sellers and the Company, (iii) the satisfaction or waiver of each of the conditions to effect the Closing set forth in Sections 6.1 and 6.3 of the Agreement (in each case, other than any conditions that by their nature are to be satisfied at the Closing, but subject to the prior or substantially concurrent satisfaction or waiver of such conditions), and (iv) the substantially simultaneous consummation of the transactions contemplated by the Agreement in accordance with the terms thereof.

3.     Parties in Interest; Third Party Beneficiaries; No Recourse.  The parties hereto hereby agree that their respective agreements and obligations set forth herein are solely for the benefit of the other parties hereto and their respective successors and permitted assigns, in accordance with and subject to the terms of this amended and restated letter agreement, and this amended and restated letter agreement is not intended to, and does not, confer upon any Person other than the parties hereto and their respective successors and permitted assigns any benefits, rights or remedies under or by reason of, or any rights to enforce or cause the Company to enforce, the obligations set forth herein; provided that Premier, on behalf of the Sellers, is an intended third party beneficiary of this amended and restated letter agreement having the rights to enforce the terms hereof in accordance with Section 4.  All claims or causes of action (whether in contract or tort) that may be based upon, arise out of or relate to this amended and restated letter agreement, or the negotiation, execution or performance of this amended and restated letter agreement, may be made only against the Investor (up to the amount of the Commitment, and subject to the limitations described herein); and, notwithstanding anything that may be expressed or implied in this amended and restated letter agreement, the Agreement and any other agreement or instrument delivered in connection with this amended and restated letter agreement, other than the Investor, no former, current or future equity holders, controlling persons, directors, officers, employees, agents, general or limited partners, managers, management companies, members, stockholders, Affiliates or assignees of the Investor, the Company or any Affiliate thereof (including any Person negotiating or executing this amended and restated letter agreement on behalf of the Investor) or any and all former, current or future

2

equity holders, controlling persons, directors, officers, employees, agents, general or limited partners, managers, management companies, members, stockholders, Affiliates or assignees of any of the foregoing, and any and all former, current or future estates, heirs, executors, administrators, trustees, successors or assigns of any of the foregoing (each, an "Affiliated Party"), shall have any liability or obligation with respect to this amended and restated letter agreement or with respect to any claim or cause of action (whether in contract, tort at law, in equity or otherwise) that may arise out of or relate to the Agreement, this amended and restated letter agreement, the consummation of the respective transactions contemplated hereby or thereby or the negotiation, execution or performance of the Agreement or this amended and restated letter agreement (including a representation or warranty made in or in connection with this amended and restated letter agreement or as an inducement to enter into this amended and restated letter agreement).

4.      Enforceability.  This amended and restated letter agreement may be enforced only by (a) the Company upon the direction the equityholders of the Company holding a majority of the outstanding equity interests in the Company or (b) Premier to the extent of its rights against the Company pursuant to the Agreement.  None of the Company's creditors or Sellers' creditors, equityholders or statutory committees appointed in the Sellers' chapter 11 cases shall have any right to enforce this amended and restated letter agreement or to cause the Company to enforce this amended and restated letter agreement.

5.      No Modification; Entire Agreement.  This amended and restated letter agreement may not be amended or otherwise modified without the prior written consent of the Company and the Investor.  This amended and restated letter agreement, together with the Agreement, constitutes the entire agreement among the parties hereto or thereto with respect to the subject matter hereof and supersedes all prior contracts or agreements with respect to the subject matter hereof and the matters addressed or governed hereby or in the Agreement, whether oral or written.  This amended and restated letter agreement supersedes the letter agreement dated as of June 14, 2018 that was previously executed by the parties hereto.

6.      Governing Law; Jurisdiction; Venue; Waiver of Jury Trial.

(a)      All issues and questions concerning the construction, validity, interpretation and enforceability of this amended and restated letter agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.  Except as otherwise expressly provided herein, any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this amended and restated letter agreement or the transactions contemplated hereby shall be brought in the United States District Court for the Southern District of New York or any New York state court sitting in New York County, New York, and each of the parties hereby consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably

3

#5782132.2

waives, to the fullest extent permitted by Law, any objection which it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which is brought in any such court has been brought in an inconvenient form.  Process in any such suit, action or proceeding may be served on any party anywhere in the world, whether within or without the jurisdiction of any such court.

