IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

        Plaintiff,

v.                                     Civil Action No.  2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

        Defendant.

**PLAINTIFF R.M.S. TITANIC, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO FILE CERTAIN DUE DILIGENCE EXHIBITS UNDER SEAL**

    Plaintiff RMS Titanic, Inc. ("RMST"), by counsel, hereby submits this Memorandum in support of its Motion to File Due Diligence Exhibits Under Seal (the "Motion"). Specifically, on November 2, 2018, RMST submitted for filing in this action as Exhibits A-K, the documents it previously provided to NOAA with its two responses to NOAA's requests for information, ("the Due Diligence Exhibits") (Doc. 510). Copies of RMST's responses to NOAA's requests for information were previously provided to the Court as Exhibits A and B with RMST's Periodic Report of October 22, 2018. RMST asks that the Court grant the Motion and file under seal Exhibits G and I of the Due Diligence Exhibits.

**ARGUMENT**

**A.**    **The Ashcraft Requirements Have Been Properly Satisfied**

    In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the

1

district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

>   (1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;
>
>   (2) Consider less drastic alternatives to sealing the documents; and
>
>   (3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing under seal Exhibits G and I of RMST's Due Diligence Exhibits is appropriate.

   1. **Public Notice Is Provided**

Entry of the attached Notice of Presentation of Sealing Order by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering the permissibility of the sealing of RMST's Exhibits G and I, and provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

   2. **There Are No Less Drastic Alternatives**

RMST does not seek a blanket protective order, sealing all of the exhibits submitted in conjunction with the hearing held on October 25, 2018, in this case. Nor is RMST requesting

that all of the Due Diligence Exhibits filed today be placed under seal in their entirety or permanently. Instead a "less drastic" alternative is sought—namely that only two exhibits – Exhibits G and I – be sealed, consistent with the confidential and proprietary information contained therein.

### 3. Specific Reasons Why the Exhibits Should Be Filed Under Seal

The two exhibits that RMST has moved to be sealed each contain highly confidential information that would substantially harm RMST, its parent company, Premier Exhibitions, Inc. and/or the prospective purchaser of its stock, Premier Acquisitions Holdings, LLC ("PAHL") if the documents were disclosed to the public. The potential harms to RMST, Premier, and PAHL resulting from public disclosure far outweighs any prejudice to the general public cause by nondisclosure of the information contained in Exhibits G and I.

Both of the Due Diligence Exhibits contain highly sensitive, confidential, and proprietary information. Exhibit G contains the terms of the leases for the locations of RMST's permanent Titanic exhibits and the storage facility for the majority of the artifacts. It also contains exhibition agreements, with proprietary and confidential business information regarding the terms and conditions of RMST's exhibitions. The contents of the leases and exhibition agreements implicate confidential financial and security information of RMST and Premier, and are not known to the general public. RMST and Premier could suffer significant harm resulting from the disclosure of this information. Exhibit I sets forth the terms of loan of certain of Titanic artifacts to a museum in Ireland, including the valuation of those objects. The information in these loaned artifacts lease is confidential and non-public information. Specifically, the details regarding the terms of the loan and the valuations of the specific artifacts involve the finances and security of the objects and the museum.

In sum, the harm resulting to RMST and other third parties resulting from the disclosure of the information in Exhibits G and I outweigh any prejudice of nondisclosure.

## **CONCLUSION**

For the foregoing reasons, RMST respectfully requests that the Court grant RMST's Motion to File Certain Due Diligence Exhibits Under Seal.

                                              Respectfully submitted,

                                              R.M.S. TITANIC, INC.

                                              By Counsel

                                              _____/s/_____
                                              Robert W. McFarland (VSB #24021)
                                              McGuireWoods LLP
                                              9000 World Trade Center
                                              Norfolk, VA  23510
                                              Tele: 757/640-3716
                                              Fax: 757/640-3966
                                              Email: rmcfarland@mcguirewoods.com

                                              Brian A. Wainger (VSB #38476)
                                              Kaleo Legal
                                              4456 Corporation Lane, Suite 135
                                              Virginia Beach, VA 23462
                                              Tele: 757/965-6804
                                              Fax: 757/304-6175
                                              Email: bwainger@kaleolegal.com

## CERTIFICATION

       I hereby certify that the foregoing has been electronically filed through the Court's ECF system this 2nd day of November, 2018.


         */s/*
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA  23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com


109111035_4