# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
      Plaintiff,

v.                                                 Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,
      Defendant.

## ORDER

IT APPEARING TO THE COURT:

1.    On June 29, 2018, RMS Titanic, Inc. ("RMST") filed in this Court Plaintiff's Motion to Approve Asset Purchase Agreement and Memorandum in Support (the "Sale Motion") [Dkt. 447, and 448] seeking approval for the sale (the "Sale") of 100% of its stock to Premier Acquisition Holdings, LLC ("PAHL"), pursuant to the terms of that certain Asset Purchase Agreement, attached hereto as Exhibit A (the "APA").

2.    The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), which oversees RMST's chapter 11 case, approved the Sale by Order dated October 18, 2018.

3.    The Sale, as contemplated by the APA, is not intended to change the corporate identity of the Trustee or the management, conservation and curation of the STAC.

1

4. RMST has submitted evidence in support of this Court's approval of the APA and authorization of the Sale. The submissions support that RMST will remain a Qualified Institution as Trustee (as defined in the Revised Covenants and Conditions).

5. On October 24, 2018, the United States, serving as *Amicus Curiae,* filed NOAA's Report and Recommendation Regarding RMST's Motion to Approve Asset Purchase Agreement and to Authorize the Sale of 100% of RMST's Stock to Premier Acquisition Holdings, LLC. In its Report and Recommendation, NOAA concludes that, " . . . the transaction does not in form or purpose, or in consequence, effectuate a change that negatively affects the current management, conservation and curation of the artifacts." Dkt. 502 at 12. Accordingly, NOAA recommended the Court approve the transaction, subject to certain commitments by RMST and PAHL, set forth in its Report and Recommendations.

6. RMST has confirmed to the Court on the record that it: (a) consents to the *in personam* jurisdiction of this Court for purposes of its ongoing compliance with the Covenants and Conditions; (b) commits to continue to abide by the Covenants and Conditions; (c) commits to providing the Court with copies of all replacement or amended intra-company agreements that pertain to the care, preservation, conservation or curation of the artifacts; (d) commits to promptly advise the Court of any change or alteration to the composition and makeup of RMST's and PAHL's Board of Directors and senior management; (e) commits to promptly advise the Court of any staffing changes to RMST's permanent Collections staff in Atlanta, and senior management at any permanent exhibitions; (f) continues to file Periodic Reports at regular intervals or as directed by the Court to advise of all material events impacting the Company; (g) commits that it will provide the Court at least 60 days' notice of (i) any action that results in the Titanic Collections no longer being maintained together as an integral whole, and (ii) any action

which pledges or otherwise uses in any way any artifacts as security or collateral for any purposes; (h) commits to provide the Court advanced notice of any of its planned expeditions to the *Titanic* wreck site; and (i) notwithstanding anything in the APA to the contrary, shall not amend the APA in any manner contrary to these confirmations.

7. By motion dated October 31, 2018, PAHL has sought to intervene in the proceedings related to the Sale Motion as the proposed Purchaser under the APA and has acknowledged that it is on notice of the Covenants and Conditions and intends for RMST to continue to operate in conformance with them, (ii) submitted to the *in personam* jurisdiction of this Court for purposes of RMST's (or PAHL's, to the extent it ever owns the STAC) ongoing compliance with the Covenants and Conditions and the obligations set forth in Paragraph 6 of this Order, and (iii) confirmed that notwithstanding anything in the APA to the contrary, it shall not amend the APA in any manner contrary to the confirmations set forth in Paragraph 6 of this Order.

8. The Court having reviewed all the pleadings, exhibits and materials filed and submitted by RMST and the United States, and the statements of counsel, after conducting a hearing on October 25, 2018, makes the following rulings.

**IT IS HEREBY ORDERED:**

A. The Court hereby GRANTS RMST's Sale Motion and AUTHORIZES the Sale as set forth in the APA.

B. Except as expressly authorized herein, nothing in this Order should be construed to alter, affect or limit RMST's current salvor-in-possession status, this Court's constructive *in rem* jurisdiction over RMST and the Titanic wreck and wreck site, or any prior orders of the Court concerning activities at the Titanic wreck and wreck site.

>    _____
>    Hon. Rebecca Beach Smith, Chief Judge
>    United States District Court for the
>    Eastern District of Virginia

At Norfolk, VA
This _____ day of November, 2018

WE ASK FOR THIS:

R.M.S. TITANIC, INC.,
Plaintiff

By: _____
Robert W. McFarland, VSB No. 24021
McGuireWoods LLP
101 W Main St
Suite 9000
Norfolk, VA 23510-1655
Email: rmcfarland@mcguirewoods.com

Brian Andrew Wainger, VSB No. 38476
Kaleo Legal
4456 Corporation Lane
Suite 135
Virginia Beach, VA 23462
Email: bwainger@kaleolegal.com

SEEN:

UNITED STATES OF AMERICA
*Amicus Curiae*

By: _____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov

108874586_3

5