IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC,
INC., successor-in-
interest to
Titanic Ventures, limited
        partnership, Plaintiff,

v.                                                  Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A
POINT LOCATED AT 41 43/ 32' NORTH
LATITUDE AND 49 56' 49" WEST
LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,
        Defendant.

**ORDER**

        **IT APPEARING TO THE COURT:**

    1.    On June 29, 2018, RMS Titanic, Inc. ("RMST") filed in this Court Plaintiff's Motion to Approve Asset Purchase Agreement and Memorandum in Support (the "Sale Motion") seeking approval for the sale (the "Sale") of 100% of its stock to Premier Acquisition Holdings, LLC ("PAHL"), pursuant to the terms of that certain Asset Purchase Agreement (the "APA"). ECF Nos. 447, 448; *see also* ECF Nos. 448-1 (APA) and 503 (Amendment to APA).

    2.    The United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), which oversees RMST's chapter 11 case, approved the Sale by Order dated October 19, 2018. RMST Periodic Report (10/19/18) (document submitted 10/22/18).

    3.    PAHL, the purchaser under the APA, moved to intervene in this matter for

1

purposes of the Sale Motion.  ECF No. 506.  The Court granted that motion on November 5, 2018.  ECF No. 515.

4. PAHL has submitted a declaration from Gilbert Li, on behalf of PAHL, in support of RMST's Sale Motion and its motion to intervene.  ECF No. 507-1.  PAHL has also submitted a company resolution/consent, consistent with its LLC agreement (ECF No. 510-1 at ¶¶ 4.1, 4.2), that demonstrates Mr. Li is authorized, empowered and directed to file documents on behalf of PAHL consistent with the written consent, and that PAHL consents to *in personam* jurisdiction of this Court for purposes of the Sale Motion.

5. RMST has submitted evidence in support of its motion, including: written responses to questions posed by NOAA (RMST Periodic Report (10/23/18)); copies of documents and records submitted to NOAA in support of its written responses (ECF No. 510-1 to 510-11); letters and declarations from RMST employees (RMST Letter Submission (10/25/18); a further explanation provided to address concerns expressed by the Court at its October 25, 2018 hearing (RMST Periodic Report (11/2/18)); and a copy of the transcript from the October 18, 2018 hearing before the Bankruptcy Court.  RMST represents that approving the transaction will not result in any change to the care and management of the *Titanic* Collections, and will result in RMST becoming "better capitalized," with a new parent having "significant financial resources" in order to advance the mission of the company.  Hearing Tr. (10/25/18) at 14, 38, 51.

6. The United States, as *amicus*, and on behalf of its National Oceanic and Atmospheric Administration ("NOAA"), has submitted a report and recommendation, and a supplemental report for consideration by the Court.  ECF Nos. 502, ___.  NOAA recommends this Court approve the transaction, provided that RMST and PAHL submit to

the Court's *in personam* jurisdiction to ensure compliance with its orders pertaining to *Titanic*, including the Revised Covenants and Conditions ("C&Cs"), and subject to certain additional conditions intended to protect the *Titanic* Collections as an integral whole, and to protect the *Titanic* wreck site in the public interest. *Id.*

7. Pursuant to the C&Cs, the procedures for designating a subsequent Trustee of the artifacts "do not apply . . . in situations where the corporate identity of the Trustee is changed or altered by sale, purchase, merger, acquisition, or similar transaction, the form and purpose of which does not effectuate a change in the management, conservation and curation of the STAC [Subject *Titanic* Artifact Collection]." C&Cs VI(E)(1). The Court must also ensure that, under the circumstances, approving this sale is in the public interest and consistent with the C&Cs.

8. The Court has reviewed all the pleadings, exhibits and materials filed and submitted by PAHL, RMST and the United States, the statements and arguments of counsel, and conducted a hearing on October 25, 2018. The Court has further considered RMST's and PAHL's agreement to terms and conditions intended to protect the *Titanic* Collections, the *Titanic* wreck site, and this Court's continuing jurisdiction over this matter. Based on the foregoing, the Court FINDS that, in accordance with Section VI(E)(1), the sale of 100% of RMST's stock to PAHL, subject to certain conditions agreed to by both PAHL and RMST, will not effectuate a material change in the management, conservation and curation of the STAC, and that approving the transaction is in the public interest and consistent with the C&Cs.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

A. RMST's Sale Motion is GRANTED and the Court AUTHORIZES RMST to consummate the sale of 100 % of its stock to PAHL as set forth in the APA and this Order.

