IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

      Plaintiff,

v.                                                      Civil Action No.  2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

      Defendant.

**PLAINTIFF R.M.S. TITANIC, INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO FILE EXHIBITS TO PERIODIC REPORT UNDER SEAL**

Plaintiff RMS Titanic, Inc. ("RMST"), by counsel, hereby submits this Memorandum in support of its Motion to File Exhibits to the Periodic Report Under Seal (the "Motion"). Specifically, on November 15, 2018, RMST submitted its Periodic Report with three attached exhibits. (Doc. 521). Exhibits A and B to the Periodic Report contain RMST's highly confidential financial account information. RMST asks that the Court grant the Motion and file under seal Exhibits A and B to the Periodic Report.

**ARGUMENT**

A.     **The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In*

*re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

(1) Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2) Consider less drastic alternatives to sealing the documents; and

(3) Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing under seal Exhibits A and B to the Periodic Report is appropriate.

### 1. Public Notice Is Provided

Entry of the attached Notice of Presentation of Sealing Order by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering the permissibility of the sealing of Exhibits A and B to RMST's Periodic Report and provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2. There Are No Less Drastic Alternatives

RMST does not seek a blanket protective order, sealing all of the exhibits submitted in conjunction with the hearing held on October 25, 2018, in this case. Nor is RMST requesting that all of the exhibits to the November 15, 2018 Periodic Report filed today be placed under seal in their entirety or permanently. Instead a "less drastic" alternative is sought—namely that only

two exhibits – Exhibits A and B – be sealed, consistent with the highly confidential information contained therein.

### 3. Specific Reasons Why the Exhibits Should Be Filed Under Seal

The two exhibits that RMST has moved to be sealed each contain highly confidential financial account information that would substantially harm RMST, its parent company, Premier Exhibitions, Inc. and/or the prospective purchaser of its stock, Premier Acquisitions Holdings, LLC ("PAHL") if the documents were disclosed to the public. The potential harms to RMST, Premier, and PAHL resulting from public disclosure of specific account information far outweighs any prejudice to the general public cause by nondisclosure of the information contained in Exhibits A and B to the Periodic Report.

Both of these exhibits contain highly sensitive and confidential financial information. Exhibit A is a bank account statement for RMST's reserve bank account, which contains a current account balance, transaction history, and transaction detail for this account used concerning the maintenance of the Titanic artifacts, as well as the account identifiers. Exhibit B sets forth the location and account number for a safe deposit box used to store certain RMST artifacts. This information is private and highly confidential and contains information not known to the general public. RMST could suffer financial harm resulting from the disclosure of this account information.

In sum, the harm resulting to RMST and other third parties resulting from the disclosure of the information in Exhibits A and B outweigh any prejudice of nondisclosure.

### CONCLUSION

For the foregoing reasons, RMST respectfully requests that the Court grant RMST's Motion to File Exhibits to the Periodic Report Under Seal.

Respectfully submitted,

R.M.S. TITANIC, INC.

By Counsel

_____/s/_____
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA  23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tele: 757/965-6804
Fax: 757/304-6175
Email: bwainger@kaleolegal.com

<u>CERTIFICATION</u>

      I hereby certify that the foregoing has been electronically filed through the Court's ECF system this 15th day of November, 2018.


          /s/
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA  23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com


109702128_1