IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**R.M.S. TITANIC, INC.,**
successor-in-interest to
Titanic Ventures, limited partnership,
   Plaintiff,

v.               Civil Action No. 2:93cv902

**THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32'' NORTH LATITUDE
AND 49 56' 49'' WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,**
   **Defendant.**

### NOAA'S SECOND SUPPLEMENTAL REPORT REGARDING RMST'S MOTION TO APPROVE ASSET PURCHASE AGREEMENT AND TO AUTHORIZE THE SALE OF 100% OF RMST'S STOCK TO PREMIER ACQUISITION HOLDINGS LLC.

  The United States, as *amicus*, and on behalf of its National Oceanic and Atmospheric Administration ("NOAA") which represents the public interest in *Titanic*, and pursuant to Sections VI and VII of the Covenants and Conditions ("C&Cs") submits this second supplemental report to the Court regarding RMST's request to approve the sale of 100% of its stock to Premier Acquisition Holdings LLC ("PAHL").

  Since NOAA's last submission, ECF No. 517, NOAA has worked diligently with the parties to develop an order relating to the proposed sale of RMST's stock to PAHL. On November 16, 2018, PAHL submitted such an order to the Court. ECF Nos. 509, 509-1. NOAA believes this Order addresses the concerns raised by the Court during the October 25, 2018, hearing, provides appropriate protections to ensure this Court's admiralty jurisdiction in this

matter will not be impaired, and establishes authority over PAHL as needed to ensure the Court can enforce compliance with its orders relating to *Titanic*, including the Revised Covenants and Conditions ("C&Cs"). The proposed Order speaks for itself; however, NOAA highlights four important aspects:

First, the proposed Order ensures this Court's continuing admiralty jurisdiction, and its authority over the conservation, curation, care and management of the *Titanic* Collections and RMST's salvor-in-possession status, ***notwithstanding any contrary or inconsistent provision in any other document***. Proposed Order, ¶¶ L and M. Further, RMST and PAHL cannot remove, circumvent or diminish the Court's jurisdiction by contract or through amendment of their organizational documents or the APA. *Id.* ¶ I.

Second, the Court will have *in personam* jurisdiction over both RMST and PAHL to ensure RMST's compliance with its obligations under the C&Cs and this Court's orders relating to *Titanic*, and to ensure PAHL abides by its own commitments under the order (including those of RMST's in certain circumstances). *Id.* ¶ B. Importantly, PAHL is expressly precluded from doing anything (action or inaction) that would prevent RMST from fully complying with its obligations relating to *Titanic*, and if it were to do so, PAHL then becomes directly subject to this Court's jurisdiction for purposes of enforcing and adjudicating compliance with the Court's orders. *Id.* ¶ C. Similarly, PAHL becomes directly subject to this Court's jurisdiction should it ever take any "direct right, title, possession or control over any portion of the *Titanic* Collections." *Id.* ¶ N.

Third, because this Order continues to ensure full compliance with the C&Cs, and continues to preserve this Court's jurisdiction and authority relating to *Titanic*, Proposed Order,

¶¶ L and M, this Court's "primary competence" over "any controversy or claim arising out of or related to the" C&Cs, C&Cs VIII(B), is likewise preserved.

Fourth, RMST and PAHL are obligated to provide the Court and NOAA at least sixty (60) days advance notice of any action that, *inter alia*, will result in the *Titanic* Collections "no longer being maintained together as an integral whole." *Id.* ¶ G(i); *see also* C&Cs III(A). It is understood that this Court does not have *in rem* jurisdiction over the French artifacts (a.k.a. the 1987 artifacts). The C&Cs, however, dictate obligations on RMST that encompass the French artifacts, *see e.g.* C&Cs II(L), II(M), III(B), III(B)(2), III(B)(3), IV(A), IV(C), IV(D), V(C)(1), and RMST (and PAHL, as provided for above) is subject to *in personam* jurisdiction in order for the Court to enforce compliance with these terms. Because the Court and NOAA will have advance notice of any such proposed action, the Court will have the opportunity to bring the parties before the Court, if necessary, in order to evaluate whether any such proposed action would prevent RMST from fulfilling those promises as to the French artifacts, and thereafter issue any orders it deems appropriate under the circumstances and consistent with its jurisdiction. *See R.M.S. Titanic, Incorporated v. The Wrecked and Abandoned Vessel*, 435 F.3d 521, 528 (4th Cir. 2006).

In addition to the proposed Order, PAHL filed a Declaration of Gilbert Li setting forth certain commitments by PAHL in the event the Court approves RMST's motion. These commitments relate to certain additional issues NOAA had raised, and pertain to RMST developing a) an updated business plan for the management and operation of the *Titanic* Collections, b) a list of artifacts in need of conservation work and an estimated time frame for the completion of such work, c) a collections management plan that complies with the C&Cs, and d) an analysis of any necessary changes to the reserve account and the quarterly monthly payments.

NOAA believes each of these commitments warrants further discussion in order to establish a timeframe and clear expectations for when and how RMST will satisfy each commitment

In sum, NOAA believes the proposed Order PAHL filed on November 16, 2018, addresses the concerns shared by NOAA and this Court regarding the Asset Purchase Agreement, and provides appropriate terms to ensure this Court's admiralty jurisdiction in this matter will not be impaired.  In addition, the proposed Order would establish jurisdiction over PAHL as needed so this Court can enforce compliance with its orders relating to *Titanic*.  Based on the foregoing and considering the additional commitments agreed to through the Li Declaration, NOAA recommends the Court approve the sale motion in accordance with the proposed order submitted by PAHL.

        Respectfully submitted,

        G. Zachary Terwilliger
        United States Attorney

By:   *// Kent P. Porter //*
        Kent P. Porter, VSB No. 22853
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        8000 World Trade Center
        101 West Main Street
        Norfolk, VA 23510
        757-441-6331
        Fax:  757-441-6689
        kent.porter@usdoj.gov

CERTIFICATE OF SERVICE

      I hereby certify that on the 21st day of November, 2018, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | |
|---|---|
| **Brian Andrew Wainger**<br>Kaleo Legal<br>4456 Corporation Lane<br>Suite 135<br>Virginia Beach, VA 23462<br>Email: bwainger@kaleolegal.com | **Robert William McFarland**<br>McGuireWoods LLP<br>101 W Main St<br>Suite 9000<br>Norfolk, VA 23510-1655<br>Email: rmcfarland@mcguirewoods.com |
| **Edward J. Powers**<br>Vandeventer Black LLP<br>101 West Main Street, Suite 500<br>Norfolk, VA 23510<br>epowers@vanblacklaw.com | **Jeffrey G. Gilmore**<br>**John M. Neary**<br>Ackerman LLP<br>750 Ninth Street, N.W., Suite 750<br>Washington, D.C. 20001<br>Jeff.gilmore@ackerman.com<br>John.neary@ackerman.com |
| **David G. Barger, VSB #21652**<br>GREENBERG TRAURIG, LLP<br>1750 Tysons Boulevard, Suite 1200<br>McLean, Virginia 22102<br>Tel: (703) 749-1300<br>Fax: (703) 749-1301<br>E-Mail: Bargerd@gtlaw.com | |

          _// Kent P. Porter //_
          Kent P. Porter, VSB No. 22853
          Assistant United States Attorney
          Attorney for the United States
          United States Attorney's Office
          8000 World Trade Center
          101 West Main Street
          Norfolk, VA 23510
          757-441-6331
          Fax:  757-441-6689
          kent.porter@usdoj.gov