# EXHIBIT D

**McGuireWoods LLP**
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Tel 757.640.3700
Fax 757.640.3701
www.mcguirewoods.com

Robert W. McFarland
Direct: 757.640.3716

**MCGUIREWOODS**

rmcfarland@mcguirewoods.com
Fax: 757.640.3966

May 8, 2018

**VIA EMAIL, FEDERAL EXPRESS
AND CERTIFIED MAIL, RETURN
RECEIPT REQUESTED**

Mr. Stockton Rush, CEO
OceanGate, Inc.
1205 Craftsman Way
Suite 112
Everett, WA 98201
stockton@oceangate.com

### RE: *RMS TITANIC, INC.*

Dear Mr. Rush:

The undersigned and Brian Wainger of Kaleo Legal serve as counsel to RMS Titanic, Inc., its parent ("Premier Exhibitions, Inc.") and affiliates (collectively "RMST"). I write at the direction of the Honorable Rebecca Beach Smith, Chief Judge of the United States District Court for the Eastern District of Virginia (the "Court"). As you have been advised, pursuant to a 1994 Order of the Court in the matter styled as *RMS Titanic, Inc. v. The Wrecked and Abandoned Vessel,* cv 2:93cv902, RMST serves as the salvor in possession of the wreck and wreck site of the RMS TITANIC. A copy of the 1994 Order is attached hereto as Exhibit 1. As salvor in possession of the Titanic wreck and wreck site (collectively, the "Wreck"), RMST maintains the exclusive rights to salvage the Wreck, to the exclusion of all other entities, and serves as a custodian of the Wreck, with an obligation to keep the Court informed of any actions taking place there.

In its published materials, OceanGate, Inc. claims that it is selling tickets to take tourists on dives to the Wreck, commencing in June, 2018, in conjunction with its "Titanic Survey Expedition: 2018." OceanGate claims that each tourist will pay in excess of $100,000 for the adventure. OceanGate further claims that it will utilize sonar and laser scanners, in addition to photographic and videographic equipment, to create a 3D virtual model of the Wreck and debris field, to "[s]upplement the work done on previous scientific expeditions to capture data and images for the continued scientific study of the site." You are no doubt aware that the previous work you mention was performed by and/or under the direction of RMST.

The 1994 Order, still remains in full force and effect, as do other orders of the Court. In keeping with the Order and subsequent rulings, OceanGate may not recover, touch, move or disturb the Wreck or any artifacts in the debris field. The above-styled action before the Court remains an ongoing salvage case within the Court's exclusive jurisdiction. In that respect, OceanGate may not interfere with any of RMST's rights as Trustee and salvor in possession.

May 8, 2018
Page 2

RMST has deep concerns about surface actions, and intentional as well as unintentional actions taken by OceanGate's submersible and support vessels that risk damaging the Wreck.

By this letter RMST makes written demand that OceanGate immediately inform the Court and RMST of whether it intends to visit the Wreck in 2018 or 2019. In that regard, Ocean Gate should notify RMST and the Court of such plans, and provide all relevant information, including without limitation, the dates of all intended visits, the total number of persons on each such visit (including crew and support staff), and its expedition plans and dive plans. RMST understands that OceanGate previously provided NOAA certain information regarding its plans. Although NOAA may have statutory duties with regard to the Wreck, in keeping with the Court's directives at the hearing on May 3, 2018, and RMST's status as Trustee and salvor-in-possession, written notice to the Court and RMST are distinct obligations with which Ocean Gate needs to comply, pursuant to the Court's prior rulings and ongoing jurisdiction over the Wreck. Please provide a written report detailing Ocean Gate's intentions in 2018 and 2019 to the Court and RMST on or before Friday, May 16, 2018, to allow the Court, RMST and NOAA sufficient time to consider that information and take any necessary actions, including, but not limited to, setting a hearing with the Court.

This letter is not a complete statement of our client's rights in connection with this matter and nothing contained herein constitutes an express or implied waiver of any rights, remedies or defenses in connection with this matter, all of which are expressly reserved.

Your immediate attention to this matter is required.

Sincerely yours,

*Robert W. McFarland*

Robert W. McFarland

cc: The Honorable Rebecca Beach Smith, Chief Judge of the US District Court for the Eastern District of Virginia
Jackie Rolleri, Esq. (jackie.rolleri@noaa.gov)
Kent Porter, Esq. (Kent.Porter@usdoj.gov)
Brian A. Wainger, Esq. (bwainger@kaleolegal.com)

102178740_3