# EXHIBIT E



**Brian Wainger, Esq.**
Direct: 757.965.6804
bwainger@kaleolegal.com

March 4, 2019

**VIA EMAIL AND UPS
TWO DAY SERVICE**

Mr. Stockton Rush, CEO
OceanGate, Inc.
1205 Craftsman Way
Suite 112
Everett, WA 98201
stockton@oceangate.com

Mr. Henry Cookson
President, Cookson Adventures
2 Clearwater Terrace
Holland Park Avenue
London
W11 4XL
info@cooksonadventures.com

### RE: *RMS TITANIC*

Dear Messrs. Rush and Cookson:

      The undersigned serves as counsel to RMS Titanic, Inc. ("RMST"), and writes this letter consistent with the previous direction of the Honorable Rebecca Beach Smith of the United States District Court for the Eastern District of Virginia (the "Court"). As you know, pursuant to a 1994 Order of the Court in the matter styled as *RMS Titanic, Inc. v. The Wrecked and Abandoned Vessel,* CV: 2:93cv902, RMST serves as the salvor-in-possession of the wreck and wreck site of the RMS TITANIC. A copy of the 1994 Order is attached hereto as Exhibit 1. As salvor-in-possession of the Titanic wreck and wreck site (the "Wreck"), RMST maintains the exclusive rights to salvage the Wreck, to the exclusion of all other entities, and serves as a custodian of wreck site, keeping the Court informed of any actions taking place there.

      In its published materials, OceanGate, Inc. and Cookson Adventures, LTD claim that they will be selling tickets to take tourists on dives to the Wreck, commencing in June 2019, in conjunction with their "Titanic Survey Expedition: 2019." OceanGate claims that each tourist will pay in excess of $100,000 for the adventure. OceanGate further claims that it will utilize sonar and laser scanners, in addition to photographic and videographic equipment to create a 3D virtual model of the Wreck and debris field, to "[s]upplement the work done on previous scientific expeditions to capture data and images for the continued scientific study of the site."

Pursuant to the 1994 Order attached as Exhibit 1, which remains in full force and effect, and other orders of the Court, OceanGate and Cookson may not recover, touch, move or disturb the wreck or any artifact in the debris field. The above-styled action before the Court remains an ongoing salvage case within the Court's jurisdiction, and in this respect, OceanGate and Cookson may not interfere with any of RMST's ancillary rights as Trustee and salvor-in-possession. RMST has deep concerns about both surface actions and intentional and unintentional submersible actions taken by OceanGate that risk damaging the Wreck.

Should OceanGate pursue plans to visit the Wreck in the coming months, it must notify RMST and the Court of such plans, at least 75days before the planned visits, and must provide all relevant information, including without limitation: (i) its expedition plans and dive plans, including specifically how the expedition plans "have the minimum adverse impact on the RMS TITANIC and its artifacts" as required by Section I, paragraph 4 of the NOAA Guidelines for Research, Recovery and Salvage of RMS Titanic; (ii) the identities of each of its "Mission Specialists" and the specific training each has undergone to qualify them to dive to the wreck of the RMS TITANIC, consistent with the requirements set forth in Section VI, paragraph 17 of the Guidelines (requiring "[p]rojects only be undertaken in the presence of qualified technical and/or professional experts with experience appropriate to the objectives" and that "[a]ll persons on the project team should be qualified and have demonstrated experience appropriate to their project roles"); and (iii) the identities and relevant background of its "Content Experts" and "Technical Advisors."

This letter also serves to put OceanGate and Cookson on notice that they may not use any confidential or proprietary information belonging to RMST, including any intellectual property of RMST, in preparation for, or during the course of any expeditions, nor as part of any scientific study or publications.

RMST understands that OceanGate may have provided NOAA certain information regarding its plans. While NOAA and/or the United States Department of Commerce may have statutory duties with regard to the Wreck, RMST views notice to it and the Court as distinct obligations resulting from the Court's ongoing jurisdiction over the Wreck. For the presently announced visits, please provide such notice to RMST on or before March 8, 2019, to allow the Court, RMST, and NOAA sufficient time to consider the issues and schedule a hearing if necessary.

This letter is not a complete statement of our client's rights in connection with this matter and nothing contained herein constitutes an express or implied waiver of any rights, remedies or defenses in connection with this matter, all of which are expressly reserved.

Your immediate attention to this matter is required.

Very truly yours,

Brian Wainger

cc: Jackie Rolleri, Esq. (jackie.rolleri@noaa.gov)
Kent Porter, Esq. (Kent.Porter@usdoj.gov)
Robert W. McFarland, Esq. (rmcfarland@mcguirewoods.com)
David G. Barger, Esq. (bargerd@gtlaw.com)