IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,

   Plaintiff,

v.                Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,
   Defendant.

## PERIODIC REPORT

  Plaintiff, R.M.S. Titanic, Inc. ("<u>RMST</u>") submits this Periodic Report to update the Court on its operations and related matters since the closing of the sale of 100% of RMST's stock to Premier Acquisition Holdings LLC ("<u>PAHL</u>") on February 13, 2019 (the "<u>Closing</u>").

  **I.**  **<u>Closing and Dismissal of RMST Bankruptcy Case.</u>**

  As previously reported to the Court (Dkt. No. 542), on February 13, 2019, PAHL closed on the purchase of substantially all of the assets of Premier Exhibitions, Inc. and certain of its debtor and non-debtor affiliates (the "<u>Sale</u>") as set forth in the Asset Purchase Agreement dated as of June 14, 2018, by and among (i) Premier Exhibitions, Inc., a Florida corporation, (ii) Arts and Exhibitions International, LLC, a Florida limited liability company, (iii) Premier Exhibition Management LLC, a Florida limited liability company, (iv) Premier Exhibitions NYC, Inc., a Nevada corporation, (v) Premier Merchandising, LLC, a Delaware limited liability company, (vi)

Premier Exhibitions International, LLC, a Delaware limited liability company, (vii) Dinosaurs Unearthed Corp., a Delaware corporation; (viii) DinoKing Tech Inc. d/b/a Dinosaurs Unearthed, a company formed under the laws of British Columbia, (ix) RMST, solely for purposes of Article III, Article V, Article VII and Article VIII of the Asset Purchase Agreement, and PAHL, as amended by Amendment No. 1 to Asset Purchase Agreement dated as of September 14, 2018 and Amendment No. 2 to Asset Purchase Agreement dated as of February 13, 2019 (the "APA"), including 100% of the stock of RMST in accordance with the approval granted by this Court in its December 21, 2018 Order (Dkt. No. 540) (the "Approval Order")

After the Closing, RMST's chapter 11 case styled *In re RMS Titanic, Inc.*, Case No. 3:16-bk-2230-PMG (Bankr. M.D. Fla.) was dismissed.[1] A copy of the Bankruptcy Court's March 8, 2019 *Order Dismissing Chapter 11 Case of Debtor RMS Titanic, Inc. and Amending Order Granting Motion for Joint Administration of Chapter 11 Cases* is attached hereto as **Exhibit A**.

In connection with the Closing, PAHL formed two wholly-owned subsidiaries: Experiential Media Group 'EMG' LLC, a Delaware limited liability company ("EMG (US)"), and EMG Experiential Media Group (Canada) Corp., a British Columbia company ("EMG (Canada)"). EMG (US) was formed primarily to acquire and operate the U.S.-based assets acquired in the Sale, and EMG (Canada) was formed primarily to acquire and operate the Canadian-based assets acquired in the Sale. Thus, PAHL – which operates primarily as a holding company – now has three subsidiaries: RMST, EMG (US), and EMG (Canada). An organizational chart for PAHL and its subsidiaries is attached hereto as **Exhibit B**.

---

[1] For the avoidance of doubt, the jointly administered cases of Premier Exhibitions, Inc.; Premier Exhibition Management, LLC; Arts and Exhibitions International, LLC; Premier Exhibitions International, LLC; Premier Exhibitions NYC, Inc.; Premier Merchandising, LLC; and Dinosaurs Unearthed Corp. (collectively, the "Debtors") were not being dismissed and continue to be jointly administered under the new lead case of *In re Premier Exhibitions, Inc.*, Case No. 3:16-bk-02232-PMG. On May 15, 2019, the Debtors filed a chapter 11 plan of liquidation.

In connection with the Closing, among other contracts assumed by the Debtors and assigned to EMG (US) were the Restated Intercompany Services and Exhibition Touring Rights License Agreement between Premier Exhibition Management, LLC and RMST dated March 1, 2012, and the Intercompany Agreement between Premier Exhibitions, Inc. and RMST dated March 1, 2012. Thus, upon the Closing, EMG (US) is now the counterparty to RMST with respect to both of these intercompany agreements.

Immediately after the Closing, EMG (US) directed its efforts to critical issues necessary to stabilize the business, undertake an operational and organizational restructuring, and position the company for successful operations, growth and profitability. Over the past three months, these efforts have included the following:

**Exhibition Business**: Reviewed and updated its venue operating agreements; completed the redesign of their portfolio of sales materials; attended industry trade shows and conferences to meet key partners and develop strategic relationships; created a sales process flow for routing and disposition of sales leads; bolstered their production team, and many other improvements to ensure the sustainability of the business model.

