EXHIBIT A

## EXPEDITION OBSERVATION AGREEMENT

THIS EXPEDITION OBSERVATION AGREEMENT (this "*Agreement*") is made and entered into as of June 24, 2019 (the "*Effective Date*"), by and between Caladan Oceanic, LLC ("*Caladan*"), EYOS Expeditions Ltd. ("EYOS") and RMS Titanic, Inc., a Florida corporation ("*RMST*").  EYOS, Caladan and RMST may be referred to in this Agreement individually as a "*Party*" or collectively as the "*Parties*."

**WHEREAS**, Caladan intends to conduct manned submersible dives at the RMS Titanic wreck site between approximately July 31, 2019 and August 4, 2019, to capture imagery, retrieve and replace long-term test platforms, and recover a small rusticle sample (the "*Caladan Expedition*"); and

**WHEREAS**, RMST is the salvor in possession of the wreck and wreck site of the RMS Titanic.

**NOW, THEREFORE**, in consideration of the promises and covenants set forth in this Agreement, together with other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1       General.

(a)     RMST Observer. RMST shall provide one (1) employee to observe, and provide advice related to, the Caladan Expedition (the "*RMST Observer*").  Neither RMST nor the RMST Observer shall have any right or obligation to manage, control, direct, or lead the Caladan Expedition.

(b)     Caladan Duties. Caladan shall provide all equipment, facilities, services, vessels and property necessary to conduct the Caladan Expedition.

(c)     Termination.  This Agreement shall terminate and be of no further effect upon the earlier of (a) the mutual written consent of the parties, (b) the completion of the Caladan Expedition and (c) August 31, 2019; provided, that (i) Sections 2 - 6 shall survive any such termination in accordance with their terms and conditions and (ii) no such termination shall relieve any Party for liability for damages resulting from any breach of the covenants and agreements set forth in this Agreement.

2       Limitation of Liability; Indemnity.

(a)     In no event will RMST or any of its direct or indirect equity holders, directors, officers, managers, members, employees, agents, affiliates, representatives, successors or assigns ("*RMST Parties*") be liable to Caladan or its direct or indirect equity holders, directors, officers, managers, members, employees, agents, affiliates, representatives, successors and assigns (the "*Caladan Parties*") for any disputes, claims, losses, controversies, demands, rights, liabilities, obligations, costs, expenses (including reasonable attorneys' fees) actions and causes of action of any kind and nature

("*Liability*") arising out of, resulting from or relating to the Caladan Expedition unless and to the extent that it is determined by a final decision (after all appeals) of a court of competent jurisdiction that such Liability resulted from the gross negligence or willful misconduct of RMST.  This limitation of liability likewise applies to Caladan's potential liability to RMST as if the sub-paragraph was repeated with the RMST and Caladan names reversed.

(b)     Caladan will indemnify and hold harmless the RMST Parties from and against any and all Liability incurred by RMST Parties arising out of, resulting from or relating to the gross negligence or willful misconduct of Caladan in connection with the Caladan Expedition.

(c)     RMST will indemnify and hold harmless the Caladan Parties from and against any and all Liability incurred by Caladan Parties arising out of, resulting from or relating to the gross negligence or willful misconduct of RMST in connection with the Caladan Expedition.

3     Choice of Law and Jurisdiction.  The Parties agree (a) that this Agreement and any claim or controversy arising out of or related to this Agreement will be governed by the laws of the Commonwealth of Virginia or Federal law, as applicable; (b) to submit to personal jurisdiction in the Commonwealth of Virginia for resolution of any such controversy or claim; (c) to bring any legal action arising therefrom in the United States District Court for the Eastern District of Virginia, Norfolk Division; and (d) that the Parties hereby waive any challenge to the court's exercise of personal jurisdiction over them as well as to the propriety and/or convenience of venue of the court.

4     Successors and Assigns.  The terms of this Agreement shall be binding upon, and shall inure to the benefit of, the Parties hereto and their respective successors or heirs, assigns and personal representatives.  Neither Party may assign this Agreement without the prior written consent of the other Party and any attempt to do so without the prior written consent of the other Party shall be void and of no effect.

5     Relationship of Parties.  The Parties acknowledge and agree that, to the best of the Parties' knowledge, (i) RMST is the sole salvor in possession of the RMS Titanic wreck and wreck site and (ii) RMST has the sole and exclusive salvor's lien on all artifacts recovered from the wreck site.  EYOS, Caladan and each of their direct or indirect equity holders, directors, officers, managers, members, employees, agents, affiliates, representatives, successors and assigns shall not be co-salvors with RMST and nothing in this Agreement shall be construed as creating a relationship of co-salvor between the such persons and RMST.  Nothing herein shall be construed as creating a partnership, joint venture, agency, trust or other association of any kind, and neither party shall be able to bind or commit the other to any agreement with or obligations to any third party.

6     Entire Agreement.  This Agreement represents the entire understanding of the Parties with respect to the subject matter hereof and replaces all prior and contemporaneous communications, understandings and agreements.  This Agreement may not be amended except by a written document signed by both Parties.

*ACTIVE 43950847v5*

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be duly executed by their respective authorized officers as of the Effective Date.

**RMS TITANIC, INC.**

By: _____

Name:  Bretton Hunchak

Title:   President, RMS Titanic

**EYOS EXPEDITIONS LTD.**

By: _____

Name:  ROBERT DOUGALL MCCALLUM

Title:  FOUNDER.

**CALADAN OCEANIC, LLC**

By: _____

Name: Matthew Lipton

Title: _____

**IN WITNESS WHEREOF,** the Parties hereto have caused this Agreement to be duly executed by their respective authorized officers as of the Effective Date.

**RMS TITANIC, INC.**

By: _____

Name: Bretton Hunchak

Title: President, RMS Titanic

**EYOS EXPEDITIONS LTD.**

By: _____

Name: _____

Title: _____

**CALADAN OCEANIC, LLC**

By: _____

Name: Matthew Lipton

Title: Attorney in fact