JUL - 3 2019

CLERK,                  RICT COURT
                              VA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

R.M.S. TITANIC, INC.,
**successor-in-interest to**
**Titanic Ventures, limited partnership,**
          **Plaintiff,**

v.                                                    Civil Action No. 2:93cv902

**THE WRECKED AND ABANDONED VESSEL,**
**ITS ENGINES, TACKLE, APPAREL,**
**APPURTENANCES, CARGO, ETC., LOCATED**
**WITHIN ONE (1) NAUTICAL MILE OF A POINT**
**LOCATED AT 41 43/ 32' NORTH LATITUDE**
**AND 49 56' 49" WEST LONGITUDE,**
**BELIEVED TO BE THE R.M.S. TITANIC**
<u>in rem</u>,
          **Defendant.**

## <u>ORDER</u>

### IT APPEARING TO THE COURT:

1.      On May 21, 2019, NOAA notified the Court of a potential expedition to the

*Titanic* wreck site by Expedition Yacht Operations and Services ("EYOS"). On June 14, 2019,

EYOS provided a letter to the Court describing the intended scope and purposes of the

expedition. *See* ECF No. 551. This Court's constructive *in rem* jurisdiction is not impacted by

EYOS' current proposal as set forth in its June 14, 2019, letter. *See R.M.S. Titanic, Inc. v.*

*Haver*, 171 F.3d 943, 970 (4th Cir. 1999).

2.      At the July 3, 2019, Status Hearing, counsel for EYOS advised the Court that

EYOS was planning to support additional research activities at the wreck site for the purpose of

evaluating *Titanic 's* current condition and its deterioration.[1] NOAA believes the research is in

---

[1] During the 1998 and 2004 expeditions, a total of six trays containing wood and metal samples, were placed at the
*Titanic* wreck site for the purpose of studying bio-deterioration at the wreck. Two of the 1998 trays were recovered
in 2004, and four are believed to remain at the wreck site. According to EYOS, they plan to use a two-person

1

the public interest because it will provide important data and information regarding *Titanic* and its condition.

3.      This Court has barred cutting into or detaching any part of the wreck, *Order* dated July 28, 2000, at 3 (ECF No. 164), but has previously permitted limited activity at the wreck site for the purpose of scientific research which analyzes *Titanic's* condition and assists in its future preservation. *Memorandum Order* dated April 30, 2010, at 2 (ECF No. 338); Order dated September 27, 2018 (ECF No. 497). The Court concludes that the research activities proposed by EYOS are reasonable and consistent with this Court's prior orders for limited research at the wreck site.

4.      As evidenced by the endorsement of its counsel hereto, neither PAHL nor RMST object to EYOS conducting the activities set forth in this order; provided that RMST receives a copy of the expedition report EYOS will provide to NOAA, and the results of any analysis conducted on the recovered materials. RMST also plans to have an observer on board. By agreeing to this order, RMST does not waive its status as exclusive salvor-in-possession in any other respects, or its right to object to any other activities at the wreck site for any reason.

5.      The endorsement of EYOS' counsel to this Order signifies EYOS' consent to the terms of this Order and agreement to limit its activities at the wreck site in accordance with its letter request to the Court (ECF No. 551).

---

submersible to recover up to four trays (which EYOS suspects may have been moved from their original locations), and leave a new tray of approximately 12" x 18" x 12" in size to continue the research. *See* September 18, 2018, Status Hearing Exhibit 2; EYOS' letter of September 23, 2018, and enclosure therewith; EYOS' June 14, 2019 letter. EYOS also proposes to collect a small amount of rusticle samples by removing no more than 500 grams from the ends of rusticles, without scraping or touching the vessel itself. Rusticles "are complex microbiological structures that feed on the ship's iron, forming into the shape of icicles on the surface of the wreck." *Memorandum Order* dated April 30, 2010, at 2 (ECF No. 338).

2

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.     EYOS may recover up to four research trays that were left behind during the 1998 and 2004 expeditions; provided that each tray is visible and readily accessible, and may be retrieved without damage to the wreck, the wreck site or any associated artifacts.  EYOS shall document the location of the recovered trays and photograph their location before and after recovery.

2.     EYOS may place one new research tray at the wreck site similar to that depicted on page 1 of Exhibit 2 from the September 18, 2018, Status Hearing.  EYOS may place the tray on or near *Titanic's* bow, but only if such placement can be accomplished without damage to the wreck, the wreck site or any associated artifacts.  EYOS shall document the location of this sample tray placement and photograph the location before placement and after placement. The tray shall not be placed aft of the forecastle deck.

3.     EYOS is authorized to conduct a limited removal of rusticle samples (no more than 500 grams) from *Titanic*, provided that such removal can be accomplished without damage to the wreck, the wreck site or any associated artifacts.  EYOS is not authorized to scrape or damage the hull or any other part of the ship to collect the rusticles samples.  EYOS shall document the location on the wreck from where it takes the rusticle sample and photograph the location before and after recovery.

4.     EYOS shall provide to NOAA, RMST and this Court a copy of the expedition report (including the documentation required in ¶¶ 1 – 3) prepared by EYOS, and the results of any analysis conducted on the recovered materials.

3

5.     Except as expressly authorized herein, nothing in this order should be construed to alter or limit RMST's exclusive salvor-in-possession status, this Court's constructive *in rem* jurisdiction, or any prior orders of the Court concerning activities at the wreck site.

Rebecca Beach Smith.
United States District Court

At Norfolk, VA
This 3rd day of July, 2019

SEEN AND AGREED:

R.M.S. TITANIC, INC.,
Plaintiff

By:   _____
Brian Andrew Wainger 38476
Kaleo Legal
4456 Corporation Lane
Suite 135
Virginia Beach, VA 23462
Tel:  (757) 965-6804
Fax:  (757) 304-6175
Email: bwainger@kaleolegal.com

_____
David G. Barger, VSB #21662
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginina 22102
Tel:  (703) 749-1300
Fax:  (703) 749-1301
Email: Bargerd@gtlaw.com

*Counsel for R.M.S. Titanic, Inc.*

PREMIER ACQUISITION HOLDINGS, LLC,
Intervenor

4

By:

David G. Barger, VSB #21652
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginina 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: Bargerd@gtlaw.com

UNITED STATES OF AMERICA
*Amicus Curiae*

By:

Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov

EYOS EXPEDITIONS LTD.

By:

Robert M. Tata, VSB No. 30101
Hunton Andrews Kurth LLP
500 East Main Street, Suite 1301
Norfolk, VA 23510
Tel: 757-640-5300
Fax: 757-525-7720
btata@HuntonAL.com