IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

        Plaintiff,

v.                                      Civil Action No. 2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

        Defendant.

### PLAINTIFF R.M.S. TITANIC, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO FILE EXHIBITS 1-6 OF ITS AUGUST 1, 2019 PERIODIC REPORTC UNDER SEAL

    Plaintiff RMS Titanic, Inc. ("RMST"), by counsel, hereby submits this Memorandum in support of its Motion to File Exhibits 1-6, including Exhibits 4A and 5A, Under Seal (the "Motion"). On August 1, 2019, RMST filed a Periodic Report responding to certain questions the Court raised at the July 3, 2019, status hearing. The Court recognized that it may be appropriate for RMST in responding to the questions raised to perhaps file the various agreements and updates under seal.

    RMST respectfully submits that Exhibits 1-6, including Exhibits 4A and 5A, are appropriately filed under seal. All of Exhibits 1-5 are company agreements that reflect confidential and business sensitive and perhaps proprietary information. Similarly, Exhibit 6 is a list of curation and conservation priority worthy Titanic Artifacts identified by company personal pursuant to the Court's request. All of the exhibits contain company sensitive information and given the competitive nature of the exhibition business, Plaintiff respectfully submits that it is

1

appropriate to retain this company information under seal. RMST asks that the Court grant the Motion and file under seal the referenced Exhibits.

### ARGUMENT

A.    **The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

(1)    Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2)    Consider less drastic alternatives to sealing the documents; and

(3)    Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing under seal Exhibits G and I of RMST's Due Diligence Exhibits is appropriate.

    1.    **Public Notice Is Provided**

Entry of the attached Notice of Presentation of Sealing Order by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering the permissibility of the sealing of RMST's Exhibits, and provide sufficient time for objection.

*See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

## 2. There Are No Less Drastic Alternatives

RMST has previously shown it does not simply move to seal information it submits to the Court. In this instance, the proposed Exhibits all are in response to questions raised by the Court, and involve either company agreements containing confidential and proprietary company information (Exhibits 1-5), or sensitive internal proprietary information (Exhibit 6).

## 3. Specific Reasons Why the Exhibits Should Be Filed Under Seal

The exhibits that RMST has moved to be sealed each contain highly confidential information that would substantially harm RMST and PAHL, The potential harms to RMST and PAHL resulting from public disclosure far outweighs any prejudice to the general public cause by nondisclosure of the information.

In sum, the harm resulting to RMST and other third parties resulting from the disclosure of the information in Exhibits 1-6 outweigh any prejudice of nondisclosure.

## CONCLUSION

For the foregoing reasons, RMST respectfully requests that the Court grant RMST's Motion to File Exhibits 1-6 Under Seal.

Respectfully submitted,

R.M.S. TITANIC, INC.

By Counsel
/s *David G. Barger*
David G. Barger, VSB #21652
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: Bargerd@gtlaw.com

                                                                                  */s/*  
Robert W. McFarland (VSB #24021)  
McGuireWoods LLP  
9000 World Trade Center  
Norfolk, VA  23510  
Tele: 757/640-3716  
Fax: 757/640-3966  
Email: rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)  
Kaleo Legal  
4456 Corporation Lane, Suite 135  
Virginia Beach, VA 23462  
Tele: 757/965-6804  
Fax: 757/304-6175  
Email: bwainger@kaleolegal.com

4

## CERTIFICATION

I hereby certify that the foregoing has been electronically filed through the Court's ECF system this 1st day of August, 2019.

R.M.S. TITANIC, INC.

By Counsel
/s *David G. Barger*
David G. Barger, VSB #21652
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: Bargerd@gtlaw.com
