IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

R.M.S. TITANIC, INC.,
successor in interest to Titanic
Ventures, limited partnership,

        Plaintiff,

v.                                                  Civil Action No.  2:93cv902

The Wrecked and Abandoned
Vessel, . . .believed to be
the RMS TITANIC, in rem,

        Defendant.

**PLAINTIFF R.M.S. TITANIC, INC.'S MEMORANDUM IN SUPPORT OF
MOTION TO FILE EXHIBITS TO AUGUST 12 SUPPLEMENTAL PERIODIC
REPORT UNDER SEAL**

    Plaintiff RMS Titanic, Inc. ("RMST"), by counsel, hereby submits this Memorandum in Support of its Motion to File Exhibits A, B, and C of its August 12, 2019, Supplemental Periodic Report under seal.  These exhibits and the August 12, 2019, Supplemental Periodic Report concern the transfer of the lease for two safe deposit boxes from the custody of McGuire Woods to Greenberg Traurig.

    On August 12, 2019, RMST filed a Supplemental Periodic Report concerning the review of artifacts located in two safe deposit boxes located in a financial institution in Norfolk, Virginia, and the transfer of the lease of those safe deposit boxes from McGuire Woods to Greenberg Traurig. At the July 3, 2019, hearing the Court recognized that it may be appropriate for RMST in completing the transfer of the lease to perhaps file the declaration and affidavit under seal.

1

RMST respectfully submits that Exhibits A, B, and C, describing the review and transfer, including 15 photographs of the 6 artifacts, should be placed under seal. RMST asks that the Court grant the Motion and file under seal Exhibits A, B and C.

## ARGUMENT

A.     **The Ashcraft Requirements Have Been Properly Satisfied**

In *Ashcraft et al. v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000), the Fourth Circuit held that the district court's underlying order sealing settlement documents was invalid because the district court had not complied with relevant precedent. *Id*. at 302. The *Ashcraft* court relied on two earlier Fourth Circuit cases when setting forth the procedures for sealing court documents: *In re Knight Publishing Co.*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland*, 855 F.2d 178 (4th Cir. 1988). According to the *Ashcraft* court, before a district court may seal court documents it must:

(1)   Give public notice of the request to seal and allow interested parties a reasonable opportunity to object;

(2)   Consider less drastic alternatives to sealing the documents; and

(3)   Provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives.

*Ashcraft*, 218 F.3d at 288. Overall, a "trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight*, 743 F.3d at 235. As presented in more detail below, filing under seal Exhibits A, B, and C is appropriate.

1.     **Public Notice Is Provided**

Entry of the filed Notice of Presentation of Sealing Order by the Clerk onto the Court's docket will notify members of the public of the fact that the Court will be considering the

2

permissibility of the sealing of RMST's Exhibits, and provide sufficient time for objection. *See In re Knight*, 743 F.2d at 235 (stating that "public was entitled to notice of counsel's request to seal, and an opportunity to object to the request before the court made its decision").

### 2. There Are No Less Drastic Alternatives

RMST has previously shown it does not simply move to seal information it submits to the Court. In this instance, the proposed Exhibits all are in response to questions raised by the Court concerning the transfer of the lease and custody of the safe deposit boxes and the artifacts contained in those two boxes.

### 3. Specific Reasons Why the Exhibits Should Be Filed Under Seal

Exhibits A and B each identify the financial institution where the safe deposit boxes are located, the process for review, and list the 6 artifacts contained in the two boxes. Exhibit C consists of 15 photographs of the 6 artifacts. RMST has always kept the exact locations of the exhibits that are not presently on public display secret, to prevent possible theft attempts, and this is a requirement of its insurers. RMST would not want where these jurisdictional artifacts are kept, and which ones are in Norfolk, known to the public. The photographs of the artifacts are also proprietary and are likely to have economic value if not otherwise released to the general public. The potential harms to RMST and PAHL resulting from public disclosure far outweighs any prejudice to the general public cause by nondisclosure of the information.

In sum, the harm resulting to RMST and other third parties resulting from the disclosure of the information in Exhibits A, B and C, outweigh any prejudice to the public from nondisclosure.

### CONCLUSION

For the foregoing reasons, RMST respectfully requests that the Court grant RMST's Motion to File Exhibits A, B and C Under Seal.

3

Respectfully submitted,

R.M.S. TITANIC, INC.

By Counsel
/s *David G. Barger*
David G. Barger, VSB #21652
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel:  (703) 749-1300
Fax:  (703) 749-1301
Email: Bargerd@gtlaw.com

       */s/*
Robert W. McFarland (VSB #24021)
McGuireWoods LLP
9000 World Trade Center
Norfolk, VA  23510
Tele: 757/640-3716
Fax: 757/640-3966
Email: rmcfarland@mcguirewoods.com

Brian A. Wainger (VSB #38476)
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tele: 757/965-6804
Fax: 757/304-6175
Email: bwainger@kaleolegal.com

## CERTIFICATION

      I hereby certify that the foregoing has been electronically filed through the Court's ECF system this 12th day of August, 2019.

      R.M.S. TITANIC, INC.

      By Counsel
      /s *David G. Barger*
      David G. Barger, VSB #21652
      GREENBERG TRAURIG, LLP
      1750 Tysons Boulevard, Suite 1000
      McLean, Virginia 22102
      Tel:  (703) 749-1300
      Fax:  (703) 749-1301

      Email: Bargerd@gtlaw.com