

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to Titanic
Ventures, limited partnership,

           Plaintiff,

v.

                                      CIVIL ACTION NO. 2:93cv902

THE WRECKED AND ABANDONED VESSEL, ITS
ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A
POINT LOCATED AT 41 43' 32" NORTH
LATITUDE AND 49 56' 49" WEST
LONGITUDE, BELIEVED TO BE THE R.M.S.
TITANIC, IN REM,

           Defendant.

## ORDER

This matter comes before the court on R.M.S. Titanic, Inc.'s ("RMST") Motion to File Periodic Report Exhibits 1-6 Under Seal ("Motion"), filed on August 1, 2019. ECF No. 558. RMST's Motion requests that Exhibits 1-6, ECF No. 562, be filed under seal. No objections to the Motion have been filed.

Fourth Circuit precedent requires the court to "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the

documents and for rejecting the alternatives." <u>Ashcraft v. Conoco, Inc.</u>, 218 F.3d 288, 302 (4th Cir. 2000).

The procedure set forth in Rule 5 of the Local Civil Rules for the Eastern District of Virginia is sufficient to provide public notice. <u>See</u> E.D. Va. Local Civ. R. 5. Rule 5 requires a motion to file under seal be accompanied by "a separate non-confidential notice that specifically identifies the motion as a sealing motion." <u>Id.</u> This notice "inform[s] the parties and non-parties that they may submit memoranda in support of or in opposition to the motion within seven (7) days after the filing of the motion to seal," and "any person objecting to the motion must file an objection with the Clerk within seven (7) days after the filing of the motion to seal." <u>Id.</u> "[I]f no objection is filed in a timely manner, the Court may treat the motion as uncontested." <u>Id.</u>

On August 1, 2019, in accordance with Local Civil Rule 5, RMST filed a Notice of Plaintiff R.M.S. Titanic, Inc.'s Motion to File Exhibits 1-6 Under Seal ("Notice"). ECF No. 560. The Notice was available on the public docket and sufficiently notified the public of RMST's request. As of the date of this Order, no objections or opposition to sealing have been filed or submitted. Accordingly, the court will treat the Motion as uncontested.

RMST filed Exhibits 1-6 in response to the court's inquiries at the July 3, 2019 Status and Motion Hearing. Exhibits 1-6 are as

2

follows: (1) Assignment and Assumption Agreement, Ex. 1, ECF No. 562; (2) Restated Intercompany Services and Exhibition Touring Rights License Agreement between Premier Exhibition Management, LLC and RMST dated March 1, 2012, Ex. 2, ECF No. 562-1; (3) Intercompany Agreement between Premier Exhibitions, Inc. and RMST dated March 1, 2012, Ex. 3, ECF No. 562-2; (4) Restated Intercompany Services and Exhibition Touring Rights License Agreement between EMG (US) and RMST dated July 29, 2019, Ex. 4, ECF No. 562-3; (4a) Redline Comparison of Exhibits 2 and 4, Ex. 4a, ECF No. 562-4; (5) Intercompany Agreement between EMG (US) and RMST dated July 29, 2019, Ex. 5, ECF No. 562-5; (5a) Redline Comparison of Exhibits 3 and 5, Ex. 5a, ECF No. 562-6; and (6) Conservation and Curatorial Priorities List, Ex. 6, ECF No. 562-7.

The court finds that there are no less drastic alternatives to sealing Exhibits 1 and 6, ECF Nos. 562, 562-7. Where, as here, Exhibits 1 and 6 consist of highly sensitive, confidential, and proprietary information, redaction is not an option and sealing is necessary.

The two Intracompany Agreements, Exhibits 2 and 3, ECF Nos. 562-1, 562-2, were previously filed under seal in 2012 as Exhibits C and A, ECF Nos. 383-3, 383-1, respectively. However, Exhibits 2 and 3, ECF Nos. 562-1, 562-2, were filed on the public docket as Exhibit K to RMST's Due Diligence submission more recently, in November 2018, ECF No. 510-11. As Exhibits 2 and 3

3

are currently available on the public docket as Exhibit K to RMST's Due Diligence submission and have been available on the public docket for nine (9) months, the court concludes that Exhibits 2 and 3 do not contain highly sensitive, confidential, or proprietary information such that they should now be filed under seal.

Exhibits 4 and 5, ECF Nos. 562-3, 562-5, are the current versions of the Intracompany Agreements between EMG (US) and RMST. Exhibits 4a and 5a, ECF Nos. 562-4, 562-6, are redline comparisons of the prior and current versions of the Intracompany Agreements. As the prior versions of the Intracompany Agreements, Exhibits 2 and 3, are currently available on the public docket as Exhibit K to RMST's Due Diligence submission, and as there are no material changes between the prior and current versions of the Intracompany Agreements, Exhibits 4, 4a, 5, and 5a also do not contain highly sensitive, confidential, or proprietary information such that they should be filed under seal.

For these reasons, and for good cause shown, the court **GRANTS IN PART AND DENIES IN PART** RMST's Motion, ECF No. 558. The court **DIRECTS** the Clerk to file Exhibits 1 and 6, ECF Nos. 562, 562-7, under seal. The court **DIRECTS** RMST to refile Exhibits 2, 3, 4, 4a, 5, and 5a unsealed on the public docket.

The Clerk is **DIRECTED** to send a copy of this Order to counsel for all parties.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
United States District Judge

REBECCA BEACH SMITH
UNITED STATES DISTRICT JUDGE

August 16, 2019