# EXHIBIT 5a



# INTERCOMPANY AGREEMENT

THIS AGREEMENT, to be effective the ~~1st~~29th day of ~~March~~July, ~~2012~~2019 (the "Effective Date"), is made and entered into by and between ~~Premier Exhibitions, Inc. ("PRXI"), a Florida corporation~~Experiential Media Group 'EMG' LLC ("EMG"), a Delaware limited liability company, and RMS Titanic, Inc. ("RMST"), a Florida corporation.

**RECITALS**

WHEREAS, in connection with the Asset Purchase Agreement, dated as of June 14, 2018, as amended, by and among Premier Acquisition Holdings LLC, Premier Exhibitions, Inc. ("PRXI"), a Florida corporation as a seller, the other sellers set forth therein and RMST, PRXI assigned to EMG that certain Intercompany Agreement dated March 1, 2012 (the "PRXI Agreement"); and

WHEREAS, the parties desire to restate the PRXI Agreement to reflect such assignment; and

WHEREAS, RMST is in need of certain Services (as such term is defined herein) relating to RMST's operations and ~~PRXI~~EMG has the resources and the ability to undertake to provide such; and

NOW THEREFORE, in consideration of the premises and the mutual covenants contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, RMST and ~~PRXI~~EMG (hereinafter collectively referred to as "the "Parties") hereby agree as follows:

**ARTICLE I**
**SERVICES TO BE PROVIDED**

**Section 1.1. Services.** ~~PRXI~~EMG hereby agrees to provide RMST the services set forth on **Exhibit A**, attached hereto, including without limitation, certain accounting, legal and management services, and the use of office space and equipment (the "Services"). ~~PRXI~~EMG agrees to use its best efforts in the performance of the Services hereunder.

**Section 1.2. Time and Place of Performance.** The Parties shall provide the Services at such place or places and during such times as the Parties mutually agree may be necessary or appropriate.

**Section 1.3. Nonexclusive Service.** The Parties acknowledge and agree that nothing contained in this Agreement shall confer upon RMST an exclusive right to ~~PRXI~~EMG's services.

**Section 1.4. Licenses and Permits.** ~~PRXI~~EMG agrees that it shall obtain and maintain all applicable permits, approvals and licenses required in connection with performing its duties and obligations hereunder and shall at all times comply with the terms and conditions of such permits, approvals and licenses.

**Section 1.5. Additional Services.** The Parties acknowledge that each party may, from time to time during the term of this Agreement, request that the other party provide additional services under this Agreement. The Parties shall negotiate with one another in good faith to reach agreement on the scope

and terms of such services and the consideration for such additional services (which shall be negotiated between the parties acting at arm's length). The requesting party shall provide the other sufficient advance notice of the need for such additional services to permit the other party to accommodate such request, and to facilitate such negotiation of the terms and consideration for such services. In the event that the Parties do reach an agreement, such additional services shall be deemed included within the overall Services being provided by the applicable Party under this Agreement.

**Section 1.6. Obligations of RMST.** RMST shall (i) provide PRXIEMG with such direction and instructions relating to the Services as is necessary or appropriate; (ii) comply with all reasonable requests for instructions which PRXIEMG may make in order to perform the Services hereunder; and (iii) notify PRXIEMG of any additional services, or request for change in services currently rendered, sufficiently in advance to allow PRXIEMG reasonable time to accommodate such requests (subject to Section 1.5 above).

## ARTICLE II
## REVENUE AND EXPENSES

**Section 2.1. General and Administrative Services.** In consideration of the General and Administrative Services provided by PRXIEMG, RMST shall reimburse PRXIEMG for five percent (5%) of all costs incurred in the provision of the services outlined in Exhibit A to RMST. These services are for the following departments of PRXI EMG – Board, Executive, Legal, Information Technology, Accounting and Finance and Administration. Such costs shall include but not be limited to professional fees, employee-related expenses (salary and benefits), office expenses, and unallocated travel and entertainment expenses.

**Section 2.2. Payment of Fees.** RMST shall deliver or cause to be delivered to PRXIEMG the reimbursements outlined in Section 2.1 of this Article no later than fifteen (15) days from the close of PRXIEMG's quarterly accounting cycle. Payments pursuant to this Agreement may be made by intercompany transfer.

## ARTICLE III
## TERM; TERMINATION; EFFECT OF TERMINATION

**Section 3.1. Term.** This Agreement be effective as of the Effective dateDate contained herein, and shall remain in effect for a period of one (1) year from the Effective Date and shall automatically renew at the end of such year, and each succeeding year, unless terminated by either party as provided below.

