Reset Form     Print Form

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

APPLICATION TO QUALIFY AS A FOREIGN ATTORNEY UNDER LOCAL CIVIL RULE 83.1(D) AND LOCAL CRIMINAL RULE 57.4

In Case Number 2:93cv902 , Case Name RMS Titanic v. Wrecked & Abandoned Vess
Party Represented by Applicant: Plaintiff

To: The Honorable Judges of the United States District Court for the Eastern District of Virginia

PERSONAL STATEMENT

FULL NAME (no initials, please) David George Concannon
Bar Identification Number see attached.    State PA/NJ/ID
Firm Name CONCANNON & CHARLES
Firm Phone # (610) 293-8084       Direct Dial # same       FAX # (877) 736-2434
E-Mail Address david@davidconcannon.com
Office Mailing Address 100 Sun Valley Road, No. 329, Sun Valley, Idaho 83353

Name(s) of federal court(s) in which I have been admitted Please see attached.

I certify that the rules of the federal court in the district in which I maintain my office extend a similar *pro hac vice* admission privilege to members of the bar of the Eastern District of Virginia.

I have not been reprimanded in any court nor has there been any action in any court pertaining to my conduct or fitness as a member of the bar.

I hereby certify that, within ninety (90) days before the submission of this application, I have read the Local Rules of this Court and that my knowledge of the Federal Rules of Civil Procedure, the Federal Rules of Criminal Procedure, and the Federal Rules of Evidence is current.

I am ____ am not  X  a full-time employee of the United States of America, and if so, request exemption from the admission fee.

David George Concannon
(Applicant's Signature)

I, the undersigned, do certify that I am a member of the bar of this Court, not related to the applicant; that I know the applicant personally, that the said applicant possesses all of the qualifications required for admission to the bar of this Court; that I have examined the applicant's personal statement. I affirm that his/her personal and professional character and standing are good, and petition the court to admit the applicant *pro hac vice*.

Brian W        12/17/19
(Signature)    (Date)
Brian Wainger   38476
(Typed or Printed Name)    (VA Bar Number)

Court Use Only:

Clerk's Fee Paid _____ *or* Exemption Granted _____

The motion for admission is GRANTED _____ *or* DENIED _____

_____        _____
(Judge's Signature)              (Date)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

**Norfolk Division**

R.M.S. TITANIC, INC.,

successor-in-interest to

Titanic Ventures, limited partnership,

    Plaintiff,

v.                                                    Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL, et al

    Defendant.

## DECLARATION OF DAVID G. CONCANNON, ESQ. IN SUPPORT OF MOTION FOR ADMISSION TO APPEAR *PRO HAC VICE*

    I, David G. Concannon, Esquire, being sworn, certify that the following statements are true:

    1.    I reside primarily in Sun Valley, Idaho, and secondarily in Ocean City, New Jersey. I am not a resident of the Commonwealth of Virginia.

    2.    I am an attorney and a member of the law firm of Concannon & Charles, with offices at: (1) 859 Ocean Ave., #596, Ocean City, New Jersey 08226, Telephone: (610) 293-8084; and (2) 100 Sun Valley Road, No. 329, Sun Valley, Idaho 83353, Telephone: (208) 309-3380.

    3.    I am an active member in good standing and currently eligible to practice law in the following jurisdictions:

- Commonwealth of Pennsylvania, Bar No. 61483
- State of New Jersey, Bar No. 008511991
- State of Idaho, Bar No. 10294
- United States Supreme Court
- United States Court of Appeals for the First Circuit
- United States Court of Appeals for the Third Circuit
- United States Court of Appeals for the Fourth Circuit
- United States Court of Appeals for the Fifth Circuit
- United States District Court for the Eastern District of Pennsylvania
- United States District Court for the Middle District of Pennsylvania
- United States District Court for the District of New Jersey
- United States District Court for the District of Idaho

4.  In addition to the foregoing, I have been admitted to practice on a *pro hac vice* basis by state and federal courts in California, Florida, Illinois, Louisiana, Maine, Missouri, North Carolina, New Hampshire, New York, Rhode Island, Texas, Utah, Virginia and West Virginia.

