IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
    Plaintiff,

v.                                                                           Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL, et al
    Defendant.

**PERIODIC REPORT OF R.M.S. TITANIC, INC.
ON THE PROGRESS OF RESEARCH AND
<u>RECOVERY OPERATIONS</u>**

NOW COMES Plaintiff, R.M.S. Titanic, Inc. ("RMST" or the "Company"), by counsel, and files this "Periodic Report of R.M.S. Titanic, Inc. on the Progress of Research and Recovery Operations" ("Periodic Report").

**I.    Introduction.**

It is beyond question that this Court has maintained *in rem* admiralty jurisdiction over the *Titanic* and its cargo, and RMST's future right to salvage artifacts has remained unaltered, even though a transition of ownership has occurred with RMST.  *See* Docket No. 540, ¶ L ("nothing in this Order [approving the sale of the artifacts] shall be construed to alter, affect or limit RMST's current salvor-in-possession status, this Court's *in rem* jurisdiction over the *Titanic* wreck, wreck site and STAC, or any prior orders of this Court…."). *See also R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943, 963 (4th Cir.), *cert. denied*, 528 U.S. 825 (1999); *Treasure Salvors, Inc. v. The Unidentified Wrecked and Abandoned Sailing Vessel*, 546 F. Supp. 919, 929 (S.D. Fla.1981) ("While this interest attaches only to saved property, to protect a salvor's general salvage rights, a

court of admiralty will protect the inchoate right of salvors in yet-to-be salved property for a reasonable period."); *California v. Deep Sea Research, Inc.*, 523 U.S. 491, 501-08 (1998).

With this in mind, RMST has diligently continued its efforts to preserve the archaeological, historic and cultural integrity of the *Titanic* wreck and wreck site after its last salvage expedition in 2010, throughout the bankruptcy court proceedings, and since the sale to Premier Acquisition Holdings, Ltd. ("PAHL"). Since it acquired RMST and the *Titanic* artifacts in 2019, and even while the acquisition was being finalized, PAHL and the new management of RMST had made plans to return to the wreck site as soon as practicable to conduct additional imaging, scientific research and rescue archaeology of those artifacts that are most threatened by the rapid deterioration of the wreck site. RMST has expended significant resources to hire the world's foremost and experienced experts in conducting recovery expeditions to the wreck site, safeguarding the history of the *Titanic*, and conserving the artifacts in its collection for study and display, for the express purpose of preparing an expedition to the wreck site and preserving RMST's salvor-in-possession status. These experts include P.H. Nargeolet, David Gallo, Alexandra Klingelhofer, William Lange, William Sauder, Parks Stephenson, Evan Kovacs, John Broadwater, Ph.D., David Concannon, and Lori Johnston. Together, these experts have accumulated more than 100 years of experience with the *Titanic*, as they have participated in more than 25 expeditions to the *Titanic* and the lion's share of dives to explore and recover artifacts from the wreck site.

The depth of talent and experience collectively held by these experts is unmatched. Together, they have prepared the following artifact recovery, conservation and research plans for the Court's consideration, attached hereto as Exhibits 1, 2 and 3 respectively.

II. **RMST Corporate Updates**

Regarding previously discussed partnerships and in line with its overall strategy of preserving the legacy of the *R.M.S. Titanic*, RMST continues to move forward with its alliance with La Cite de la Mer in Cherbourg and is working to expand this partnership over a multi-year period. RMST is currently in the negotiation phases of similar partnerships with additional institutions to be identified in the coming months, in an effort to unite the *Titanic* community. These steps are allowing for RMST to increase visibility of and accessibility to the artifacts and corresponding research.

In addition, the Company has aggregated and digitized its historical archives of imagery and video and has developed access to the files via an online server. The Company's experts are already utilizing this server to assist in the completion of the company's 2010 wreck report and for research relating to the planned expedition. RMST intends to provide public access to much of its archives in the future.

In January of 2020, the Company completed a renovation of the Las Vegas Titanic Exhibition which included a change in many of the displayed artifacts. In honor of the 108th anniversary of the tragedy, RMST has installed 108 new artifacts into the Las Vegas venue to continue to serve its mandate of sharing the artifact collection with the public.

RMST has also been exploring projects with a several documentary production companies, with the intention of fostering greater access to the artifact collection, the public exhibitions, and internal research to further interest and study of the Titanic and her passengers.

III. **Anticipated Scientific Work at the Wreck Site**

In Expedition 2020, RMST will continue its research and imaging of the wreck site. RMST plans to capture still and video imagery of the interior and exterior of the wreck to assess degradation of the ship and to provide an update on the status of the structure itself. In addition to imaging work, RMST plans to produce photogrammetric models of the wreck to complement the work completed following the 2010 expedition. These models will create 3D visuals which will allow for visual comparisons of the wreck over time.

RMST plans to work in tandem with Lori Johnston, a microbial ecologist, to collect rusticle samples from the debris field in order to provide real world samples to be assessed by Lori and her team. The team believes that these samples will provide additional insight as to the status and continued deterioration of the wreck. Following imagery comparisons from historic expeditions, RMST is concerned with the acceleration in the degradation of the wreck.

