# EXHIBIT E

UNITED STATES DEPARTMENT OF COMMERCE
National Oceanic and Atmospheric Administration
Washington, D.C. 20230

OFFICE OF THE GENERAL COUNSEL

May 28, 2020

Brian A. Wainger
Kaleo Legal
4456 Corporation Lane, Suite 135
Virginia Beach, VA  23462
*Via* e-mail: bwainger@kaleolegal.com

David G. Barger
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1200
McLean, VA  22102
*Via* e-mail: Bargerd@gtlaw.com

David G. Concannon
Explorer Consulting
100 Sun Valley Rd., Box 329
Sun Valley, ID  83353
*Via* e-mail: david@davidconcannon.com

Re: Section 113 Authorization for RMST, Inc.'s 2020 Expedition

Dear Messrs. Wainger, Barger, and Concannon,

As you are aware, on May 18, 2020, Judge Rebecca Beach Smith in the U.S. District Court for the Eastern District of Virginia conditionally granted RMST's Motion to Amend or Modify the Court's July 28, 2000 Order, for the limited purposes of authorizing certain activities RMST proposes as part of a 2020 expedition to the *Titanic* wreck and wreck site. The Court's approval of RMST's 2020 expedition was conditioned on RMST filing a funding plan with the Court and NOAA by June 18, 2020.  In support of its motion, RMST filed an Expedition Plan detailing RMST's plans to engage in photographic and video documentation of the 2020 expedition, to retrieve artifacts from the debris field, and to cut into the hull of *Titanic* and remove artifacts, including components of the Marconi wireless.

This letter is to notify you that federal law prohibits activities that would "physically alter or disturb" the *Titanic* wreck or wreck site absent authorization from the Secretary of Commerce, as delegated to NOAA.[1] Section 113 of the Consolidated Appropriations Act, 2017 ("Section 113"), incorporates the provisions of the Agreement Concerning the Shipwrecked Vessel RMS *Titanic* and its Annex Rules ("International Agreement") as the standards for the NOAA

---

[1] On August 29, 2018, the Secretary of Commerce delegated, in part, Section 113 authority to the NOAA Administrator.

Administrator to evaluate requests for authorizations by U.S. nationals. The International Agreement, along with its Annex Rules, entered into force on November 18, 2019. Article 4 of the International Agreement obligates Parties to take the necessary measures to regulate through a system of project authorizations "entry into the hull sections of RMS Titanic so that they [the hull sections], other artifacts and any human remains are not disturbed." Int'l Agr., Art. 4 ¶ 1(a). Section 113 implements this obligation for the United States and specifically provides:

> *For fiscal year 2017 and each fiscal year thereafter, no person shall conduct any research, exploration, salvage, or other activity that would physically alter or disturb the wreck or wreck site of the RMS Titanic unless authorized by the Secretary of Commerce per the provisions of the Agreement Concerning the Shipwrecked Vessel RMS Titanic. The Secretary of Commerce shall take appropriate actions to carry out this section consistent with the Agreement.*

Any proposed expedition by RMST involving salvage or other activity that may alter or disturb the wreck or wreck site requires an authorization in accordance with Section 113, in addition to requirements imposed by the U.S. District Court for the Eastern District of Virginia. Activities proposed in the Expedition Plan, including but not limited to cutting into the wreck and retrieving artifacts, inherently constitute activities that "would physically alter or disturb the wreck or wreck site" as contemplated by Section 113. Such activities are therefore prohibited without a Section 113 authorization. As NOAA has previously advised RMST, NOAA will not unreasonably withhold a Section 113 authorization, but may condition such authorization in a manner that ensures any activities undertaken at the wreck site are conducted in a manner that is consistent with Section 113, the International Agreement, and the NOAA Guidelines for Research, Exploration and Salvage for RMS *Titanic* (66 Fed. Reg. 18905, Apr. 12, 2001), which are consistent with the International Agreement's Annex Rules.

NOAA recommends that a request for authorization under Section 113 be submitted at least 120 days prior to the proposed project date.[2] 84 Fed. Reg. 38012, Aug. 5, 2019. NOAA's review of a request for a Section 113 authorization must be conducted in a manner consistent with the International Agreement. In particular, the United States is required to provide copies of requests for authorizations for new projects to other Parties to the International Agreement, together with the United States' preliminary views on the request, and to give other parties 90 days to submit comments. Int'l Agr., Art. 5. Therefore, NOAA requests that your client send a letter addressed to David Alberg (David.Alberg@noaa.gov) as soon as possible, but no later than June 11, 2020, providing information that addresses Parts I through XIII of the Annex Rules. Note that Part I does not require specific information but, rather, states the General Principles that must be followed.

Additional information relating to expeditions to the *Titanic* wreck and wreck site, including the 1986 *Titanic* Maritime Memorial Act and the International Maritime Organization Circular MEPC.1/Circ. 779 (Pollution Prevention Measures in the Area Surrounding the Wreckage of RMS *Titanic),* is available on NOAA's website at https://www.gc.noaa.gov/gcil_titanic.html. Failure to request a Section 113 authorization, and

---

[2] RMST's Expedition Plan indicates that RMST's target expedition date is August 30, 2020; 120 days before that date was May 2, 2020.

proceeding to the site to engage in activities that will physically alter or disturb the wreck without such authorization would constitute a violation of federal law.

    Please let me know if you have any questions. We look forward to receiving your Section 113 authorization request.

    Sincerely,

    *Jackie Rolleri*

    Jackie Rolleri
    Office of the General Counsel
    Oceans and Coasts Section
    National Oceanic and Atmospheric Administration

cc: Kent Porter, DOJ