IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**R.M.S. TITANIC, INC.**, successor-in-interest to
Titanic Ventures, limited partnership,
        Plaintiff,

v.                                                              Civil Action No. 2:93cv902

**THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32'' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC**
<u>in rem</u>,
        Defendant,

**and**

**UNITED STATES OF AMERICA**,
        Movant.

## <u>MEMORANDUM IN SUPPORT OF THE UNITED STATES'</u><br><u>MOTION FOR RECONSIDERATION AND A RULING ON PENDING MOTIONS</u>

**I.  INTRODUCTION**

The Court's June 23, 2020 Order stayed further rulings on the United States' motion to intervene and for related relief. *See* ECF No. 626. The Court entered its stay on the premise that the United States' notice of appeal "divests [it] of jurisdiction to entertain an intervention motion." *Id.* at 1 (quoting *Doe v. Public Citizen*, 749 F.3d 247, 258 (4th Cir. 2014)). The United States respectfully disagrees with the Court's understanding of *Public Citizen*, which did not modify the rule that an interlocutory appeal under 28 U.S.C. § 1292 "does not divest the district court of jurisdiction" "to move forward with the pending motions in this case." *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel*, 327 F. Supp. 2d 664, 666 (E.D. Va. 2004); *see BAE Sys.*

1

*Tech. Sol. & Servs., Inc. v. Republic of Korea's Def. Acquisition Program Admin.*, No. 14-3551, 2016 WL 6167914, at *3 (D. Md. Oct. 24, 2016), *aff'd,* 884 F.3d 463 (4th Cir. 2018) (confirming that *Public Citizen* cannot support "the proposition that the appeal of an interlocutory injunction divests the district court of jurisdiction").

Accordingly, the United States respectfully requests that the Court reconsider its June 23, 2020 "Order to Stay" and issue rulings on its pending motions in this case, which are properly encompassed within this Court's jurisdiction. If this Court nonetheless believes that jurisdiction has been divested by virtue of the United States' appeal of the May 18, 2020, Opinion, the United States requests, at a minimum, an indicative ruling on the intervention motion under Federal Rule of Civil Procedure 62.1. In all events, the United States further requests a hearing (including telephone or video) at the Court's earliest convenience, should the Court believe a hearing will benefit the decisional process, consistent with this Court's intention that the case should proceed with "an opportunity for full briefing, a hearing, and all due consideration." ECF No. 626, at 2 n.1.

## II.   BACKGROUND

The Court is familiar with the facts and posture of this case. The United States provides background only as relevant to its current status and the Court's jurisdiction.

**1.** The United States has participated in this *in rem* admiralty action for over a decade. The government has done so as *amicus curiae* based on the understanding that the Court appointed it to protect its "efforts and interests" "to preserve and protect the *R.M.S. Titanic* and its artifacts as an international posterity." *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel*, 531 F. Supp. 2d 691, 693 (E.D. Va. 2007).

On March 27, 2020, following prior discussions, plaintiff R.M.S. Titanic, Inc. ("RMST") first sought formal permission from the Court to proceed with its most recent salvage expedition and requested modification of a prior injunction that forbade it from cutting into the wreck and detaching items from within the wreck. *See* ECF No. 601. When RMST did so, the United States contended that these portions of the expedition was precluded based on Section 113 of Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, 131 Stat. 192 (May 5, 2017) ("Sec. 113"), and that, more generally, an authorization from the Secretary of Commerce was required before RMST could engage in any conduct that altered or disturbed the wreck or wreck cite. *See e.g.* ECF No. 602, at 16 (arguing "the actions are prohibited under Sec. 113"); ECF No. 610, at 6 ("*Any* salvage or activity that penetrates the wreck, and disturbs or damages the wreck structure, artifacts or human remains (if any) inside the wreck is expressly prohibited … ."). That was consistent with the United States' position as early as June 22, 2017, when the United States first addressed and discussed Sec. 113's enactment.  ECF No. 430, at 6-10.

