**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
        Plaintiff,

v.                                            Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL, et al
        Defendant.

**R.M.S. TITANIC, INC.'S MOTION TO AMEND THE COURT'S MAY 18, 2020 ORDER
TO CONDUCT THE "MARCONI" EXPEDITION IN 2021 AND TO
DELAY THE FILING OF THE ASSOCIATED FUNDING PLAN AND
MEMORANDUM IN SUPPORT**

Plaintiff R.M.S. Titanic, Inc. ("RMST"), by counsel and pursuant to Fed. R. Civ. P. 54(b), moves this Court to amend this Court's Order of May 18, 2020 ("Order"). ECF No. 612. In support of its Motion, RMST states as follows:

In light of the impediments, both pre-existing and new, that RMST has faced concerning its planning of the expedition to recover the Marconi wireless apparatus and associated artifacts (the "Marconi Artifacts"), as detailed below and in its previously filed motion for extension of time (ECF No. 620), RMST hereby seeks leave of Court to conduct the expedition in the next available weather window in 2021, and to submit its funding plan on or before January 10, 2021.

**BACKGROUND**

On May 18, 2020, the Court issued its Order granting RMST's Motion to Amend or Modify the Court's July 28, 2000 Order regarding RMST's request to recover the Marconi Artifacts (the "Order"). ECF No. 612. In the Order, the Court authorized RMST to conduct an expedition in August or September, 2020 subject to the Court's approval of a "funding plan detailing the costs

and funding sources of the recovery operation and the conservation of any recovered artifacts." Order at 14.  This funding plan was originally due on June 18, 2020.  *Id*.

On June 18, 2020, RMST moved this Court for an extension of time until July 1, 2020 to file its funding plan for an August or September 2020 expedition.  ECF No. 620.  Over the United States' opposition, ECF No. 624, the Court granted this motion.

In the period since the Court issued its Order, including the period since the Court granted its extension motion, RMST has been diligently working to secure the necessary funding and craft a viable operational plan for an expedition to attempt to recover the Marconi Artifacts.  In this respect, RMST has already committed nearly $1,000,000 in total expenses towards the planning of this expedition and the conservation and curation of the potential artifacts.  Declaration of Gilbert Li, ¶ 6, attached hereto as Exhibit 1 [hereinafter "Li Decl."].

Unfortunately, however, the COVID-19 pandemic has placed insurmountable obstacles in the way of a viable expedition in August or September 2020.  RMST must therefore regrettably report that it will not be able to conduct an expedition to recover the Marconi Artifacts until 2021.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(b) allows a court to revise an order "at any time before the entry of a judgment adjudicating all the claims."  Fed. R. Civ. P. 54(b).  Courts retain broad flexibility to revise interlocutory orders before final judgment as the litigation develops and new facts or arguments come to light.  *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–16 (4th Cir. 2003); *Cobell v. Jewell*, 802 F.3d 12, 25–26 (D.C. Cir. 2015).  A court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) "a subsequent trial produc[ing] substantially different evidence"; (2) a change in applicable law; or (3) clear error causing "manifest injustice."  *Canoe Ass'n*, 326 F.3d at 515 (quoting *Sejman*,

845 F.2d at 69). This standard closely resembles the standard applicable to motions to reconsider final orders pursuant to Federal Rule of Civil Procedure 59(e), but it departs from such standard by accounting for potentially different evidence discovered during litigation as opposed to the discovery of "new evidence not available at trial." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

## ARGUMENT

The effects of the global COVID-19 pandemic were not fully ascertainable when RMST moved the Court for leave to amend the July 28, 2000 Order for a potential expedition in 2020 to recover the Marconi Artifacts. Indeed, as discussed below, the ever evolving impacts of this global health tragedy have had an unforeseen impact on RMST's ability to plan the complex and multi-national effort required to conduct a safe expedition to the wreck site. RMST submits that these changes are sufficient to warrant an amendment to the Court's Order, especially given the funding and operational progress that RMST has made since May 2020.

Most importantly, international travel restrictions relating to the COVID-19 pandemic have made it impossible for RMST to assemble its team, consisting of United States and European citizens, to properly mobilize for the expedition. Canada, the departure site for most of the recent expeditions, is not presently allowing United States citizens to enter the country, unless they can demonstrate that they are entering the country for an "essential" purpose. *See* "Who Can Coronavirus disease (COVID-19): Who can travel to Canada – citizens, permanent residents, foreign nationals and refugees," Gov't of Canada, *available at*: https://www.canada.ca/en/immigration-refugees-citizenship/services/coronavirus-covid19/travel-restrictions-exemptions.html (last visited June 30, 2020). Likewise, the European Union just announced on June 30, 2020, that it would not lift its international travel restrictions to include

3

travelers from the United States.  *See* "What Americans Need to Know About Europe's Travel Ban, N.Y. TIMES (July 1, 2020), available at: https://www.nytimes.com/article/eu-travel-ban-explained-usa.html (last visited July 1, 2020).  Because both Canada and countries within the European Union contain viable departure sites, these impediments to travel have made planning impossible.

