IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**R.M.S. TITANIC, INC.**, successor-in-interest to
Titanic Ventures, limited partnership,
    Plaintiff,

v.                                                                                              Civil Action No. 2:93cv902

**THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32'' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC**
in rem,
    Defendant,

**and**

**UNITED STATES OF AMERICA,**
    Intervenor (*motion pending*).

**UNITED STATES' REPLY BRIEF
IN SUPPORT OF MOTION TO RECONSIDER THE
MAY 18, 2020, OPINION AND REQUEST TO STAY THAT OPINION**

      On June 15, 2020, the United States moved for reconsideration of this Court's May 18, 2020, Opinion granting RMST's motion to amend the court's July 28, 2000, Order and authorizing RMST to "cut into the [*Titanic*] wreck . . . and to detach [artifacts] from [inside] the wreck."[1]  ECF No. 612 at 14 ("May 18, 2020, Opinion").  The United States asserted that Section 113 of Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, 131 Stat. 192 (May 5, 2017) ("Sec. 113"), required RMST to obtain an authorization for this conduct from the Secretary of Commerce, which RMST refuses to do.  Thus, the Court should have either denied

---

[1] The United States also moved to stay the May 18, 2020, Opinion pending a ruling on the motion and for a reasonable period to permit the Solicitor General to determine whether to request relief in the court of appeals.

RMST's motion to amend, or conditioned its Opinion on RMST obtaining the requisite authorization. ECF No. 617 at 6-12. Not doing so was clear error and resulted in manifest injustice to the United States and *Titanic*. *Id*. RMST opposes the motion, contending that the United States is simply seeking "a 'do over' of a failed litigation strategy." ECF No. 638 at 1. RMST's arguments are misplaced.

RMST contends the May 18, 2020, Opinion is not clearly erroneous because the order arises out of the "limited procedural context of modifying a prior interlocutory order of the Court." ECF No. 638 at 8. RMST asserts that because the United States had not appeared as a party, nor sought to enforce its approval power under Sec. 113, the Court did not err by not considering the implications of Sec. 113 in the May 18, 2020, Opinion. *Id.* at 7-8. It is beyond dispute that the conduct authorized by the May 18, 2020, Opinion – allowing RMST to "cut into the [*Titanic*] wreck . . . and to detach [artifacts] from [inside] the wreck" – falls squarely within Sec. 113's prohibition against any activity at *Titanic* that would "physically alter or disturb the wreck or wreck site of the RMS *Titanic*" in the absence of an authorization from the Secretary of Commerce. And the fact that RMST sought modification of a prior injunction based on arguments that ignored Sec. 113 does not change this Court's obligation to consider a federal statute before permitting conduct that violates the statute. Because Sec. 113 is a duly enacted law entitled to a presumption of validity, *see United States v. Nat'l Dairy Prod. Corp.*, 372 U.S. 29, 32 (1963) (explaining the "strong presumptive validity that attaches to an Act of Congress"), it was clear error for the Court to not consider the import of Sec. 113 on its decision, notwithstanding the procedural posture of the case or the United States' party status.

RMST next suggests that the United States suffers no manifest injustice by the May 18, 2020, Opinion, because the United States is free to enforce Sec. 113 in other ways against those

who violate the law.[2]  ECF No. 638 at 9-11.  RMST fails to grapple with the United States' primary argument that Sec. 113 modified the general maritime law in respect to *Titanic* that this Court must apply in authorizing any salvage activity.  And RMST's position that Sec. 113 is otherwise enforceable cannot be reconciled with its apparent position that it cannot be enforced against RMST, as RMST intends to use the May 18, 2020, Opinion (or a modification thereto) to move forward with an expedition without Sec. 113 authorization, and in a manner that violates Sec. 113 and the provisions of International Agreement incorporated into Sec. 113.  Doing so will cause irreversible damage to *Titanic*, prevent the Secretary of Commerce from implementing Sec. 113 as directed by Congress, and impair the ability of the United States to carry out its obligations under the International Agreement.  These harms are not a mere inconvenience, but are in fact indisputable.  *Id.* at 9.

Respectfully submitted,

UNITED STATES OF AMERICA,
Intervenor (*motion pending*)

By:   G. Zachary Terwilliger
      United States Attorney

By:   /s/ *Kent P. Porter*
      Kent P. Porter, VSB No. 22853
      Assistant United States Attorney
      Attorney for Intervenor United States
      United States Attorney's Office
      8000 World Trade Center
      101 West Main Street
      Norfolk, VA 23510
      757-441-6331
      Fax:  757-441-6689
      kent.porter@usdoj.gov

---

[2] RMST contends, however, that the United States has no remedies at all.  ECF No. 638 at 11 n.4.

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of July, 2020, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | |
|---|---|
| **Brian Andrew Wainger**<br>**Ryan V.P. Dougherty**<br>**William R. Poynter**<br>Kaleo Legal<br>4456 Corporation Lane<br>Suite 135<br>Virginia Beach, VA 23462<br>E-Mail: bwainger@kaleolegal.com<br>E-Mail: rdougherty@kaleolegal.com<br>E-Mail: wpoynter@kaleolegal.com | **David G. Barger, VSB #21652**<br>GREENBERG TRAURIG, LLP<br>1750 Tysons Boulevard, Suite 1200<br>McLean, Virginia 22102<br>Tel: (703) 749-1300<br>Fax: (703) 749-1301<br>E-Mail: Bargerd@gtlaw.com |

 /s/ *Kent P. Porter*  
Kent P. Porter, VSB No. 22853  
Assistant United States Attorney  
Attorney for the United States  
United States Attorney's Office  
8000 World Trade Center  
101 West Main Street  
Norfolk, VA 23510  
757-441-6331  
Fax:  757-441-6689  
kent.porter@usdoj.gov