**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

**R.M.S. TITANIC, INC., successor-in-interest to
Titanic Ventures, limited partnership,**
            **Plaintiff,**

**v.**                                                         **Civil Action No. 2:93cv902**

**THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32'' NORTH LATITUDE
AND 49 56' 49'' WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,**
            **Defendant,**

**and**

**UNITED STATES OF AMERICA,**
            **Movant.**

**REPLY MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION FOR RECONSIDERATION AND A RULING ON PENDING MOTIONS**

**I.      INTRODUCTION**

On June 23, 2020, this Court *sua sponte* stayed a ruling on the United States' motion to

intervene (ECF No. 614) "until such time as it is appropriate and ripe for consideration."  ECF

No. 626 ("Stay Order").  The Court stated that the United States had, by then, filed a notice of

appeal as to the May 18, 2020, Opinion (ECF No. 612), which the Court construed as divesting it

of jurisdiction over the intervention motion.  ECF No. 626 at 1.  On June 26, 2020, the United

States asked the Court to reconsider the Stay Order, asserting that the Court's jurisdiction had not

been divested by the appeal of the May 18, 2020, Opinion; that a ruling on intervention would be

"in aid of appeal;" and that the failure to issue a decision on intervention effectively precluded a

"party appeal of any order adverse to the *Titanic* or the government." ECF No. 630 at 6-14. Thus, the United States requested the Court vacate the Stay Order and issue a ruling on the United States' motion to intervene, or alternatively, issue an indicative ruling on the United States' motion to intervene pursuant to Federal Rule of Civil Procedure 62.1(a). *Id.*

On July 10, 2020, RMST filed its response to the motion. ECF No. 640. RMST contends that the Court correctly held that it was divested of jurisdiction to rule on the intervention motion. While RMST did not oppose an indicative ruling, it asserted that the Court was under no obligation to rule on the motion at a time convenient to the United States. *Id.* at 5-10. Finally, RMST contends that no manifest injustice exists by delaying a decision on the motion to intervene. *Id.* at 10-12.

## II.  DISCUSSION

RMST contends that the Court correctly held that *Doe v. Public Citizen*, 749 F.3d 246, (4th Cir. 2014), strips the district court of jurisdiction to rule on any matters " 'involved in the appeal' . . . include[ing] motions to intervene." ECF No. 640 at 6. As the United States explained in its opening brief, this position misconstrues the reach (and the facts) of *Public Citizen*.[1] ECF No. 630 at 8-10. The appeal does not "involve" the question of whether the United States should be permitted to intervene in the litigation. The appeal involves whether the Court should have considered the import of Section 113 of Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, 131 Stat. 192 (May 5, 2017) ("Sec. 113") on its May 18, 2020, Opinion, regardless of whether the United States was or was not a party. Ruling on the

---

[1] In *Public Citizen*, several consumer groups had moved to intervene after a court decision. When the district court had not ruled on the groups' motion to intervene within the time to appeal the underlying decision, the groups appealed the intervention decision as a constructive denial. Three months after the appeal was filed, the district court issued an order denying intervention. The Fourth Circuit held that, because the intervention had been appealed, the district court was divested of jurisdiction to further consider that motion. *Public Citizen*, 749 F.3d at 253.

intervention motion will not result in both courts "considering the same issues." *Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014).  Accordingly, for the reasons stated previously, and because a ruling on the motion to intervene by the district court will not "change the status of the appeal," *Public Citizen*, 749 F.3d at 259, the Court may proceed with other matters involving other aspects of the case.  ECF No. 630 at 6-8.

RMST's "in aid of appeal" argument is also misplaced.  A purpose of the "in aid of appeal" exception is to "promote judicial efficiency and facilitate the division of labor between trial and appellate courts." *Public Citizen*, 749 F.3d at 258.  But rather than address the United States' explanation for *why* a ruling on the intervention motion would aid appellate review, *see* ECF No. 630 at 10-12, RMST does little more than rehash its arguments against intervention. ECF No. 640 at 7-8.  As explained in its opening brief, whether this Court grants intervention or denies intervention, any decision will promote judicial efficiency and push forward the process in this Court and the appellate court as needed to address the fundamental issues concerning 113.

