UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
Successor-in-interest to Titanic
Ventures, limited partnership,

     Plaintiff,

  v.                      CIVIL ACTION NO. 2:93cv902

THE WRECKED AND ABANDONED VESSEL, ITS
ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A
POINT LOCATED AT 41 43' 32" NORTH
LATITUDE AND 49 45' 49" WEST
LONGITUDE, BELIEVED TO BE THE R.M.S.
TITANIC, IN REM,

     Defendant.

## MEMORANDUM ORDER

These matters are before the court on four motions filed by Plaintiff R.M.S. Titanic, Inc. ("RMST") and Amicus United States following this court's Opinion of May 18, 2020: (1) the United States' "Emergency Motion to Intervene and, If Granted, for an Extension of Time to File an Appeal" ("Motion to Intervene"), ECF No. 614; (2) the United States' "Motion to Reconsider the May 18, 2020, Opinion and Request to Stay that Opinion" ("Motion to Reconsider the Opinion"), ECF No. 616; (3) the United States' "Motion for Reconsideration and a Ruling on Pending Motions" ("Motion to Reconsider the Stay"), ECF No. 629; and (4) RMST's "Motion to Amend the Court's May 18, 2020 Order to Conduct the

'Marconi' Expedition in 2021 and to Delay the Filing of the Associated Funding Plan" ("Motion to Amend the Opinion"), ECF No. 634.

## I. Recent Procedural History

On May 18, 2020, this court entered an Opinion conditionally granting RMST's "Motion to Amend or Modify the Court's July 28, 2000 Order." ECF Nos. 600, 612. The Opinion conditionally amended the July 28, 2000, Order, which prohibited cutting into or detaching any part of the Titanic wreck, to allow RMST to conduct an expedition to the wreck site to detach and recover the "Marconi device" in the summer of 2020. ECF No. 612 at 14; see ECF No. 164. On June 8, 2020, the United States filed the Motion to Intervene and Memorandum in Support. ECF Nos. 614, 615. One week later, on June 15, 2020, the United States filed the Motion to Reconsider the Opinion and Memorandum in Support. ECF Nos. 616, 617. On June 17, 2020, the United States filed a Notice of Appeal of the Opinion. ECF No. 618.

On June 23, 2020, the court entered an Order staying any further rulings on the Motion to Intervene. ECF No. 626. Subsequently, on June 26, 2020, the United States filed the Motion to Reconsider the Stay and Memorandum in Support. ECF Nos. 629, 630. Finally, on July 1, 2020, RMST filed the Motion to Amend the Opinion. ECF No. 634. These motions all have been fully briefed and are ripe for consideration by the court.

2

## II. Motion to Intervene and Motion to Reconsider the Stay

The United States' Motion to Intervene requests intervention "for all purposes necessary to protect the United States' interests, and those of the Titanic, in the proper application of Section 113 of Consolidated Appropriations Act, 2017, Pub. L. No. 115-31 (May 5, 2017)."[1] ECF No. 614 at 1. In particular, the Motion to Intervene cites four purposes for seeking intervention: (1) to move the court to reconsider the May 18, 2020, Opinion; (2) to seek a declaratory judgment regarding the scope of Section 113; (3) to enjoin RMST from conducting any operations that would alter or disturb the wreck site unless it first obtained Section 113 approval; and (4) to move for an extension of the United States' time to appeal the May 18, 2020, Opinion. Id. at 1-2. The Motion to Reconsider the Stay asks the court to lift its stay on further rulings on the Motion to Intervene, or, in the alternative, to issue an indicative ruling on the Motion to Intervene under Federal Rule of Civil Procedure 62.1. ECF No. 629 at 1.

First, the Motion to Intervene seeks intervention so that the United States may move for reconsideration of the court's May 18, 2020, Opinion. The United States has already sought that same

---

[1] Section 113 states, in relevant part: "[N]o person shall conduct any research, exploration, salvage, or other activity that would physically alter or disturb the wreck or wreck site of the RMS Titanic unless authorized by the Secretary of Commerce per the provisions of the Agreement Concerning the Shipwrecked Vessel RMS Titanic." See 131 Stat. 135, 192.

relief in another, later filing before the court, ECF No. 616, which is addressed below.[2] Further, the United States has already filed a Notice of Appeal of this court's May 18, 2020, Opinion as an Intervenor, despite neither this court's nor any other court's ruling on that status, see ECF No. 618, thereby mooting its request for an extension of time to appeal the Opinion.

In regard to the requests for declaratory judgment and an injunction, the Motion to Intervene raises important matters here, with sweeping and long-lasting effects on this case and the admiralty jurisdiction of the federal courts.[3] These issues of first impression require full and further briefing and a hearing, before this court can properly rule on them. In the court's view, the United States' eleventh-hour decision to seek intervention after serving as Amicus for over two decades does not constitute an "emergency" necessitating an immediate ruling,[4] particularly

---

[2] See infra Part III.

[3] These issues were tangentially raised at the February 20, 2020, hearing, but were not pursued by any party. ECF No. 599 at 125.

