FILED: March 5, 2021

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-1684
(2:93-cv-00902-RBS)

R.M.S. TITANIC, INCORPORATED, successor in interest to Titanic Ventures, limited partnership,

        Plaintiff - Appellee,

  and

THE WRECKED AND ABANDONED VESSEL, its engines, tackle, apparel, appurtenances, cargo, etc., Located within one (1) nautical mile of a point located at 41 degrees 43' 32" North Latitude and 49 degrees 56' 49" West Longitude, believed to be the RMS TITANIC, in rem; ROBERT C. BLUMBERG, Attorney-Advisor, Office of Oceans Affairs, United States Department of State; OLE VARMER, Attorney-Advisor, National Oceanic and Atmospheric Administration, United States Department of Commerce; MADELEINE K. ALBRIGHT, Secretary of State, United States Department of State; WILLIAM M. DALEY, Secretary of Commerce, United States Department of Commerce; D. JAMES BAKER, Administrator, National Oceanic and Atmospheric Administration, United States Department of Commerce,

        Defendants.

  v.

UNITED STATES OF AMERICA,

        Appellant.

No. 20-1936
(2:93-cv-00902-RBS)

R.M.S. TITANIC, INCORPORATED, successor in interest to Titanic Ventures, limited partnership,

  Plaintiff - Appellee,

and

THE WRECKED AND ABANDONED VESSEL, its engines, tackle, apparel, appurtenances, cargo, etc., Located within one (1) nautical mile of a point located at 41 degrees 43' 32" North Latitude and 49 degrees 56' 49" West Longitude, believed to be the RMS TITANIC, in rem; ROBERT C. BLUMBERG, Attorney-Advisor, Office of Oceans Affairs, United States Department of State; OLE VARMER, Attorney-Advisor, National Oceanic and Atmospheric Administration, United States Department of Commerce; MADELEINE K. ALBRIGHT, Secretary of State, United States Department of State; WILLIAM M. DALEY, Secretary of Commerce, United States Department of Commerce; D. JAMES BAKER, Administrator, National Oceanic and Atmospheric Administration, United States Department of Commerce,

  Defendants.

v.

UNITED STATES OF AMERICA,

  Appellant.

ORDER

  By orders dated May 18, 2020, and July 30, 2020, the district court modified its standing injunction of July 28, 2000, to allow RMST, as salvor-in-possession, a specific limited recovery operation, provided that RMST filed a funding plan before January 10,

2021. The court also declined to consider the United States' motion to intervene and to address the United States' argument for requiring approval of any operation under § 113 of the Department of Commerce Appropriations Act of 2017.

On January 29, 2021, RMST filed a report that it had been unable to finalize funding as required as a condition by the district court, although it expressed its intent to continue work on a funding plan. It noted that it was not withdrawing its motion. The United States thereafter filed a motion to dismiss these appeals as moot and to vacate the district court's orders under *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

Because the district court's orders were conditional and the condition was not satisfied and because the court did not, in issuing its orders, resolve the United States' motion to intervene and address its argument for requiring approval under § 113, we vacate the district court's orders of May 18, 2020, and July 30, 2020, and remand, recognizing that RMST's motion for modification may still be considered by the court under circumstances then presented by RMST and after considering the United States' pending motion to intervene and its argument for requiring approval under § 113.

FOR THE COURT

/s/Patricia S. Connor
Clerk