IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
     Plaintiff,

v.                                             Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32" NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,
     Defendant.

## UNITED STATES' STATUS REPORT

The United States, as *amicus*, on behalf of its National Oceanic and Atmospheric Administration ("NOAA"), provides the following status report.

**1. Response to RMST's Periodic Report Filed June 13, 2023 (ECF No. 686).**

RMST's Periodic Report states that RMST expects to conduct a *Titanic* "research and recovery expedition" in or around May 2024. ECF No. 686 at 2. Among the asserted objectives of the expedition are the following:

- Imaging of the exterior and interior of the *Titanic* wreck, with interior imaging to occur using a remotely operated vehicle (ROV) via "penetrat[ion] of the hull" through openings caused by previous deterioration.

- "Targeted artifact recovery of items in the [*Titanic*] debris field."

- Potential recovery of "free-standing objects inside the wreck . . . but only if such objects are not affixed to the wreck."

1

*Id.* RMST asserts that "*at this time* [it] does not intend to cut into the wreck or detach any part of the wreck," and would only do so with further approval of the Court. *Id.* (emphasis added). Finally, RMST states that, while it will "work collaboratively" with NOAA on its plans, it does "not intend to seek a permit under Section 113." *Id.* at 3.

Federal law requires administrative authorization for the expedition described in RMST's filing. Section 113, a part of the Consolidated Appropriations Act, 2017, Pub. L. No.115-31 (May 5, 2017), was enacted on May 5, 2017. *See* ECF No. 430 at 6-7. In pertinent part, Sec. 113 provides that "no person shall conduct any research, exploration, salvage, or other activity that would physically alter or disturb the wreck or wreck site of the RMS Titanic unless authorized by the Secretary of Commerce per the provisions of the Agreement Concerning the Shipwrecked Vessel RMS Titanic [i.e., the International Agreement]." *Id.* The International Agreement,[1] in turn, provides *inter alia* for the regulation, via project authorizations, of activities involving "entry into the hull sections . . . so that [the hull sections], other artifacts and any human remains are not disturbed;" and of activities "aimed at the artifacts from RMS Titanic found outside the hull of the wreck."  Int'l Agr., Art. 4 ¶ 1(a) and (b). The International Agreement's incorporated Annex Rules note as general principles that activities "shall have the minimum adverse impact on RMS Titanic and its artifacts," and that non-destructive and non-intrusive activities are preferred "to those involving recovery or excavation." *Id.* Annex Rules 3 and 4.

On multiple occasions, including as recently as April 24, 2023, NOAA has provided RMST with written notice of Sec. 113 and its requirements. Exhibit 1; *see also* ECF Nos. 430, 549-5, 602 (at 16 and n.16). On their face, the activities RMST states that it intends to conduct at the *Titanic* wreck site, as well as those it *may* conduct, fall within Sec. 113's terms. Because Sec.

---

[1] The International Agreement can be found at https://www.state.gov/multilateral-19-1118.

113 must be presumed valid, *Barwick v. Celotex Corp.*, 736 F.2d 946, 955 (4th Cir. 1984) ("There is a strong presumption of validity and constitutionality of a statute."), RMST is required to submit a project plan and obtain a project authorization from NOAA (as delegated by the Secretary of Commerce) *before* engaging in the proposed activities.

In its filing, RMST offers no reasoning or justification for its stated intent to disregard Sec. 113. If, however, RMST intends to question Sec. 113's constitutionality, as it has done previously,[2] then RMST must provide notice under Federal Rule of Civil Procedure 5.1. Under Rule 5.1, a party must notify the Attorney General "promptly" after submitting any filing that "draw[s] into question the constitutionality of a federal statute." Fed. R. Civ. P. 5.1(a). The rule also states that the Attorney General "may intervene within 60 days after the notice is filed or after the court certifies the challenge." *See* Fed. R. Civ. P. 5.1(c); *see also* 28 U.S.C. § 2403(a) (providing that courts "shall permit the United States to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality").

**2. Update Regarding the International Agreement.**

As the Court is aware, the International Agreement (formally known as the "Agreement Concerning the Shipwrecked Vessel R.M.S. Titanic") went into force and effect on November 18, 2019, with the United States and the United Kingdom as parties. *See* ECF No. 581 and 581-1. On May 26, 2023, the United Kingdom and the United States transmitted a joint letter to the International Maritime Organization ("IMO"), of which the United Kingdom and the United States are Member States, encouraging other nations to become parties to the International Agreement. Exhibit 2.

---

[2] *See e.g.* ECF No. 605 at 13 ("At long last, [through Sec. 113] NOAA finally invites the Court to abdicate its Constitutional authority and relinquish its jurisdiction to NOAA.").

### 3. Loss of the *Titan* Submersible.

NOAA extends its condolences to the families of the five individuals who tragically perished onboard OceanGate's *Titan* submersible when it suffered a catastrophic event on its recent descent to *Titanic*. As previously reported by RMST, NOAA worked with the U.S. Coast Guard, RMST, and others to assist with the response effort, and is closely following the U.S. Coast Guard's Marine Board Investigation.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:   /s/ *Kent P. Porter*_____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 4th day of August, 2023, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | |
|---|---|
| **Brian Andrew Wainger** <br> **Ryan V.P. Dougherty** <br> **William R. Poynter** <br> Kaleo Legal <br> 4456 Corporation Lane <br> Suite 135 <br> Virginia Beach, VA 23462 <br> Email: bwainger@kaleolegal.com <br> E-Mail: rdougherty@kaleolegal.com <br> E-Mail: wpoynter@kaleolegal.com | **David G. Barger, VSB #21652** <br> GREENBERG TRAURIG, LLP <br> 1750 Tysons Boulevard, Suite 1200 <br> McLean, Virginia 22102 <br> Tel: (703) 749-1300 <br> Fax: (703) 749-1301 <br> E-Mail: Bargerd@gtlaw.com |

      /s/ *Kent P. Porter*__
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax: 757-441-6689
kent.porter@usdoj.gov