IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
    Plaintiff,

v.                                                             Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,
    Defendant.

### R.M.S. TITANIC, INC'S MOTION FOR LEAVE TO FILE A SUR-REPLY TO THE UNITED STATES' REPLY IN SUPPORT OF ITS <u>MOTION TO INTERVENE</u>

    Plaintiff, R.M.S. Titanic, Inc. ("RMST" or the "Company"), by counsel, files this Motion for Leave to File a Sur-reply in response to the United States' Reply in support of its Motion to Intervene.

    On October 27, 2023, the United States filed a Reply in support of its Motion to Intervene (Docket No. 698, "Reply"). In that Reply, the United States misstated which party has the burden on the issue of justiciability, stating that the burden falls on RMST to prove that the case is moot, when in fact, under applicable Supreme Court caselaw, the United States bears the burden to prove that it has standing. In addition, the United States raised for the first time a theory that the voluntary cessation doctrine operates as an exception to mootness. And finally, the United States took the position, for the first time, that contrary to its approach to previous OceanGate expeditions, RMST is always required to comply with Section 113, even when its proposed activity will not alter or

disturb the wreck or wreck site in any way.  The United States asserts in its Reply that it alone has the discretion to decide whether a Section 113 permit is necessary.

Accordingly, while recognizing that sur-replies are disfavored, RMST would nevertheless like the chance to address these issues in a short sur-reply brief, so that the Court can have a full record on which to make its decision.  RMST therefore seeks leave of Court to file the Sur-reply attached hereto as Exhibit A.

A proposed order is attached to this motion.

Dated:  November 3, 2023                             Respectfully submitted,

**RMS TITANIC, INC.**

By Counsel:

_____/s/ Brian A. Wainger_____
Brian A. Wainger, VSB #38476
William R. Poynter, VSB #48672
*Attorney for Plaintiff RMS Titanic, Inc.*
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tel: (757) 965-6804
Fax: (757) 304-6175
E-Mail: bwainger@kaleolegal.com
wpoynter@kaleolegal.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 3, 2023, a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

          <u>/s/ Brian A. Wainger</u>
Brian A. Wainger, VSB #38476
*Attorney for Plaintiff RMS Titanic, Inc.*
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tel: (757) 965-6804
Fax: (757) 304-6175
E-Mail: bwainger@kaleolegal.com