(b)     EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AMENDED AND RESTATED LETTER AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

7.     Counterparts.  This amended and restated letter agreement may be executed in any number of counterparts (including by facsimile or by PDF delivered via email), each such counterpart when executed being deemed to be an original instrument, and all such counterparts shall together constitute one and the same agreement.

8.     Termination.  The obligation of the Investor under or in connection with this amended and restated letter agreement will terminate automatically and immediately upon the earliest to occur of (a) the Closing and (b) the termination of the Agreement pursuant to Article VII thereof.  In the event of termination of the Agreement, the Company shall pay to the Investor an amount equal to one third of any amount received by the Company for the Break-Up Fee and/or Expense Reimbursement or for any other damages to which the Company is entitled in accordance with the terms of the Agreement.  Subject to the foregoing payment obligations of the Company, upon and following any termination of this amended and restated letter agreement, this amended and restated letter agreement shall have no further force or effect, and the Investor shall not have any liability hereunder.

9.     No Assignment.  The Commitment evidenced by this amended and restated letter agreement shall not be assignable, in whole or in part, by the Company without the Investor's prior written consent or by the Investor without the Company's prior written consent, and the granting of such consent in a given instance shall be solely in the discretion of the Investor or the Company (as applicable) and, if granted, shall not constitute a waiver of this requirement as to any subsequent assignment; provided that the Investor may assign all or a portion of its Commitment to an Affiliate or to any funds or accounts managed by such Investor or any of its Affiliates; provided, further, that the Investor shall remain liable for all of its obligations hereunder in the event of any such assignment.  Any purported assignment of this amended and restated letter agreement or the Commitment in contravention of this Section 9 shall be void.

10.     Representations and Warranties.  The Investor hereby represents and warrants to the Company that (a) it has full power and authority to execute, deliver and perform this amended and restated letter agreement, (b) the execution, delivery and performance of this amended and restated letter agreement by it has been duly and validly authorized and approved by all necessary action by it, (c) this amended and restated letter agreement has been duly and validly executed and delivered by it and constitutes a valid and legally binding obligation of it,

4

enforceable against it in accordance with the terms of this amended and restated letter agreement, subject to the effect of any applicable bankruptcy, reorganization, insolvency, moratorium or similar Laws affecting creditors' rights generally and subject, as to enforceability, to the effect of general principles of equity, (d) it has uncalled capital commitments or otherwise has available funds in excess of the Commitment hereunder plus the aggregate amount of all other commitments and obligations it currently has outstanding and (e) except as would not reasonably be expected to impair or delay the Investor's performance of the Commitment obligations hereunder in any material respect, the execution, delivery and performance by it of this amended and restated letter agreement do not (i) violate its organizational documents, (ii) violate any applicable Law or judgment or (iii) result in any violation of, or default (with or without notice or lapse of time, or both) under, or give rise to a right of termination, cancellation or acceleration of any obligation or to the loss of any benefit under, any contract to which it is a party.

11.   <u>Severability</u>.  If any term, condition or other provision of this amended and restated letter agreement is determined by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of Law or public policy, all other terms, provisions and conditions of this amended and restated letter agreement shall nevertheless remain in full force and effect.  Upon such determination that any term or other provision hereof is invalid, illegal or incapable of being enforced, (a) a suitable and equitable term or provision determined by a court of competent jurisdiction shall be substituted therefor in order to carry out, so far as may be valid, legal and enforceable under applicable Law, the intent and purpose of such invalid, illegal or unenforceable term or provision and (b) the remainder of this amended and restated letter agreement and the application of such terms and other provision to other Persons or circumstances shall not be affected by such invalidity, illegality or unenforceability, nor shall such invalidity, illegality or unenforceability affect the validity, legality or enforceability of such term or provision, or the application of such term or provision, in any other jurisdiction.