This Order is entered expressly subject to the terms and conditions set forth below.

B.  Within fifteen (15) days of this order, PAHL shall produce to the Court and NOAA, with copies to NOAA, a written company resolution/consent, consistent with Paragraphs 4.1 and 4.2 of PAHL's "Limited Liability Company Agreement" (ECF No. 510-1), signifying the unanimous consent of all of PAHL's members to be bound by the terms of this Order.

C.  RMST and PAHL are subject to the *in personam* jurisdiction of this Court for purposes of ensuring their compliance with this Court's orders concerning *Titanic*, including but not limited to this Order and the C&Cs.

D.  RMST and PAHL shall abide by the C&Cs and this Court's orders concerning *Titanic* in all respects, including this Order.

E.  RMST and PAHL shall promptly advise the Court and NOAA of any change to the composition and makeup of RMST's and PAHL's Boards, Officers and Senior Management team; any change in PAHL's membership whether by addition of a member, removal, assignment or disposal of a member's interests; and any change in a PAHL member's relative interest in PAHL

F.  RMST and PAHL shall promptly advise the Court and NOAA of any staffing changes at any location where artifacts are maintained or exhibited if such staffing changes pertain to any person(s) having responsibility for the care, conservation, curation and management of the *Titanic* Collections; any changes to staffing at the Atlanta facility; and any changes to senior managers at any permanent exhibition sites.

G.  RMST and PAHL shall file Periodic Reports with the Court and NOAA, at intervals requested by the Court or at any other times necessary to advise the Court and NOAA

of any significant activities and events impacting RMST or PAHL, or which concerns the care, conservation, curation, management and exhibition of the *Titanic* Collections.

      H.     RMST and PAHL shall provide the Court and NOAA at least 60 days advance notice of, and seek Court approval for, (i) any action that could result in the *Titanic* Collections (as defined in the C&Cs) no longer being maintained together as an integral whole; and (ii) any action which would pledge or otherwise use in any way any artifacts as security or collateral for any purposes.

      I.     RMST and PAHL shall provide the Court and NOAA at least 60 days advance notice of any planned expeditions to the *Titanic* wreck site, to include a description of any planned dive or salvage activities at *Titanic*.

      J.     RMST and PAHL shall not seek to amend the APA in any manner, or take any other action, the effect of which would remove, circumvent or diminish this Court's admiralty jurisdiction over the *Titanic* wreck site and the *Titanic* artifacts, or affect the care, conservation, curation, management and exhibition of the *Titanic* Collections.

      K.     PAHL shall not seek to amend any of PAHL's operating or member agreements, or any like agreements, which in cause and effect would remove, circumvent or diminish this Court's admiralty jurisdiction over the *Titanic* wreck site and the *Titanic* artifacts, or affect the care, conservation, curation, management and exhibition of the *Titanic* Collections.

      L.     Within ten (10) days of this Order, RMST and PAHL shall provide to the Court: (i) all identifying information for the bank account in which the Court mandated reserve account is held; (ii) all identifying information for the bank at which coin and currency recovered from *Titanic* are held in a vault; and (iii) the location and contact information for all venues where *Titanic* artifacts are displayed on a permanent or temporary basis.

M.     Within thirty (30) days of this Order, PAHL shall provide evidence to the Court and NOAA, detailing its members' commitment of additional capital and resources, beyond any equity commitments for PAHL's purchase of RMST as set forth in the members' commitment letters of June 14, 2018 (as amended), that PAHL currently possesses and that are to be used to enhance RMST's and PAHL's ability to care for, conserve, curate, manage and exhibit the *Titanic* Collections.