**Branding**: Retained external design firm to develop logo and branding; completed logo, branding guidelines and company web page; redesigned trade show booths, catalogs, and peripheral materials for American Alliance of Museums (AAM) Conference.

**Intellectual Property**: Transferred all video assets from 7 *Titanic* expeditions onto a digital video platform; security-tagged and time-coded all digital assets; and engaged a third-party firm to manage and increase the security of intellectual property.

**Departmental/employee matters**: Reviewed and analyzed all job functions and staff to identify required additions to staff and technological investments; restructured internal

departmental organization chart, titles, job descriptions, and reporting roles; negotiated and secured new employee benefits provider; and entered into and renewed certain third-party consulting agreements, including with Dr. David Gallo, one of the company's maritime consultant.

**Operations**: Began reworking software and hardware used in merchandising and ticketing to reduce costs and increase internal data transparency; worked with venue general managers to develop venue employee incentive programs designed to increase ticket and retail sales, and decrease staff turnover; and reviewed and revised buying processes to improve working capital draw and pricing on merchandise.

**Information Technology**: Decentralized information technology administrator privileges that created redundancies in approval processes; began inventory of obsolete and outdated equipment; select upgrades of old laptops; and updated and reintroduced onboarding and termination checklist process.

## II. Additional Post-Closing Reporting

In connection with obtaining entry of the Approval Order, on November 15, 2018, PAHL submitted to this Court a *Declaration of Gilbert Li in Support of Plaintiff's Motion to Approve Asset Purchase Agreement and Authorize the Sale of 100% of RMST's Stock to Premier Acquisition Holdings LLC* (Dkt. No. 527-2) (the "Li Declaration"). As set forth in the Li Declaration, upon the Closing, RMST agreed to work on developing and providing to the Court and NOAA, the following documents:

a. An updated business plan for the management and operation of Titanic Collection;

b. A list of any artifacts in need of conservation work (including the 50 "wish list" artifacts), an explanation of any conservation work needed as determined by RMST's curation staff, and an estimated time frame for completing such conservation work;

  c.  A collections management plan that complies with the C&Cs; and

  d.  An analysis of any necessary changes to the reserve account and the quarterly monthly payments.

Accordingly, attached hereto as **Exhibit C** is an updated business plan for the management and operation of Titanic Collection.

With respect to artifacts in need of conservation, RMST first notes that these artifacts are all in stable condition and have been maintained by RMST consistent with past practices. Thus, RMST considers further conservation work as elective, to further RMST's mission, consistent with criteria set forth below, but not required under applicable standards of collections management. Indeed, since it first began recovering artifacts over 30 years ago, RMST has expended over ten million dollars in stabilizing and conserving the artifacts, to maintain them in exhibition-worthy condition for historic, educational, and scientific purposes. And since that time, RMST has conserved approximately 5000 artifacts.

Mrs. Alex Klingelfhofer, Vice President of Collections, decides what artifacts need treatment, and the sequence and timing of the treatment. Mrs. Klingelhofer and her team constantly evaluate the condition of artifacts to determine which may benefit from conservation. In making these determinations, Mrs. Klingelhofer considers a number of criteria including the following: (1) overall physical condition of an artifact, prioritizing those in need of immediate treatment; (2) the duration of time required to stabilize an artifact (e.g. desalination), and the extent to which stabilization procedures will protect an object against deterioration; (3) curatorial contribution, and educational and scientific importance; and (4) conservation of all parts of a multi-part artifact (e.g. buttons on a shirt).

Mrs. Klingelhofer and the company estimate that the collection includes up to approximately 500 artifacts that that RMST may consider for further conservation work in the future. Using the above-referenced criteria, the decisions regarding which artifacts to select for additional treatment, and when such treatment should commence involve determinations which are fluid, subject to change based on the variable conditions of the artifacts existing at any given time, and the company's needs. Accordingly, Mrs. Klingelhofer has expressed reticence to produce a "wish list" of artifacts, as her future decisions as to conservation must be based on current circumstances and her judgment, not by external pressures.[2]

Similarly, understanding that the specific needs of the artifacts will change over time, RMST is unable to estimate conservation completion time for each of these artifacts. Conservation treatment – if and when elected for these artifacts – will depend upon the artifact itself, its manufacture, materials, and condition after recovery. To the extent that the Court or NOAA seeks additional information on issues related to ongoing conservation efforts, RMST would again welcome representatives of NOAA and the Honorable Rebecca Beach Smith to its facility in Atlanta for a tour by Mrs. Klingelhofer, targeting a review of artifacts designated for future conservation, and a discussion of the factors involved in such decisions.