**Section 3.2. Termination.** Either party may terminate this Agreement by a written notice sent to the other party not less than thirty (30) days prior to the effective date of termination. Notwithstanding any provision to the contrary herein contained, in the event of a change of control in the current ownership structure of either of the Parties, each shall have the option, in its sole discretion, to terminate this Agreement by giving ten (10) days written notice.

**Section 3.3 Effect of Termination.** Upon the termination of this Agreement, all rights and obligations of each Party under this Agreement shall immediately thereafter cease; provided, however, that the provisions of Section 3.3, Article 4, Article 5, Article 6, and Article 7 shall survive any termination of

this Agreement, and further provided, that the payment obligations under Article 2 shall survive any termination of this Agreement if, and to the extent, any Fees have accrued or are otherwise due and owing as of the date of termination of this Agreement.

### ARTICLE IV
### CONFIDENTIALITY

**Section 4.1. Confidentiality by RMST.** RMST covenants to ~~PRXI~~EMG that it shall, and shall cause its affiliates, to keep secret and maintain in confidence any confidential and proprietary information and data of ~~PRXI~~EMG that is obtained or used in connection with the performance of the General and Administrative Services hereunder.

**Section 4.2. Confidentiality by ~~PRXI~~EMG.** ~~PRXI~~EMG covenants to RMST that ~~PRXI~~EMG shall, and shall cause its affiliates, to keep secret and maintain in confidence any confidential and proprietary information and data of RMST that is obtained or used in connection with the performance of the General and Administrative Services hereunder.

### ARTICLE V
### INDEMNIFICATION

**Section 5.1. Indemnification by ~~PRXI~~EMG.** ~~PRXI~~EMG and each of its successors and assigns, jointly and severally, hereby agree to indemnify RMST and its successors and assigns against, and agree to hold them harmless from, any and all claims, losses, liabilities, damages (including fines, penalties, and criminal or civil judgments and settlements), costs (including court costs) and expenses (including reasonable attorneys' and accountants' fees) incurred or suffered by RMST and/or its successors and assigns arising out of or in connection with ~~PRXI~~EMG's breach of any covenant, representation, warranty or obligation of ~~PRXI~~EMG under this Agreement or ~~PRXI~~EMG's performance of General and Administrative Services under this Agreement.

**Section 5.2. Indemnification by RMST.** RMST and each of its successors and assigns, jointly and severally, hereby agree to indemnify ~~PRXI~~EMG and its successors and assigns against, and agree to hold them harmless from, any and all claims, losses, liabilities, damages (including fines, penalties, and criminal or civil judgments and settlements), costs (including court costs) and expenses (including reasonable attorneys' and accountants' fees) incurred or suffered by ~~PRXI~~EMG and/or its successors and assigns arising out of or in connection with RMST's breach of any covenant, representation, warranty or obligation of RMST under this Agreement.

### ARTICLE VI
### BOOKS AND RECORDS

**Section 6.1. Examination of Book and Records.** ~~PRXI~~EMG and RMST shall create and maintain complete and accurate books and records in connection with the provision of the Services in this Agreement, and each shall have the right at its respective expense to examine the books and records of the other Party during normal business hours at such other Party's offices on giving reasonable notice for the purpose of auditing such records with respect to the performance of the obligations set forth in this Agreement.

**ARTICLE VII**
**MISCELLANEOUS**

**Section 7.1.   Notices.** Any and all notices, elections, offers, acceptances, and demands permitted or required to be made under this Agreement shall be in writing, signed by or on behalf of the Party making the same, shall specify the Section hereunder pursuant to which it is given or being made, and shall be delivered personally or by telecopy transmission or sent by registered or certified mail (return receipt requested) as follows:

> If to ~~PRXI~~EMG:        3340 Peachtree Road NE Suite 900
> Atlanta, GA 30326
> Attention: ~~Michael J. Little~~ Jessica Sanders
> ~~Fax: 404-842-2626~~
>
> If to RMST:        3340 Peachtree Road NE Suite 900
> Atlanta, GA 30326
> Attention: ~~Robert A. Brandon~~Jessica Sanders
> ~~Fax: 914-304-8131~~

or to such other address or to such other person or persons designated in writing by such Party, as the case may be. Any such notice, communication or delivery shall be deemed given or made (a) on the date of delivery if delivered in person, (b) upon transmission by facsimile if receipt is confirmed by telephone or (c) on the fifth (5th) business day after it is mailed by registered or certified mail.