5.  There have been no disciplinary, suspension, disbarment, or contempt proceedings initiated against me in the preceding five (5) years, or at any time since I was first admitted to practice law in 1991.

6.  I, either by resignation, withdrawal, or otherwise, have never terminated or attempted to terminate my office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings in any jurisdiction.

7.  I am not an inactive member of The Commonwealth of Virginia Bar.

8. I am not now a member of The Commonwealth of Virginia Bar.

9. I am not a suspended member of The Commonwealth of Virginia Bar.

10. I am not a disbarred member of The Commonwealth of Virginia Bar, nor have I received a disciplinary resignation from The Commonwealth of Virginia Bar.

11. I have not previously been disciplined or held in contempt by reason of misconduct committed while engaged in representation.

12. Due to my extensive expertise in the highly technical and specialized areas of advising companies and individuals engaged in exploration on legal and operational issues, including United States and international law related to deep water search and recovery, my law firm and I are sought out by companies and individuals around the world to provide legal and consulting services in these areas. My law firm and I perform this legal work in one of the offices that my firm currently maintains or did maintain and, occasionally, on a *pro hac vice* basis in jurisdictions where admiralty cases may be filed or are ongoing.

13. I have nearly 22 years of legal and operational experience related to the *R.M.S. Titanic*, including, but not limited to, the following:

- In 1998 and 1999, I represented and advised three of the non-parties that were specifically named in the injunction entered by the District Court and The Explorers Club in *R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 969-71 (4th Cir.), *cert. denied*, 528 U.S. 825 (1999) ("*Haver*"), when the case was on appeal in the United States Court of Appeals for the Fourth Circuit and in the United States Supreme Court.

- In late 1999, I was hired by R.M.S. Titanic, Inc. ("RMST") to assist the company in organizing and operating its 2000 salvage expedition to the *Titanic* wreck site, and to advise the company regarding the development of the National Oceanic and Atmospheric Administration's ("NOAA") Guidelines for Research, Exploration and Salvage of *RMS Titanic* ("NOAA Guidelines") and the UNESCO Convention on the Preservation of Underwater Cultural Heritage.  I performed a number of tasks in this capacity, including: (a) assisting RMST in formulating the company's response to the proposed NOAA Guidelines; (b) attending the public hearings on the NOAA Guidelines conducted in Washington, D.C.; (c) attending the deliberations for the UNESCO Convention on the Preservation of Underwater Cultural Heritage in Paris, France; (d) chartering two of the three ships, the submersibles and the remotely operated vehicles utilized on RMST's 2000 expedition to the *Titanic* wreck site, and assisting in the formulations of the company's salvage plan; (e) participating in the first half of RMST's 2000 expedition to the *Titanic* wreck site, making three submersible dives to explore approximately five square miles of the wreck site, including the very first dive of the expedition. Significantly, I retrieved Judge Calvitt Clarke's July 28, 2000 Order prohibiting RMST from cutting into or detaching any part of the wreck from the fax machine on the bridge of the *RV Akademik Mstslav Keldysh*, and I was charged with enforcing and ensuring compliance with that Order by RMST and its contractors while I was on site.

- I terminated my relationship with RMST in August 2000, effective immediately, and I intentionally had no further communications with the company or its management for nearly 20 years.

- From late 2000 through 2004, I advised James Cameron, Earthship Productions and Deep Ocean Expeditions ("DOE") on the legal issues associated with tourism and filming activities at the *Titanic* wreck site.

- In 2003, at the request of Mr. Cameron and DOE, I participated in NOAA's first expedition to the *Titanic* wreck site, acting as the private sector's advisor to NOAA and the National Park Service on the real-world application of the NOAA Guidelines during expeditions to explore the *Titanic* wreck site using deep submersibles.