**IV. Artifact Recovery Plans**

As noticed in the periodic report on November 22, 2019, RMST seeks approval of the Court to complete prudent recovery of a limited number of artifacts from the wreck site. The Company places the highest value of ensuring that any recovery is completed in a respectful and judicious manner taking into account the sensitivities of such actions and Orders of this Court. At the appropriate time, RMST will file a formal motion with the Court, seeking for explicit permission to recover certain artifacts.

RMST believes that its role is to utilize its experience and resources to share the legacy of the ship and her passengers with the public through the items recovered from the wreck site. The artifact exhibitions allow people to connect with the historical event and create a personal impact which surpasses storytelling alone. Without the recovery, conservation and display of these artifacts, the ability to experience first-hand additional historic treasures would be limited to only

an exclusive group who has the privilege and means to travel to the wreck site. RMST works diligently with all stakeholders to ensure this opportunity is offered to as many people as possible.

RMST is dedicated to sharing the legacy of the ship and her passengers with the public and has invested considerable resources toward this mission. To validate its views on recoverable items, RMST has worked in tandem with archaeological researchers to create criteria for future potential artifact collection. The Company believes this work and feedback from countless stakeholders ensures the legitimacy of its recovery plans. The working list of criteria is below:

Artifacts:

- which are not represented in the current collection
- which are imperative to the main or ancillary historical stories of Titanic and her passengers
- which are significant in the telling or further explanation of unanswered questions regarding the ship and her passengers
- which provide the ability to demonstrate cultural heritage or additional insight into the ship and its related technical aspects
- which are at risk of being lost forever due to the accelerated degradation of the ship or other factors
- in which conservation is possible immediately upon recovery to ensure the ability to display them for the public for decades to come

As its primary recovery objective for the 2020 expedition, RMST seeks permission from the Court to recover the Marconi Wireless Telegraph and the associated technical components of the system. RMST outlines the historical importance of the Marconi Wireless Telegraph in a memorandum written by Parks Stephenson, attached hereto as Exhibit 1. Mr. Stephenson, is a

United States Naval Academy graduate, long-time deep-sea explorer, and repeat participant in Titanic expeditions.

  RMST recognizes that the recovery of the Marconi Wireless Telegraph requires both technical competency and pragmatic planning.  Attached as Exhibit 2 is a Proposed Object Recovery of the Marconi (Radio) Equipment, prepared by historian William Sauder. Attached as Exhibit 3 is a technical recovery plan prepared by Troy Launay, an industry veteran with 30 years' experience in fabrication and operation of deep-sea mechanical tools and strategic recoveries. Prior to any recovery, RMST plans to complete a pre-disturbance survey in order to more fully inform its recovery process.  RMST views the recovery and conservation of this historic equipment to be as important as any artifact it has recovered from the wreck site.  At the upcoming hearing scheduled for February 20, 2020, RMST seeks to present testimony about the proposed plans for the 2020 Expedition, including from Parks Stephenson, P.H. Nargeolet, and John Broadwater Ph.D., the former manager of NOAA's Maritime Heritage Program, as well as from David Alberg, Superintendent of Monitor National Marine Sanctuary.

WHEREFORE, RMST submits this Periodic Report for the Court's information and consideration.

>Respectfully submitted,
>
>**RMS TITANIC, INC.**
>
>By Counsel:
>
>/s/ *Brian Wainger*
>
>Brian A. Wainger, VSB #38476
>Attorney for Plaintiff RMS Titanic, Inc.
>KALEO LEGAL
>4456 Corporation Lane, Suite 135
>Virginia Beach, VA 23462
>Tel: (757) 965-6804
>Fax: (757) 304-6175
>E-Mail: bwainger@kaleolegal.com
>
>*Counsel for R.M.S. Titanic, Inc.*
>          */s/ Brian A. Wainger*
>
>/s/ *David G. Barger*
>David G. Barger, VSB #21652 GREENBERG TRAURIG, LLP
>1750 Tysons Boulevard, Suite 1000
>McLean, Virginia 22102
>Tel: (703) 749-1300
>Fax: (703) 749-1301
>Email: Bargerd@gtlaw.com
>
>/s/ David G. Concannon
>David Concannon, *Pro Hac Vice* (Doc. 583)
>Concannon & Charles
>100 Sun Valley Road, No. 329
>Sun Valley, Idaho 83353
>Tel: (610) 293-8084
>Fax: (877) 736-2434
>Email: david@davidconcannon.com

*Counsel for R.M.S. Titanic, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2020, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ *David G. Barger*
David G. Barger, VSB #21652 GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
Email: Bargerd@gtlaw.com

*Counsel for R.M.S. Titanic, Inc.*

/s/ *Brian Wainger*

Brian A. Wainger, VSB #38476
Attorney for Plaintiff RMS Titanic, Inc.
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tel: (757) 965-6804
Fax: (757) 304-6175
E-Mail: bwainger@kaleolegal.com

*Counsel for R.M.S. Titanic, Inc.*