On May 18, 2020, the Court permitted RMST to cut into the wreck for the limited purposes of this expedition on the condition that RMST submit a funding plan. *See* ECF No. 612; *see also* ECF No. 624 (extending funding plan deadline until July 1, 2020). The May 18, 2020 Opinion ruled that Sec. 113 was "beyond the scope" of and not "at issue in this case," in part because the United States did not appear "as a formal party in this case." ECF No. 612, at 10-11.

**2.**   On June 8, 2020, the United States moved to intervene, consistent with this Court's view on the proper approach for resolving Sec. 113 issues. For that to happen, the United States needed to obtain formal authorization from the Assistant Attorney General of the Civil Division following consultation with multiple agencies across the federal government and multiple components within the Department of Justice. That intervention motion sought several related

forms of relief, each designed to provide this Court with time to rule on the significant issues in this case in the course of orderly litigation.

First, the United States filed its intervention motion "on an emergency basis in light of the rapidly approaching deadline to notice an appeal (June 17, 2020)" and "the deadline for filing a motion pursuant to Rule 59(e) (June 15, 2020)." ECF. No. 615, at 4. Had this Court granted intervention on or before June 15, a timely reconsideration motion would have immediately tolled the time to appeal, obviating the need for the government to file a notice of appeal, if any, until this Court resolved the reconsideration motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv).

Second, the United States requested intervention *nunc pro tunc* such that intervention could be retroactively effective as of the date of the motion. The government did so "in the event this Court does not act on the intervention motion with dispatch," meaning "within 28 days" (June 15) based on the Rule 59(e) period. ECF No. 615, at 20. If the Court grants intervention *nunc pro tunc* after June 15, 2020, the government's timely reconsideration motion (filed June 15) would both toll the time to appeal, *see* Fed. R. App. P. 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e), and render any notice of appeal (filed June 17) ineffective until the Court disposes of the reconsideration motion, *see* Fed. R. App. P. 4(a)(4)(B)(i). For the Court to benefit from that longer period to rule on the reconsideration motion, the United States needed to caption itself as "Intervenor" in both its reconsideration motion and its notice of appeal, on the contingency that intervention was granted retroactive to *before* the date of those filings, rendering those filings "party" filings. *See* Fed. R. App. P. 4(a)(4)(A), (B)(i) (limiting these rules to "a party"). The government thus noted on the first page of its reconsideration motion and its notice of appeal that the motion for intervention *nunc pro tunc* remained pending. *See* ECF No. 616, at 1 n.1; ECF No. 618, at 1 n.1.

Third, the United States requested an extension of the time to appeal. This, too, the government explained, was "to facilitate an orderly schedule to litigate significant issues regarding whether RMST's expedition is authorized under the general maritime law and Sec. 113" without the need to request immediate relief in the court of appeals. ECF No. 615, at 21; *see* Fed. R. App. P. 4(a)(5).

As mentioned, on June 15, 2020, the United States filed a motion for reconsideration under Rule 54(b) and 59(e) and for a stay pending reconsideration. On June 17, 2020, the United States filed a notice of appeal pursuant to 28 U.S.C. § 1292(a)(1) and (3), which provide review of certain interlocutory orders.

**3.** This Court's June 23, 2020 Order stays "any further rulings" on the United States' intervention motion. ECF No. 626, at 1. The Court proceeded based on an understanding that the notice of appeal "divests a district court of jurisdiction to entertain an intervention motion." *Id.* (quoting *Public Citizen*, 749 F.3d at 258). The Court also noted that the notice of appeal was filed prior to RMST's response to the intervention motion and before the Court ruled on intervention. The Court found fault in the United States "unilaterally designat[ing] itself" as Intervenor for the purpose of appeal and this case, "without the benefit of a ruling from this court" regarding intervention. *Id.* at 2 & n.1. The Court appears to have understood the government's actions as precluding "an opportunity for full briefing, a hearing, and all due consideration by the court in this decades-long and globally important salvage litigation." *Id.* at 2 n.1.

**III. APPLICABLE LAW**

The United States incorporates by reference the applicable law section contained in its motion to reconsider the May 18, 2020, Opinion. *See* ECF No. 617 at 5.