Further, as Chief Judge Davis recognized in his most recent general order concerning the impact of the COVID-19 pandemic on the operation of this Court, the pandemic continues to be a significant public health threat in the United States, casting further doubt on the ability of any United States citizen to travel internationally.  *See* General Order 2020-19.  In this regard, the United States Department of State continues to advise U.S. citizens to avoid all international travel. *See* Global Level 4 Health Advisory, United States Department of State, https://travel.state.gov/content/travel/en/traveladvisories/ea/travel-advisory-alert-global-level-4-health-advisory-issue.html (last visited July 1, 2020).

RMST has been working with various sponsorship and media partners who have expressed an interest in potentially funding the expedition.  Li Decl., ¶ 5.  RMST still expects to be able to fully finance the expedition and related conservation costs with such partners, although uncertainties surrounding COVID-19 and NOAA's recent pleadings have admittedly delayed such commitments.  *See* Li Decl., ¶¶ 3-4.  Even without such commitments, however, RMST and its parent company together have the capital structure and liquidity to self-finance the expedition, and related conservation work, if necessary.  *Id*. In particular, Apollo Credit Strategies Master Fund, Ltd., Alta Fundamental Advisers SP, LLC and PacBridge Partners I Investment Co. Ltd. are the three members of RMST's parent company, Premier Acquisitions Holdings Ltd.  Li Decl., ¶¶ 2-3. Together, these three entities control hundreds of billions of dollars in assets, and are prepared, if

necessary, to self-finance this critically important expedition.  Li Decl., ¶ 3.  In short, the ability to secure funding will not pose an impediment to this expedition.  Li Decl., ¶ 4.

Despite the current impediments and uncertainties,  RMST has continued to develop its operational plans. One such significant plan, which it now hopes to utilize in 2021, may  permit RMST to recover the Marconi artifacts without actually cutting into the vessel, or at a minimum, dramatically reduce the previously discussed retrieval footprint.

A slide presentation illustrating RMST's most recent recovery plan, updated again since its most recent filing, is attached hereto as Exhibit 2.  As the Court can observe from these illustrations, RMST has further refined its plan and the design of new robotic arms to potentially allow RMST the opportunity to proceed with the Marconi recovery without cutting into the vessel. Subject, of course, to the actual conditions at the site, RMST now believes that it can reach the Marconi Artifacts through the existing openings in the roof of the vessel and without making new incisions into the structure of vessel. *Id*.   These new plans and tooling reflect RMST's longstanding commitment to preserve the wreck site, even while attempting to rescue and conserve important pieces of history. In the coming months, the company will continue to work to further refine its plans to minimize any impact that the expedition could have on the wreck site.

Given the operational challenges caused by the pandemic, and the formal and informal attempts by the United States to prevent the expedition, RMST hereby requests that the Court amend its Order, so that RMST has sufficient time to properly adjust agreements with the vessel owner, critical suppliers and various partners for the expedition, and so RMST, the United States and the Court can proceed in an orderly fashion with all relevant litigation.

Under these circumstances, it is not possible for RMST to file its funding plan at this time. RMST has no authority to conduct an exhibition in 2021, unless or until the Court amends its Order

to permit RMST to conduct the expedition in the next weather window – between May and September 2021. Moreover, the cost structure of the expedition will change in the coming months based on new details and logistics, such as the terms of the charter agreement, new production partners, the number and identity of support crew, and related equipment and travel. In light of the unprecedented COVID-19 pandemic and its impact on the type of multi-national effort required to mount an expedition as sophisticated and complex as the one RMST and its partners have developed, RMST requests the Court amend its Order to authorize RMST to conduct the expedition between May and September, 2021 and to file the funding plan for such expedition on or before January 10, 2021, in the hopes that future public health developments will provide additional clarity regarding the impact of the pandemic on travel in 2021.

Additionally, in the event the Court amends the May 18 Order as requested, RMST hereby commits to file a Periodic Report every forty-five (45) days to inform the Court of relevant progress and developments towards the planning of expedition.

## CONCLUSION

WHEREFORE RMST respectfully requests the Court grant this Motion, amend its Order to authorize RMST to conduct the expedition between May and September, 2021, and to direct RMST to file an updated and complete funding plan for such expedition on or before January 10, 2021.

                                          Respectfully submitted,

                                          **RMS TITANIC, INC.**

                                          By Counsel:

                                          _____*/s/*_____
                                          Ryan V.P. Dougherty, VSB # 78444
                                          Brian A. Wainger, VSB #38476
                                          William R. Poynter, VSB #48672

KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tel: (757) 965-6804
Fax: (757) 304-6175
E-Mail: rdougherty@kaleolegal.com
E-Mail: bwainger@kaleolegal.com
E-Mail: wpoynter@kaleolegal.com

David G. Barger, VSB #21652
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
McLean, Virginia 22102
Tel: (703) 749-1300
Fax: (703) 749-1301
E-Mail: Bargerd@gtlaw.com

*Counsel for R.M.S. Titanic, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on July 1, 2020, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

                                          /s/
                                Ryan V.P. Dougherty, VSB # 78444
                                Brian A. Wainger, VSB #38476
                                William R. Poynter, VSB #48672
                                KALEO LEGAL
                                4456 Corporation Lane, Suite 135
                                Virginia Beach, VA 23462
                                Tel: (757) 965-6804
                                Fax: (757) 304-6175
                                E-Mail: rdougherty@kaleolegal.com
                                E-Mail: bwainger@kaleolegal.com
                                E-Mail: wpoynter@kaleolegal.com

                                *Counsel for R.M.S. Titanic, Inc.*