In addition, RMST does not object to the United States' request that, even if the Court is divested of jurisdiction, the Court should issue an indicative ruling on intervention pursuant to Federal Rule of Civil Procedure 62.1.  *See* ECF No. 630 at 12-13.  RMST suggests it is not appropriate, however, and that the United States is simply trying to "pressure" the Court into making a ruling it is not obligated to make.  ECF No. 640 at 9-10.  On the contrary, the United States is asking, in the alternative, for the Court to do something the rules expressly permit (but admittedly do not mandate) it do, and which is intended for the scenario where a district court, because of a pending appeal, lacks jurisdiction to rule on a motion.  Fed. R. Civ. P. 62.1(a).  The debate over Sec. 113 is now ripe – RMST has a Court order it intends to use to engage in

conduct contrary to Sec. 113 – and this Court should reach and rule on the question of its applicability.

Finally, RMST asserts that no manifest injustice exists to warrant reconsidering the Stay Order. As previously explained, the United States has taken steps expressly for the purpose of providing the Court the opportunity to rule on the Sec. 113 issue, with the United States in the posture of a "formal party." The Stay Order not only precludes a *party* appeal to any order adverse to *Titanic* or the United States, it effectively denies clarity on an issue that is now fully briefed and ripe. In *United States ex rel. Carter v. Halliburton Co.*, 315 F.R.D. 56, 61 (E.D. Va. 2016), *aff'd*, 866 F.3d 199 (4th Cir. 2017), a relator moved to amend his complaint on multiple grounds. The district court denied the motion, finding that the first ground raised was dispositive. 315 F.R.D. at 59. The relator moved for reconsideration asking, *inter alia*, that the district court clarify its decision and rule on the merits of his other raised grounds, asserting that doing so "would promote judicial economy by presenting a complete record and reduce the need for additional motions practice if he successfully appeals to the Fourth Circuit." *Id.* Although it was wholly within the court's discretion to rule (or not) on alternative grounds for relief, when one ground is dispositive, the district court agreed that it would be a manifest injustice to deny the clarification sought.

> [T]his case has consumed an immense amount of resources from the parties and the many courts that have sought to resolve the disputes between these parties. To the extent a clarification of the November 12 Opinion will provide a more direct route to finality in this case, it would be a manifest injustice to deny that clarification. . . . The issues analyzed below were orally argued and fully briefed in the memoranda on Defendants' motion to dismiss and Relator's motion to amend. Therefore, the Court will now clarify its November 12 Opinion by addressing Defendants' alternative arguments for denying leave to amend.

*Id.* at 61.  So too here.  The intervention motion is fully briefed and the Court's clarification on

that motion, even indicatively, would benefit future proceedings in this case, including

addressing an issue that, undoubtedly, is causing RMST uncertainty in its business plans.

## III.   CONCLUSION.

For the reasons stated, the United States respectfully requests its motion be granted and

the Court issue rulings on its pending motions.

Respectfully submitted,

G. Zachary Terwilliger
United States Attorney

By:   /s/ *Kent P. Porter*
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax:  757-441-6689
kent.porter@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of July, 2020, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | |
|---|---|
| **Brian Andrew Wainger**<br>**Ryan V.P. Dougherty**<br>**William R. Poynter**<br>Kaleo Legal<br>4456 Corporation Lane<br>Suite 135<br>Virginia Beach, VA 23462<br>E-Mail: bwainger@kaleolegal.com<br>E-Mail: rdougherty@kaleolegal.com<br>E-Mail: wpoynter@kaleolegal.com | **David G. Barger, VSB #21652**<br>GREENBERG TRAURIG, LLP<br>1750 Tysons Boulevard, Suite 1200<br>McLean, Virginia 22102<br>Tel: (703) 749-1300<br>Fax: (703) 749-1301<br>E-Mail: Bargerd@gtlaw.com |

_/s/ Kent P. Porter_____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax:  757-441-6689
kent.porter@usdoj.gov