[4] The court notes that the United States has been fully aware of the issues surrounding Section 113, since at least the status hearings of May 3, 2018, and September 18, 2018, at which these issues were briefly discussed. See ECF No. 440 at 27, 30; ECF No. 494 at 4-5; see also supra note 3 and accompanying text.

given the pending appeal and the recent rescheduling of RMST's expedition to 2021.[5]

On June 26, 2020, the United States filed a Motion to Reconsider the Stay and for a ruling on the Motion to Intervene. ECF No. 629. Regardless of whether the court may consider the Motion to Intervene at this juncture,[6] the court exercises its discretion over its docket, reiterates its reasons set forth in the Order to Stay, ECF No. 626, and **DENIES** the Motion to Reconsider the Stay. The court will rule on the Motion to Intervene once the appeal has concluded, at which point a hearing on the Motion to Intervene shall be scheduled, as appropriate.[7] The court holds the Motion to Intervene **IN ABEYANCE** and **DENIES** the Motion to Reconsider the Stay.

### III. Motion to Reconsider the Opinion

The United States' Motion to Reconsider the Opinion seeks reconsideration under Federal Rules of Civil Procedure 59(e) or

---

[5] See infra Part IV.

[6] Compare ECF No. 630 (the United States' argument that the court may consider the Motion to Intervene at this time), with ECF No. 640 at 5-9 (RMST's arguments against considering the Motion to Intervene at this juncture).

[7] The court notes that proceedings in the Eastern District of Virginia remain very limited due to the COVID-19 pandemic, and the Norfolk courthouse has not yet resumed a full hearing schedule, as addressed in this court's General Orders, No. 2:20mc7. See http://www.vaed.uscourts.gov/covid-19.html.

54(b). ECF No. 617 at 4; see ECF No. 616. The Motion primarily argues that the court committed clear error by not denying RMST's Motion to Amend or Modify the Court's July 28, 2000 Order due to RMST's failure to obtain Section 113 approval, or, at minimum, that the court erred in not conditioning its grant of the motion on RMST obtaining Section 113 approval. Id. at 6. As a result, the United States argues, the Opinion would work a manifest injustice with respect to the United States' interests in implementing Section 113 and the International Agreement.[8] Id. at 9-11. The United States also states that the court failed to consult Section 113 as policy guidance, and asks for a stay of the Opinion. Id. at 8-9, 11. The court disagrees with these assertions.

The court finds no clear error in its Opinion of May 18, 2020. As the court explained, that Opinion did "not address any need for RMST to obtain additional authorizations required by law, such as under Section 113 of the Department of Commerce Appropriations Act of 2017, because such authorizations are beyond the scope of the Rule 54(b) modification." ECF No. 612 at 10. Because the proceedings surrounding the Opinion concerned a modification to a

---

[8] The International Agreement refers to an agreement negotiated between the United States, Canada, the United Kingdom, and France, setting standards for expeditions to the Titanic wreck site and requiring each party to set up a "system of project authorizations" to approve such expeditions. See Agreement Concerning the Shipwrecked Vessel RMS Titanic, Nov. 6, 2003, T.I.A.S. No. 19-1118 (entered into force Nov. 18, 2019).

prior injunction issued by this court in 2000, Section 113's applicability to RMST's expedition was not, and is not, at issue. The United States' disagreement with the court's position is evidenced by its decision to appeal and to seek reconsideration of the Opinion, rather than to independently seek an injunction against the expedition on Section 113 grounds.[9] Moreover, the court has considered Section 113 as a legal and policy matter and concluded that it does not bar the court from deciding the limited issue of whether to modify its Order of July 28, 2000. Accordingly, and for the reasons stated in the Opinion of May 18, 2020, the court **DENIES** the United States' Motion to Reconsider the Opinion.[10]

### IV. Motion to Amend the Opinion

Finally, RMST asks the court to modify its Opinion of May 18, 2020, to allow for an expedition to recover the Marconi artifacts in 2021, rather than 2020, as initially planned. ECF No. 634 at 2. RMST cites as "newly discovered evidence" recent developments surrounding the COVID-19 pandemic, which affect its ability to obtain personnel and access departure sites in foreign countries. Id. at 3-4.

---

[9] See supra notes 3, 4.

[10] The court recognizes that it retains jurisdiction to consider the Motion to Reconsider the Opinion, despite the Notice of Appeal. Cf. Fed. R. App. P. 4(a)(4)(B); Fobian v. Storage Tech. Corp., 164 F.3d 887, 890 (4th Cir. 1999) (discussing the "in aid of appeal" exception). However, for the reasons stated in Part III, the court declines to do so.

For good cause shown, the court **GRANTS** RMST's Motion to Amend the Opinion, as the requested change affects only the dates of the expedition, <u>not the substantive ruling</u>, and is justified by developments in global health and travel policies since the issuance of the Opinion on May 18, 2020. RMST still must comply with the condition precedent set forth in the Opinion, namely filing, with the court and with NOAA, a funding plan detailing the anticipated costs and funding sources of the recovery operation and of the conservation of any recovered artifacts. ECF No. 612 at 11-12, 14. Said funding plan remains subject to approval by the court, with input from NOAA, prior to any recovery operation going forward. Accordingly, the authorization dates for any recovery expedition are amended from August and September 2020, to May through September 2021, with the funding plan for the expedition being filed on or before January 10, 2021. <u>See</u> ECF No. 634 at 6.

## V. Conclusion

In summary, for the reasons stated in Part II, the court holds the United States' Motion to Intervene **IN ABEYANCE** and **DENIES** the United States' Motion to Reconsider the Stay. The court **DENIES** the United States' Motion to Reconsider the Opinion for the reasons stated in Part III. The court **GRANTS** RMST's Motion to Amend the Opinion as set forth in Part IV.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for all parties.

**IT IS SO ORDERED.**

_____
REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

July 30 , 2020

9