*[remainder of the page intentionally left blank – signature page follows]*

5

*#5782132.2*

Sincerely,

**Apollo Credit Strategies Master Fund Ltd.**
By: Apollo ST Fund Management LLC, its investment manager

By: _____
Name: Joseph D. Glatt
Title: Vice President

*Signature Page to Equity Commitment Letter*

Agreed to and accepted:

**PREMIER ACQUISITION HOLDINGS LLC**

By: _____
Name: Gilbert Li
Title: Authorized Person

*Execution Version*

September 14, 2018


Premier Acquisition Holdings LLC
c/o PacBridge Partners I Investment Co. Ltd.
Unit 1401, 14th Floor,
The Chinese Bank Building,
61-65 Des Voeux Road,
Central Hong Kong

c/o Alta Fundamental Advisers SP LLC
777 Third Avenue 19A
New York, New York 10017

c/o Apollo Credit Strategies Master Fund Ltd.
c/o Apollo Capital Management, L.P.
9 West 57th Street
New York, New York 10019

Re:  <u>Equity Commitment</u>

Ladies and Gentlemen:

This amended and restated letter agreement sets forth the commitment of PacBridge Partners I Investment Co. Ltd. (the "<u>Investor</u>"), subject to the terms and conditions contained herein, to contribute certain funds to Premier Acquisition Holdings LLC, a Delaware limited liability company (the "<u>Company</u>"), and to receive certain equity interests in the Company in consideration for its contribution.  It is contemplated that, pursuant to that certain Asset Purchase Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "<u>Agreement</u>"), dated as of June 14, 2018, by and among (i) Premier Exhibitions, Inc., a Florida corporation, (ii) Arts and Exhibitions International, LLC, a Florida limited liability company, (iii) Premier Exhibition Management LLC, a Florida limited liability company, (iv) Premier Exhibitions NYC, Inc., a Nevada Corporation, (v) Premier Merchandising, LLC, a Delaware limited liability company, (vi) Premier Exhibitions International, LLC, a Delaware limited liability company, (vii) Dinosaurs Unearthed Corp., a Delaware Corporation, (viii) DinoKing Tech Inc. d/b/a Dinosaurs Unearthed, a company formed under the laws of British Columbia (each, a "<u>Seller</u>" and together, the "<u>Sellers</u>"), and (ix) RMS Titanic, Inc., a Florida corporation, solely for purposes of Article III, Article V, Article VII and Article VIII of the Agreement, and the Company, the Company will purchase from Sellers the Transferred Assets for the Purchase Price.  Each capitalized term used and not defined herein shall have the meaning ascribed thereto in the Agreement.

1.    <u>Commitment</u>.   The Investor hereby commits, subject to the terms and conditions set forth herein, at or prior to the Closing, to contribute, directly or indirectly through one or more intermediate entities, to the Company up to $6,000,000 (the "<u>Commitment</u>"), in consideration of the Investor's receipt of equity interests in the Company equal to $33^{1/3}\%$ of the total issued and outstanding equity interests in the Company; <u>provided</u> that the amount of the Commitment to be funded under this amended and restated letter agreement will be reduced, on a dollar for dollar basis, to the extent that the full amount of such Commitment is not necessary to purchase the Transferred Assets or pay the DinoKing Insolvency Proceeding Cost pursuant to and in accordance with the Agreement; <u>provided</u>, <u>further</u>, that the amount of the Commitment to be funded under this amended and restated letter agreement will be increased, on a dollar for dollar basis, to the extent any additional amount is required as a result of any upward adjustment to the Purchase Price payable on the Closing Date pursuant to the terms of the Agreement. Notwithstanding any other provision of this amended and restated letter agreement, the Investor shall not, under any circumstances, be obligated to contribute to, purchase equity or debt of or otherwise provide funds to the Company in any amount in excess of the Commitment.

2.    <u>Conditions</u>.   The obligation of the Investor to fund the Commitment at Closing shall be subject to (i) the terms and conditions of this amended and restated letter agreement, (ii) the execution and delivery of the Agreement by the Sellers and the Company, (iii) the satisfaction or waiver of each of the conditions to effect the Closing set forth in Sections 6.1 and 6.3 of the Agreement (in each case, other than any conditions that by their nature are to be satisfied at the Closing, but subject to the prior or substantially concurrent satisfaction or waiver of such conditions), and (iv) the substantially simultaneous consummation of the transactions contemplated by the Agreement in accordance with the terms thereof.