N.     Within sixty (60) days of the transaction closing, PAHL shall provide to the Court and NOAA a copy of the executed membership agreement for PAHL with all amendments thereto; inform the Court and NOAA of the appointment of any manager or managing member for PAHL; identify those officials of PAHL or of its members that have authority to bind the company; and submit to the Court and NOAA a copy of a business plan for the management and operation of RMST.  The responsibility to provide such amendments, designations, and updates to the Court and NOAA is ongoing.

O.     Within sixty (60) days of the transaction closing, RMST and PAHL shall provide to the Court and NOAA, a list of any artifacts in need of conservation work (including the 50 "wish list" artifacts), explaining what conservation work is needed, and a time frame for when the work will be done.

P.     Within sixty (60) days of the transaction closing, RMST and PAHL shall provide to the Court and NOAA, a copy of all inter- or intra-company contracts and/or agreements regarding, relating to or affecting the care, preservation, conservation or curation of the *Titanic* Collections.  The responsibility to provide such contracts or agreements to the Court and NOAA is ongoing.

Q.     Within six (6) months of the transaction closing, RMST and PAHL shall ensure

that it has in place a collections management plan that complies with museum standards. A copy of the plan, and any future updates or amendments, shall be submitted to the Court and NOAA.

      R.      Except as expressly authorized herein, nothing in this Order shall be construed to alter, affect or limit RMST's current salvor-in-possession status, this Court's constructive *in rem* jurisdiction over the *Titanic* wreck and wreck site, or any prior orders of the Court concerning activities at the *Titanic* wreck and wreck site.

      S.      This order, the prior orders of this Court, and the Revised Covenants and Conditions all governing the care and management of the *Titanic* Collections and RMST's salvor-in-possession status, control notwithstanding any provision in any other document, including but not limited to, the APA and PAHL's LLC Agreement.

      T.      Notwithstanding any provision in the APA or any other document or agreement to the contrary, any controversy, claim or dispute arising under the APA, or any other document or agreement, affecting or implicating the care, custody, management and control of the *Titanic* Collections and RMST's salvor-in-possession status shall be solely within the competence and jurisdiction of this Court and no other court; neither RMST nor PAHL shall seek relief from any other court respecting such matters, and if any claim on such matters is brought before another court or forum, RMST and PAHL shall take all appropriate steps to cause the action or claim to be transferred or referred to this Court.

      U.      Pursuant to V(D) of the C&Cs, the Court directs that the total endowment of the reserve account be increased to $_____, and that the required quarterly payments be increased to $_____. The increased quarterly payments shall commence as of the second quarter of calendar 2019.

V.   Subsequent to the date of this Order, all references in the Revised Covenants and Conditions to "Premier Exhibitions, Inc." shall be construed to mean "Premier Acquisition Holdings LLC," or any other change in name of PAHL.

W.   All obligations contained in this order requiring RMST and/or PAHL to take any action shall be deemed to be continuing and ongoing in nature, including as to any updates or changes to the information provided pursuant to this order, without regard to whether there is any specific request or demand by the Court or NOAA as part of its oversight activities.

 

_____
Hon. Rebecca Beach Smith, Chief Judge
United States District Court for
the Eastern District of Virginia

At Norfolk, VA
This_____day of November, 2018

WE ASK FOR THIS:

R.M.S. TITANIC, INC.,
*Plaintiff*


By: _____
Robert W. McFarland, VSB No. 24021 McGuireWoods LLP
101 W Main
St Suite 9000
Norfolk, VA 23510-1655
Email: rmcfarland@mcguirewoods.com

Brian Andrew Wainger, VSB No. 38476 Kaleo Legal
4456 Corporation Lane
Suite 135
Virginia Beach, VA 23462
Email:
bwainger@kaleolegal.com

PREMIER ACQUISITION HOLDINGS, LLC
*Intervernor*

By: _____
David G. Barger, VSB #21652
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1200
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-Mail: Bargerd@gtlaw.com

SEEN:

UNITED STATES OF AMERICA
*Amicus Curiae*

By: _____
Kent P. Porter, VSB #22853
United States Attorneys Office
8000 World Trade Center
101 W. Main Street
Norfolk, VA 23505
Tel: (757) 441-6332
Fax: (757) 441-6689
E-Mail: Kent.Porter@usdoj.gov