Attached hereto as **Exhibit D** is a collections management plan that complies with the C&Cs.

With respect to the reserve account and quarterly payments, on May 20, 2019, RMST made its required $25,000 quarterly payment to the account, bringing the trust fund balance up to

---

[2] RMST recognizes that the Li Declaration provided that RMST would produce this "wish list." Based on concerns raised by Mrs. Klingelhofer to RMST's new management, however, RMST respectfully submits that submitting a wish list may not be necessary or productive at this time. Should the Court so desire, however, RMST would be happy to produce one *in camera*.

$789,930.12. Post-Closing, the trust account was transferred from Bank of America to PNC Bank.[3] Attached hereto as **Exhibit E** is a full accounting of the account. RMST does not believe that any changes to the reserve account or the quarterly monthly payments are appropriate or necessary. Indeed, even during the past several years of RMST's financial distress, RMST honored its obligation to make quarterly payments into the reserve account, while continuing to properly care for, preserve and conserve the artifacts. Now that RMST has been purchased out of bankruptcy, and its new ownership has invested capital and stabilized operations (as discussed in more detail in the May 14, 2019 Supplemental Report (Dkt. No. 548)), RMST believes that it is well-positioned to continue to appropriately conserve and preserve the artifacts under applicable collections standards, from operating cash flows.

### III. Titanic Exhibitions.

Post-Closing, EMG (US) has continued to operate the permanent Titanic exhibitions in Las Vegas, Nevada and Orlando, Florida, along with a temporary exhibition in Brno, Czech Republic that just recently closed on May 19, 2019. EMG (US) also entered into an agreement for an exhibition in Scottsdale, Arizona, which opened on May 12, 2019, and is in the process of negotiating agreements for future exhibitions.

### IV. Expeditions

As noted by NOAA's Status Report (Dkt. No. 549) filed on May 21, 2019, OceanGate Expeditions, Ltd. continues to pursue plans to conduct six week-long missions to *Titanic* from late June to mid-August 2019, and indicated that it intends to conduct multiple missions over several years to fully document and model the wreck. Likewise, as noted by NOAA, EYOS Expeditions is also planning another scientific expedition to study biological growth and rusticles – similar to

---

[3] RMST will provide NOAA with the detailed account information.

the expedition it had conducted in 2018 (which expedition the weather interrupted). RMST has had productive conversations about these planned expeditions. As salvor-in-possession, RMST has communicated, and the groups have agreed, that protection of the wreck site is of utmost importance, consistent with its legal duties as salvor-in-possession. RMST is also engaging with the maritime community to explore how to work cooperatively in order to further its responsibility as salvor-in-possession of the *Titanic* wreck site.

Finally, and also as noted by NOAA, shortly after mid-February, 2019 Closing, RMST began considering and exploring the possibility of conducting an expedition this year. After taking into account all of the considerations required for a successful expedition and dive, however, RMST determined it needed additional time to properly plan an expedition. While RMST remains hopeful it will be able to conduct an expedition in 2019, if that is not possible, then RMST will target 2020 for its next expedition, which as currently envisioned, would include testing of a new virtual reality camera system to create a baseline map of Titanic's bow area, and, if appropriate, additional artifact recovery.

Respectfully submitted,

　　　*/s/ David G. Barger*　　　
David G. Barger, VSB #21652
*Attorney for Plaintiff RMS Titanic, Inc. and Intervenor Premier Acquisition Holdings LLC*
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-Mail:  Bargerd@gtlaw.com

Brian A. Wainger, VSB #38476
*Attorney for Plaintiff RMS Titanic, Inc.*
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462

Tel: (757) 965-6804
Fax: (757) 304-6175
E-Mail: bwainger@kaleolegal.com

CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2019, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

        /s/ David G. Barger
David G. Barger, VSB #21652
*Attorney for Plaintiff RMS Titanic, Inc. and Intervenor Premier Acquisition Holdings LLC*
GREENBERG TAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-Mail: Bargerd@gtlaw.com