**Section 7.2. Force Majeure.** If the performance of any part of this Agreement by either party, or of any obligation under this Agreement, is prevented, restricted, interfered with, or delayed by reason of any cause beyond the reasonable control of the Party liable to perform, unless conclusive evidence to the contrary is provided, the Party so affected shall, on giving written notice to the other Party, be excused from such performance to the extent of such prevention, restriction, interference, or delay, provided that the affected party shall use its reasonable best efforts to avoid or remove such causes of nonperformance and shall continue performance with the utmost dispatch whenever such causes are removed. When such circumstances arise, the Parties shall discuss what, if any, modification of the terms of this Agreement may be required in order to arrive at an equitable solution.

**Section 7.3. Successors and Assigns.** This Agreement shall be binding on and shall inure to the benefit of the Parties, their respective successors, successors in title, and assigns, and each Party agrees, on behalf of it, its successors, successors in title, and assigns, to execute any instruments that may be necessary or appropriate to carry out and execute the purpose and intentions of this Agreement and hereby authorizes and directs its successors, successors in title, and assigns to execute any and all such instruments. Each and every successor in interest to any Party, whether such successor acquires such interest by way of gift, devise, assignment, purchase, conveyance, pledge, hypothecation, foreclosure, or by any other method, shall hold such interest subject to all of the terms and provisions of this Agreement. The rights of the Parties and their successors in interest shall be governed by the terms of this Agreement, and the right of any Party or successor in interest to assign sell, or otherwise transfer or

deal with its interests under this Agreement shall be subject to the limitations and restrictions of this Agreement.

**Section 7.4. Amendment.** No change, modification, or amendment of this Agreement shall be valid or binding on the Parties unless such change or modification shall be in writing signed by the Party or Parties against whom the same is sought to be enforced.

**Section 7.5. Limitation of Liability.** ~~PRXI~~EMG will not be liable to RMST, or any other person or entity, for special, indirect, consequential or punitive damages caused by, attributable to, or arising in connection with, the performance, non-performance or delayed performance of the services contemplated by this Agreement, or any act or omission of ~~PRXI~~EMG or any person or entity acting on behalf of ~~PRXI~~EMG, whether negligent or otherwise, including without limitation, damages relating to loss of profit or business interruption, however such damages may be caused, except for such damages attributable to ~~PRXI~~EMG's or such other person's or entity's fraud, bad faith or willful misconduct. ~~PRXI~~EMG will not be liable for any failure to perform or any delay in the performance of its obligations hereunder due to Force Majure (as defined in Section 7.2 above) or any cause beyond the reasonable control of ~~PRXI~~EMG. RMST will not be liable to ~~PRXI~~EMG, or any other person or entity, for special, indirect, consequential or punitive damages caused by, attributable to, or arising in connection with, the performance, non-performance or delayed performance of the services contemplated by this Agreement, or any act or omission of RMST or any person or entity acting on behalf of RMST, whether negligent or otherwise, including without limitation, damages relating to loss of profit or business interruption, however such damages may be caused, except for such damages attributable to RMST's or such other person's or entity's fraud, bad faith or willful misconduct. RMST will not be liable for any failure to perform or any delay in the performance of its obligations hereunder due to Force Majure (as defined in Section 7.2 above) or any cause beyond the reasonable control of RMST.

**Section 7.6. Remedies Cumulative.** The remedies of the Parties under this Agreement are cumulative and shall not exclude any other remedies to which any Party may be lawfully entitled.

**Section 7.7. Exhibits.** All exhibits hereto are hereby incorporated into this Agreement and made part hereof as if set out in full in this Agreement.

**Section 7.8. Further Assurances.** Each Party hereby covenants and agrees that it shall execute and deliver such deeds and other documents as may be required to implement any of the provisions of this Agreement.

**Section 7.9. No Waiver.** The failure of any Party to insist on strict performance of a covenant hereunder or of any obligation hereunder shall not be a waiver of such Party's right to demand strict compliance therewith in the future, nor shall the same be construed as a novation of this Agreement.

**Section 7.10. Integration.** This Agreement constitutes the full and complete agreement of the Parties regarding the subject matter contained herein.

**Section 7.11. Applicable Law.** The validity, construction, and performance of this Agreement shall be governed by and construed in accordance with the laws of the State of Georgia, regardless of the laws that might otherwise govern under applicable principles of the conflicts of law. Any claim arising under

this Agreement shall be prosecuted exclusively in a federal or state court of competent jurisdiction located within the City of Norfolk, Virginia, USA, and the parties consent to the jurisdiction of such court and to the service of process by mail at the respective addresses of the parties as set forth above.