- In 2005, I organized and led what would be the last expedition for 14 years to explore the *Titanic* using deep submersibles, and I made a fourth dive to explore the wreck site.  Significantly, I brought representatives of the U.S. State Department on this expedition, and I ensured that Robert Blumberg, Esq., the head of the U.S. delegation to UNESCO Convention on the Preservation of Underwater Cultural Heritage, had the opportunity to make a dive to explore the wreck site so he could understand the practical realities and significant shortcomings of that Convention as it relates to the *Titanic*.

- From 2005 through the present, I have advised a myriad of individuals and entities on the legal issues associated with the *Titanic*, including explorers, filmmakers and potential competing salvors.

5

- Beginning in 2017, I assisted OceanGate Expeditions in preparing for its future expeditions to the wreck site. Among other things, I communicated with NOAA and this Court on OceanGate Expeditions' behalf, and I was scheduled to participate in one or more of OceanGate Expeditions' week-long survey expeditions to explore the *Titanic* wreck and wreck site.

- I continue to advise explorers and filmmakers on legal and operational issues associated with the *Titanic*.

- In November 2019, the new owners of R.M.S. Titanic, Inc. retained my law firm and I to provide legal and operational advice on a variety of issues, including its salvor-in-possession status and the admiralty proceedings in this Court.

14. In addition to my experience with the *Titanic*, I have more than 25 years of experience organizing, leading and/or serving as a legal and operational advisor to a number of several international expeditions, including: eight expeditions to the *R.M.S. Titanic*; two expeditions to Mt. Everest; an expedition to explore the wreck of the German battleship *Bismarck*; an expedition that discovered the world's deepest wooden shipwreck, a slave ship resting 16,000 feet deep in the Bermuda Triangle; an expedition that discovered two well-preserved F4U-1 Corsair fighter planes in fresh water; and an expedition to explore the *HMHS Britannic*, sister ship of the *Titanic*.

15. Significantly, I organized and led all aspects of the Apollo F-1 Project for Bezos Expeditions. In 2011, I led the expedition that found the Saturn V first stages and F-1 rocket engines from eight Apollo missions (Apollo 4, 8, 9, 10, 11, 12, 13 and 16), 400 miles off the coast of the United States and 14,000 feet deep in the Atlantic Ocean.

In 2013, I led a second expedition that recovered the F-1 engines from Apollo 11, 12, 13 and 16.  I arranged for the conservation of these historic artifacts at the Cosmosphere in Hutchinson, Kansas; and I worked closely with the Cosmosphere throughout the conservation process.  Finally, from 2015 to the present, I have worked closely with the Seattle Museum of Flight, the National Air and Space Museum and other museums, to publicly display these historic artifacts and to educate the public about the importance of the Apollo space program.  The Apollo F-1 Project is notable because it was undertaken entirely by the private sector without any significant input or interference from NASA.  This stands in stark contrast to the activities and legal proceedings surrounding the *Titanic* since its discovery in 1985.

16. I have been asked to enter my appearance in this case as *pro hac vice* counsel so that I may supplement existing counsel and offer a fresh perspective based on my long-standing involvement with all aspects of the legal and operational issues surrounding activities at the *Titanic* wreck site, by all constituents and stakeholders, and based upon my unique experience with other issues facing this Court.

17. I agree to comply with the provisions of the Rules of Professional Conduct of this Court and the Bar of the Commonwealth of Virginia.

18. I respectfully request permission to appear in this court for this cause only.

I, David G. Concannon, Esquire, do hereby swear or affirm under penalty of perjury that I am the Affiant/Movant in the above-styled matter; that I have prepared and read this Affidavit in Support of the Verified Motion for Admission to Appear *Pro Hac Vice* and know the contents thereof, and the contents are true of my own knowledge and belief.

_____
David G. Concannon, Declarant/Movant

SUBSCRIBED AND SWORN to before me this 17th day of December, 2019.

_____
Notary Public for Idaho
Residing at: Ketchum, Id
My Commission Expires: Aug 8th, 2023

JACQUELINE M COLE
COMM. NO. 45021
NOTARY PUBLIC
State of Idaho

8