## IV. ARGUMENT

The United States respectfully requests that this Court rule on the pending intervention motion, which also permits the Court to rule on the government's other pending motions. This Court has jurisdiction to do so, and even if it lacks jurisdiction, it should nonetheless provide an indicative ruling under Rule 62.1. Pursuant to the Court's observation that the issues in this matter are best resolved through full briefing and a hearing, the United States further requests a hearing on the intervention motion (and any other motions on which this Court wishes to hear argument), as deemed necessary for the decisional process, including a hearing by telephone or video.

### A. This Court Should Rule on the United States' Intervention Motion, and Other Pending Motions, Consistent with Its Jurisdiction

**1.** The United States' notice of appeal did not divest this Court of jurisdiction to resolve the pending intervention motion, or the government's remaining motions. A notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount CO.*, 459 U.S. 56, 58 (1982) (per curiam).

It is settled that interlocutory appeals do not divest district courts of jurisdiction over other pending motions. "[I]nterlocutory appeals under § 1292" "decide only the matters which have been decided by the district court, and … the trial court has authority to pursue its own proceedings filed when [the] appeal is pending." *Columbus-Am. Discovery Grp. v. Atlantic Mut. Ins. Co.*, 203 F.3d 291, 301 (4th Cir. 2000); *see* Wright & Miller, Federal Practice & Procedure § 3921.2 (3d ed. 2020) ("Ordinarily an interlocutory injunction appeal under § 1292(a)(1) does not defeat the power of the trial court to proceed further with the case."). Interlocutory appeal authorizes "review of the interlocutory order, and of that only," and it is "not intended that the

6

cause as a whole should be transferred to the appellate court." *Columbus-Am. Discovery*, 203 F.3d at 301 (quoting *Ex Parte Enameling & Stamping Co.*, 201 U.S. 156, 162 (1906)).

The proper approach is for this Court "to proceed" with other matters "as though no such appeal had been taken." *Columbus-Am. Discovery*, 203 F.3d at 302 (quoting *Ex Parte Enameling*, 201 U.S. at 162). This Court has, consistent with longstanding precedents, in the past recognized it "still has the authority to move forward with the pending motions in this case" following an interlocutory appeal. *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel*, 327 F. Supp. 2d 664, 666 (E.D. Va. 2004). Other district courts have likewise confirmed that they continue to have jurisdiction to rule on intervention motions following an interlocutory appeal. *See Barnes v. Security Life of Denver Ins. Co.*, No. 18-718, 2019 WL 142113, at *1 (D. Colo. Jan. 9, 2019); *Western Energy All. v. Jewell*, No. 16-912, 2017 WL 3588648, at *3 (D.N.M. Mar. 1, 2017); *see also Gilman v. Davis*, No. 05-830, 2009 WL 3365858, at *1 (E.D. Cal. Oct. 15, 2009) (where parties agreed on jurisdictional question).

Under any view, moreover, the United States' intervention motion was not a matter that had been decided by this Court in the order on appeal. The May 18, 2020 Opinion made clear that the import of Sec. 113 was "beyond the scope" of what was being decided and not yet "at issue in this case." ECF No. 612, at 10-11. It also does not matter that the United States' intervention motion is directed at vindicating its Sec. 113 interests. The May 18, 2020 Opinion did not decide the intervention question and left open the possibility that the United States might intervene. *See id.* at 10.

In any case, a mere overlap in substance between the issues the government wishes to raise and the issues the Court decided does not mean that an interlocutory appeal of that order divests this Court of jurisdiction to consider those legal issues. Even where an interlocutory

injunction based on *some* claims is on appeal, district courts can proceed on the merits on *all* the claims in the case. *See New York State NOW v. Terry*, 886 F.2d 1339, 1350 (2d Cir. 1989). And this Court has full power to "add [a] claim" while an interlocutory appeal is pending. *Zundel v. Holder*, 687 F.3d 271, 282 (6th Cir. 2012). This Court can no less add the claims of the United States as Intervenor, and proceed on them to judgment.