3.    <u>Parties in Interest; Third Party Beneficiaries; No Recourse</u>.   The parties hereto hereby agree that their respective agreements and obligations set forth herein are solely for the benefit of the other parties hereto and their respective successors and permitted assigns, in accordance with and subject to the terms of this amended and restated letter agreement, and this amended and restated letter agreement is not intended to, and does not, confer upon any Person other than the parties hereto and their respective successors and permitted assigns any benefits, rights or remedies under or by reason of, or any rights to enforce or cause the Company to enforce, the obligations set forth herein; <u>provided</u> that Premier, on behalf of the Sellers, is an intended third party beneficiary of this amended and restated letter agreement having the rights to enforce the terms hereof in accordance with <u>Section 4</u>.  All claims or causes of action (whether in contract or tort) that may be based upon, arise out of or relate to this amended and restated letter agreement, or the negotiation, execution or performance of this amended and restated letter agreement, may be made only against the Investor (up to the amount of the Commitment, and subject to the limitations described herein); and, notwithstanding anything that may be expressed or implied in this amended and restated letter agreement, the Agreement and any other agreement or instrument delivered in connection with this amended and restated letter agreement, other than the Investor, no former, current or future equity holders, controlling persons, directors, officers, employees, agents, general or limited partners, managers, management companies, members, stockholders, Affiliates or assignees of the Investor, the

2

Company or any Affiliate thereof (including any Person negotiating or executing this amended and restated letter agreement on behalf of the Investor) or any and all former, current or future equity holders, controlling persons, directors, officers, employees, agents, general or limited partners, managers, management companies, members, stockholders, Affiliates or assignees of any of the foregoing, and any and all former, current or future estates, heirs, executors, administrators, trustees, successors or assigns of any of the foregoing (each, an "Affiliated Party"), shall have any liability or obligation with respect to this amended and restated letter agreement or with respect to any claim or cause of action (whether in contract, tort at law, in equity or otherwise) that may arise out of or relate to the Agreement, this amended and restated letter agreement, the consummation of the respective transactions contemplated hereby or thereby or the negotiation, execution or performance of the Agreement or this amended and restated letter agreement (including a representation or warranty made in or in connection with this amended and restated letter agreement or as an inducement to enter into this amended and restated letter agreement).

4.      Enforceability.  This amended and restated letter agreement may be enforced only by (a) the Company upon the direction the equityholders of the Company holding a majority of the outstanding equity interests in the Company or (b) Premier to the extent of its rights against the Company pursuant to the Agreement.  None of the Company's creditors or Sellers' creditors, equityholders or statutory committees appointed in the Sellers' chapter 11 cases shall have any right to enforce this amended and restated letter agreement or to cause the Company to enforce this amended and restated letter agreement.

5.      No Modification; Entire Agreement.  This amended and restated letter agreement may not be amended or otherwise modified without the prior written consent of the Company and the Investor.  This amended and restated letter agreement, together with the Agreement, constitutes the entire agreement among the parties hereto or thereto with respect to the subject matter hereof and supersedes all prior contracts or agreements with respect to the subject matter hereof and the matters addressed or governed hereby or in the Agreement, whether oral or written.  This amended and restated letter agreement supersedes the letter agreement dated as of June 14, 2018 that was previously executed by the parties hereto.

6.      Governing Law; Jurisdiction; Venue; Waiver of Jury Trial.

(a)      All issues and questions concerning the construction, validity, interpretation and enforceability of this amended and restated letter agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law or conflict of law rules or provisions (whether of the State of New York or any other jurisdiction) that would cause the application of the laws of any jurisdiction other than the State of New York.  Except as otherwise expressly provided herein, any suit, action or proceeding seeking to enforce any provision of, or based on any matter arising out of or in connection with, this amended and restated letter agreement or the transactions contemplated hereby shall be brought in the United States District Court for the Southern District of New York or any New York state court sitting in New York County, New

3

York, and each of the parties hereby consents to the jurisdiction of such courts (and of the appropriate appellate courts therefrom) in any such suit, action or proceeding and irrevocably waives, to the fullest extent permitted by Law, any objection which it may now or hereafter have to the laying of the venue of any such suit, action or proceeding in any such court or that any such suit, action or proceeding which is brought in any such court has been brought in an inconvenient form.  Process in any such suit, action or proceeding may be served on any party anywhere in the world, whether within or without the jurisdiction of any such court.

(b)     EACH OF THE PARTIES HERETO HEREBY IRREVOCABLY WAIVES ANY AND ALL RIGHT TO TRIAL BY JURY IN ANY LEGAL PROCEEDING ARISING OUT OF OR RELATED TO THIS AMENDED AND RESTATED LETTER AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREBY.