**Section 7.12. Severability.** In the event any provision, clause, sentence, phrase, or word hereof, or the application thereof in any circumstances, is held to be invalid or unenforceable, such invalidity or unenforceability shall not affect the validity or enforceability of the remainder hereof, or of the application of any such provision, sentence, clause, phrase, or word in any other circumstances.

**Section 7.13. No Assignment.** Except as expressly permitted under this Agreement, no Party may assign any of its rights or obligations hereunder to any other Person without the prior written consent of the other Parties. Any attempted assignment of this Agreement in violation of this Section 7.13 shall be void and of no effect. This Agreement shall be binding upon, inure to the benefit of and be enforceable by the Parties and their respective successors and permitted assigns.

**Section 7.14. No Third-Party Beneficiaries.** This Agreement is for the sole benefit of the Parties and their permitted assigns, and nothing herein express or implied shall give or be construed to give to any Person, other than the Parties and such assigns, any legal or equitable rights hereunder.

**Section 7.15. No Agency or Partnership.** Nothing in this Agreement will create, or will be deemed to create, a partnership or the relations of principal and agent or of employer and employee between the Parties. Except for provisions herein expressly authorizing one Party to act for another, this Agreement shall not constitute any Party as a legal representative or agent of any other Party, nor shall a Party have the right or authority to assume, create or incur any liability or any obligation of any kind, expressly or implied, against or in the name or on behalf of any other Party unless otherwise expressly permitted by such Party.

IN WITNESS WHEREOF, the Parties have executed this Agreement effective on the date first written above.

~~PREMIER EXHIBITIONS, INC.~~
<u>EXPERIENTIAL MEDIA GROUP 'EMG' LLC</u>

By: _____

Name: _____

Title: _____


RMS TITANIC, INC.

By: _____

Name: _____

Title: _____

## EXHIBIT A

The General and Administrative Services that ~~PRXI~~ EMG shall provide to RMST shall consist of:

1. Accounting Services. ~~PRXI~~ EMG shall provide accounting services to RMST including, but not limited to internal and external independent auditing services, including the services of the independent public accountant.

2. Corporate Record Keeping Services. ~~PRXI~~ EMG shall maintain all official corporate records relating to RMST, until such time as such records shall be disposed of in accordance with applicable legal requirements and ~~PRXI~~ EMG's normal record disposition policies.

3. Legal Services. ~~PRXI~~ EMG shall provide advice on business related and other corporate legal matters, including, but not limited to, negotiations and preparation of documents and agreements; assistance with UCC filings; drafting, reviewing and assistance with execution of legal documents and contracts; and coordination of defense for any civil or criminal litigation arising from RMST's regular business operations, all through the use of outside counsel or consultants, as appropriate.

4. Tax Services. ~~PRXI~~ EMG shall (or shall cause a third party to) provide tax consulting to RMST, including, as needed, advice and consultation on federal, state, local and international tax issues and negotiations with tax authorities as necessary.

5. Office and Office Equipment. ~~PRXI~~ EMG shall provide RMST with adequate corporate office space and the use of office furnishings and equipment.

6. Other Services. ~~PRXI~~ EMG and / or its subsidiaries shall provide RMST with general management and miscellaneous support functions related to the foregoing or as requested by RMST.

-

| Document comparison by Workshare 9.5 on Monday, July 29, 2019 5:57:57 PM | |
|---|---|
| **Input:** | |
| Document 1 ID | interwovenSite://DMS-AMERICAS/ACTIVE/44804117/1 |
| Description | #44804117v1<ACTIVE> - 2019 4 12 PAHL-RMST Compare |
| Document 2 ID | interwovenSite://DMS-AMERICAS/ACTIVE/44804117/4 |
| Description | #44804117v4<ACTIVE> - EMG - RMST Intercompany Agreement |
| Rendering set | GT-1 |

| Legend: | |
|---|---|
| Insertion | |
| Deletion | |
| Moved from | |
| Moved to | |
| Style change | |
| Format change | |
| Moved deletion | |
| Inserted cell | |
| Deleted cell | |
| Moved cell | |
| Split/Merged cell | |
| Padding cell | |

| Statistics: | |
|---|---|
| | Count |
| Insertions | 58 |
| Deletions | 56 |
| Moved from | 0 |
| Moved to | 0 |
| Style change | 0 |
| Format changed | 0 |
| Total changes | 114 |

-