    **2.** This Court's recent order to the contrary relies on the Fourth Circuit's *Public Citizen* decision, but that decision does not support the Court's ruling. In *Public Citizen*, several non-parties moved to intervene after final judgment and, when the district court did not rule on that motion, "appeal[ed] the 'constructive denial' of their motion to intervene as well as the court's [substantive] rulings." 749 F.3d at 256. The district court then proceeded to act on the intervention motion, and the court of appeals concluded that the non-parties' "notice of appeal deprived the district court of authority to rule on [their] motion to intervene." *Id.* at 259.

    In *Public Citizen*, when non-parties appealed the constructive denial of intervention, the matter of intervention was plainly before the court of appeals, which "strip[ped] [the] district court of jurisdiction to rule on [such] matters involved in the appeal." 749 F.3d at 258 (citing *Griggs*, 459 U.S. at 58). As another district court explained, *Public Citizen* "held that the district court lacked jurisdiction to deny a motion to intervene after the would-be intervenors appealed the Court's prior constructive denial of the motion," but does not support the broader "proposition that the appeal of an interlocutory injunction divests the district court of jurisdiction." *BAE*, No. 14-3551, 2016 WL 6167914, at *3. Here, the United States has made clear in its notice of appeal that it "appeals to the United States Court of Appeals for the Fourth Circuit from the order of the district court entered May 18, 2020, granting Plaintiff's motion to

modify a prior injunction." ECF No. 618, at 1; *see* Fed. R. App. P. 3(c)(1)(B) (providing that notice of appeal "designate[s] the judgment, order, or part thereof being appealed").

Even if the Court ascribes broader significance to *Public Citizen*'s holding that a notice of appeal "divests a district court of jurisdiction to entertain an intervention motion," that language has no bearing on interlocutory appeals. ECF No. 626, at 1 (quoting *Public Citizen*, 749 F.3d at 258). *Public Citizen* involved an appeal from final judgment, and it "join[ed] the majority of [the Fourth Circuit's] sister circuits" that confirmed that, following an appeal from final judgment, the entirety of the case is transferred to the court of appeals. 749 F.3d at 259; *see Taylor v. KeyCorp*, 680 F.3d 609, 617 (6th Cir. 2012) (appeal from final judgment); *Drywall Tapers & Pointers of Greater New York v. Nastasi & Assocs. Inc.*, 488 F.3d 88, 94-95 (2d Cir. 2007) (same); *Roe v. Town of Highland*, 909 F.2d 1097, 1100 (7th Cir. 1990) (same); *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 (5th Cir. 1984) (same).

It is well settled that "the effects of an interlocutory appeal are quite different in this respect from the effects of a final judgment appeal." Wright & Miller § 3921.2. Unlike an interlocutory appeal, when "an appeal is taken from a judgment which determines the entire action, the district court loses power to take *any further action* in the proceeding." *Nicol*, 743 F.2d at 299. The Second Circuit's decision in *Drywall Tapers*, 488 F.3d 88, (relied on in *Public Citizen*) makes the difference clear in the context of intervention. There, the Second Circuit held that on an appeal from judgment (a final or permanent injunction), a district court is divested of jurisdiction to resolve an intervention motion. *See Drywall Tapers*, 488 F.3d at 94-95. But in doing so, *Drywall Tapers* contemplated that if "the injunction [were] an interlocutory injunction, an appeal from [it would] not divest the District Court of its jurisdiction over unrelated matters," which might "avoid this rule" of stripping the district court's jurisdiction to rule on an

9

intervention motion. *Id.* at 95 (citing *New York State NOW*, 886 F.2d at 1350).; *see id.* (concluding, in that case, that the order was not in fact interlocutory).

  **3.** In any event, the Fourth Circuit's "in aid of appeal" exception applies here. *See Public Citizen*, 749 F.3d at 258-59 (addressing exception). Intervention following an appealable order is an established practice, permitting a non-party to intervene "as soon as it became clear" that its "interests … would no longer be protected" in the current procedural posture. *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 395 (1977). Here, especially, there is simply nobody else that could file a party appeal of this Court's orders. The other party adversely affected by the Court's order—the *Titanic*—cannot appeal. If this Court does not rule on intervention, orders adverse to the interests of the *Titanic* would become immune from a party appeal—thus impeding appeals, and the appellate jurisdiction of the Fourth Circuit, rather than aiding appeals. And this is not a case where ruling on intervention would "alter the status of the case as it rests before the court of appeals," because the intervention question is not currently before the court of appeals. *Public Citizen*, 749 F.3d at 259 (cleaned up) (quoting *Coastal Corp. v. Texas. E. Corp.*, 869 F.2d 817, 820 (5th Cir. 1989)).