7.     Counterparts.  This amended and restated letter agreement may be executed in any number of counterparts (including by facsimile or by PDF delivered via email), each such counterpart when executed being deemed to be an original instrument, and all such counterparts shall together constitute one and the same agreement.

8.     Termination.  The obligation of the Investor under or in connection with this amended and restated letter agreement will terminate automatically and immediately upon the earliest to occur of (a) the Closing and (b) the termination of the Agreement pursuant to Article VII thereof.  In the event of termination of the Agreement, the Company shall pay to the Investor an amount equal to one third of any amount received by the Company for the Break-Up Fee and/or Expense Reimbursement or for any other damages to which the Company is entitled in accordance with the terms of the Agreement.  Subject to the foregoing payment obligations of the Company, upon and following any termination of this amended and restated letter agreement, this amended and restated letter agreement shall have no further force or effect, and the Investor shall not have any liability hereunder.

9.     No Assignment.  The Commitment evidenced by this amended and restated letter agreement shall not be assignable, in whole or in part, by the Company without the Investor's prior written consent or by the Investor without the Company's prior written consent, and the granting of such consent in a given instance shall be solely in the discretion of the Investor or the Company (as applicable) and, if granted, shall not constitute a waiver of this requirement as to any subsequent assignment; provided that the Investor may assign all or a portion of its Commitment to an Affiliate or to any funds or accounts managed by such Investor or any of its Affiliates; provided, further, that the Investor shall remain liable for all of its obligations hereunder in the event of any such assignment.  Any purported assignment of this amended and restated letter agreement or the Commitment in contravention of this Section 9 shall be void.

10.     Representations and Warranties.  The Investor hereby represents and warrants to the Company that (a) it has all business company power and authority to execute, deliver and perform this amended and restated letter agreement, (b) the execution, delivery and performance of this amended and restated letter agreement by it has been duly and validly authorized and

4

approved by all necessary business company action by it, (c) this amended and restated letter agreement has been duly and validly executed and delivered by it and constitutes a valid and legally binding obligation of it, enforceable against it in accordance with the terms of this amended and restated letter agreement, subject to the effect of any applicable bankruptcy, reorganization, insolvency, moratorium or similar Laws affecting creditors' rights generally and subject, as to enforceability, to the effect of general principles of equity, (d) it has uncalled capital commitments or otherwise has available funds in excess of the Commitment hereunder plus the aggregate amount of all other commitments and obligations it currently has outstanding and (e) except as would not reasonably be expected to impair or delay the Investor's performance of the Commitment obligations hereunder in any material respect, the execution, delivery and performance by it of this amended and restated letter agreement do not (i) violate its organizational documents, (ii) violate any applicable Law or judgment or (iii) result in any violation of, or default (with or without notice or lapse of time, or both) under, or give rise to a right of termination, cancellation or acceleration of any obligation or to the loss of any benefit under, any contract to which it is a party.

11.    <u>Severability</u>.  If any term, condition or other provision of this amended and restated letter agreement is determined by a court of competent jurisdiction to be invalid, illegal or incapable of being enforced by any rule of Law or public policy, all other terms, provisions and conditions of this amended and restated letter agreement shall nevertheless remain in full force and effect.  Upon such determination that any term or other provision hereof is invalid, illegal or incapable of being enforced, (a) a suitable and equitable term or provision determined by a court of competent jurisdiction shall be substituted therefor in order to carry out, so far as may be valid, legal and enforceable under applicable Law, the intent and purpose of such invalid, illegal or unenforceable term or provision and (b) the remainder of this amended and restated letter agreement and the application of such terms and other provision to other Persons or circumstances shall not be affected by such invalidity, illegality or unenforceability, nor shall such invalidity, illegality or unenforceability affect the validity, legality or enforceability of such term or provision, or the application of such term or provision, in any other jurisdiction.

*[remainder of the page intentionally left blank – signature page follows]*

5

Sincerely,

**PacBridge Partners I Investment Co. Ltd.**

By: _____

Name: Sheldon Trainor

Title: Director

*Signature Page to Equity Commitment Letter*

Agreed to and accepted:

**PREMIER ACQUISITION HOLDINGS LLC**

By: _____
Name: Gilbert Li
Title: Authorized Person

*Signature Page to Equity Commitment Letter*