  This Court's disposition of the intervention motion, moreover, aids appellate review, regardless of how the Court rules. If the Court grants intervention *nunc pro tunc*, doing so would render the United States' notice of appeal as Intervenor a proper party appeal. As explained above, doing so would (notwithstanding that notice of appeal) also toll the time to appeal and provide an opportunity for this Court to rule on the government's reconsideration motion and related stay request without jurisdiction being transferred to the court of appeals (based on rules that are themselves designed to save appellate resources). *See* Fed. R. App. P. 4(a)(4)(A)(iv), (B)(i); Fed. R. Civ. P. 59(e). And the government needed to label itself as Intervenor (while

noting that intervention was pending) in both filings for this Court to benefit from that extra period. *See* Fed. R. App. P. 4(a)(4)(A), (B)(i); *see also* ECF No. 616, at 1 n.1; ECF No. 618, at 1 n.1. Additionally, even if the Court denies intervention *nunc pro tunc*, doing so nonetheless aids appellate review by providing an opportunity to appeal from the denial of intervention. *See Marino v. Ortiz*, 484 U.S. 301, 304 (1988) (per curiam).

To the extent that the Court has expressed concerns that the government's procedural steps have inhibited orderly litigation or appellate review, *see* ECF No. 626, at 2 & n.1, the government also clarifies that the steps it has taken have been designed to provide the Court with an opportunity to rule on the issues in this case.

The filings that the government have made are the correct procedure under applicable precedents for aiding this Court's decisions and aiding appeal. That procedure "begins with a motion in the district court for leave to intervene," which can be "an emergency motion with the district court detailing the need for a ruling so that a timely appeal may be taken." *Town of Highland*, 909 F.2d at 1099. The movant can also make clear that intervention should be *nunc pro tunc* to prior to the date of any notice of appeal. *See SWANCC v. U.S. Army Corps of Eng'rs*, 101 F.3d at 503, 509 (7th Cir. 1996). The movant can similarly ask "the district court [to] enlarge the time for filing an appeal." *Town of Highland*, 909 F.2d at 1099. If the district court has not acted, or has not had time to act, the movant "should nonetheless file a timely notice of appeal." *Town of Highland*, 909 F.2d at 1100. Then, if that notice of appeal is for a party appeal, it can be made proper if intervention *nunc pro tunc* is subsequently granted. *See SWANCC*, 101 F.3d at 509.[1]

---

[1] Though both *Town of Highland* and *SWANCC* contemplated that the court of appeals would then have jurisdiction over the intervention question, those cases, as explained, are appeals from final judgments.

These are precisely the steps that the government took. The United States is cognizant of the burdens of the Court's docket and regrets that the need for the government's inter-agency consultative process and requisite approvals enabled it only to provide the Court from June 8 to June 17, 2020 to rule on intervention before a notice of appeal. But the United States has made every effort to limit those burdens while following the complex, multi-agency process that accompanies intervention by the United States, which is not akin to the process for private intervenors. In any case, the United States' notice of appeal did not divest this Court of jurisdiction and thus does not limit the time for this Court to consider and rule on the pending motions.

## B. If Jurisdiction Is Lacking, This Court Should Issue an Indicative Ruling

If this Court nonetheless believes that it has been divested of jurisdiction, the government respectfully requests that the Court make an indicative ruling on, at a minimum, the pending intervention motion. This Court may also do so for the reconsideration and stay request if it deems that to be proper.

On motions that a district court "lacks authority to grant because of an appeal that has been docketed and pending," the district court may "deny the motion" or "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a)(2), (3). Such a ruling permits the court of appeals to remand for that ruling to be entered consistent with the district court's jurisdiction. *See* Fed. R. App. P. 12(b). Thus, in cases where a notice of appeal "would deprive the district court of power to act on the motion to intervene, 'the cause may be remanded for that purpose.'" *Town of Highland*, 909 F.2d at 1100; *see Taylor*, 680 F.3d at 617. As explained, a ruling on the intervention motion would substantially aid the present appeal, and the absence of a ruling on intervention precludes the possibility of a party appeal of orders adverse to the *Titanic* or to the

12

government. And if this Court wishes to address the government's reconsideration motion and stay request following an indicative ruling on intervention, doing so would similarly clarify the Court's view on the issues remaining in the case for the purposes of appellate review, if any is needed.

    C. **There Is No Reason for the Court to Delay Its Rulings, Regardless of Jurisdiction, and the United States Requests that a Hearing Be Scheduled on the Pending Motions**

In any event, however this Court decides the jurisdictional question or even if it remains uncertain, the United States respectfully requests that the Court schedule a hearing on the intervention motion at its earliest convenience, should the court deem a hearing necessary to aid the decisional process. This Court has indicated a desire to proceed on the intervention question with "an opportunity for full briefing, a hearing, and all due consideration." ECF No. 626, at 2 n.1. Because the Court's recent order indicates that the Court's "ruling" is stayed but is silent on the question of briefing, *id.* at 1, the government, out of an abundance of caution, intends to file its reply brief in support of intervention on Monday, June 29, 2020. At that point, the intervention motion will be ripe for decision. At such a hearing (which may be by telephone or video), the government similarly stands ready to address its pending reconsideration motion and stay request.

There is also no just cause to postpone a ruling on the intervention motion. Where jurisdiction is proper, the Court's "obligation to hear and decide cases within its jurisdiction is virtually unflagging." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014) (quotations omitted). Though there is no question that this Court has discretion to stay its proceedings within its jurisdiction pending an interlocutory appeal, *see Titanic*, 327 F. Supp. 2d at 666-67, or to "defer considering the motion" based on an indicative-ruling request, Fed. R.

13

Civ. P. 62.1(a), that approach is inappropriate here. Deferring a decision on intervention in effect precludes a party appeal of any order adverse to the *Titanic* or the government.

With deference to the press of the Court's cases, the United States respectfully requests a hearing (video or telephone), if deemed necessary for the decisional process, and a ruling before July 23, which is thirty days after this Court's most recent order was entered and the date by which the United States would have to notice an appeal from that order if necessary.

## IV.   CONCLUSION.

The United States respectfully requests a ruling on its pending motions in this case as properly encompassed within this Court's jurisdiction. If this Court nonetheless finds that jurisdiction has been divested, the United States requests an indicative ruling on, at a minimum, the intervention motion under Federal Rule of Civil Procedure 62.1. In all events, the United States further requests a hearing, as deemed necessary and by telephone or video as appropriate, on the intervention motion at the Court's earliest convenience.

                Respectfully submitted,

                G. Zachary Terwilliger
                United States Attorney

By:   /s/ *Kent P. Porter*
      Kent P. Porter, VSB No. 22853
      Assistant United States Attorney
      Attorney for the Intervenor United States
      United States Attorney's Office
      8000 World Trade Center
      101 West Main Street
      Norfolk, VA 23510
      757-441-6331
      Fax:  757-441-6689
      kent.porter@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of June, 2020, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| **Brian Andrew Wainger** <br> Kaleo Legal <br> 4456 Corporation Lane <br> Suite 135 <br> Virginia Beach, VA 23462 <br> Email: bwainger@kaleolegal.com | **David G. Barger, VSB #21652** <br> GREENBERG TRAURIG, LLP <br> 1750 Tysons Boulevard, Suite 1200 <br> McLean, Virginia 22102 <br> Tel: (703) 749-1300 <br> Fax: (703) 749-1301 <br> E-Mail: Bargerd@gtlaw.com |
|---|---|

     /s/ *Kent P. Porter*_____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the Intervenor United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax:  757-441-6689
kent.porter@usdoj.gov

15