IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**R.M.S. TITANIC, INC.,**
successor-in-interest to
Titanic Ventures, limited partnership,
      Plaintiff,

v.                                             Civil Action No. 2:93cv902

**THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32" NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
<u>in rem</u>,**
      Defendant.

<u>**UNITED STATES' OPPOSITION TO RMST'S
MOTION FOR LEAVE TO FILE A SUR-REPLY BRIEF (ECF NO. 699)**</u>

"Sur-replies ... are highly disfavored," as RMST acknowledges, and this is so because "they usually are a strategic effort by the nonmoving party to have the last word on the matter." *Lismont v. Alexander Binzel Corp.*, No. 2:12cv592, 2014 WL 12527239, at *3 (E.D. Va. May 23, 2014). "A surreply is appropriate where a party brings forth new material or deploys new arguments in a reply brief. However, an opposing party may not submit a surreply simply because [the movant] used their reply brief to further support an argument made in their opening brief or to respond to new arguments in [the opposing party's] opposition." *Adams v. Applied Bus. Servs.*, No. 2:18CV559, 2019 WL 7817080, at *1 (E.D. Va. Aug. 30, 2019) (cleaned up); *see also EEOC v. Freeman*, 961 F. Supp. 2d 783, 801 (D. Md. 2013), *aff'd in part sub nom. E.E.O.C. v. Freeman*, 778 F.3d 463 (4th Cir. 2015) (Where " 'the arguments made [in the] reply brief are merely responses to new arguments made by [the opposing party] in their response,' a

sur-reply is not appropriate."); *DiPaulo v. Potter*, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010) ("USPS raised no new arguments in its reply memorandum in support of its motion for summary judgment. . . . Rather, USPS's reply simply responded to DiPaulo's contention."). Because the United States only responded to RMST's argument that its changed plans defeated the motion to intervene, RMST's motion should be denied.

      First, the United States' arguments with respect to mootness (and the voluntary cessation exception to mootness) and standing are not new but were made in direct response to RMST's contention that when it voluntarily changed its plans, there was "no longer any actual controversy" (i.e., the dispute was moot), ECF No. 697 at 1, and its contention that the United States lacked standing when it moved to intervene, *id.* at 19-23. RMST's contention that the United States somehow "misstated" the relative burdens on these points, thereby justifying a sur-reply, is also incorrect. RMST concedes, as the United States asserts, that RMST bears the burden to establish mootness, ECF No. 699-1 at 1, and nothing in the United States' reply brief suggests that the United States argued that same burden applied to the standing issue. *E.g.* ECF No. 698 at 18-20.[1]

      Second, the United States' argument that the scope of Sec. 113's applicability *still* covers RMST's proposed activities for the 2024 Expedition, even without salvage, is not a new argument, but is further response to RMST's contention that its voluntary change of plans eliminated any activity "that could implicate Section 113" and that its current plans are "outside the scope of Section 113." ECF No. 697 at 2, 10. All of the sources identified in support of the United States' reply – such as the International Agreement and NOAA's public notice regarding implementation of Sec. 113 – were identified in the opening motion to intervene, *see* ECF No.

---

[1] At the time the United States moved to intervene, which is when standing is assessed, ECF No. 698 at 18, RMST concedes "the parties had an actual dispute concerning the application of Sec. 113." ECF No. 697 at 1.

692 at 5-6, and the principal point (that RMST "must comply with Sec. 113 when conducting [any] activities at *Titanic*") was made in the Verified Complaint that accompanied the motion to intervene, ECF No. 691-1 at ¶ 3. RMST's contention regarding how NOAA handled OceanGate's expedition does not address any purportedly "new" argument offered by the United States, *see* ECF No. 698 at 8-9 (responding to RMST's contention that its revised plans were outside the purview of the district court's salvage oversight), but is RMST's own new strategic attempt to offer an argument it did not offer previously. In any event, NOAA evaluated OceanGate's submissions in accordance with Sec 113 and determined that its proposed activity did not require a Sec. 113 authorization. ECF No. 684, 684-1. And unlike OceanGate, RMST's stated intent for the 2024 Expedition is to "refine its targets for future artifact recovery work," ECF No. 694 at 3, potentially including activity "inside the wreck," ECF No. 686, activities that even RMST concedes are within the scope of Sec. 113.

      Accordingly, for the reasons stated, RMST's motion to file a sur-reply should be denied.

      Respectfully submitted,

      Jessica D. Aber
      United States Attorney

By:   /s/ *Kent P. Porter*_____
      Kent P. Porter, VSB No. 22853
      Assistant United States Attorney
      Attorney for the Intervenor United States
      United States Attorney's Office
      8000 World Trade Center
      101 West Main Street
      Norfolk, VA 23510
      757-441-6331
      Fax:  757-441-6689
      kent.porter@usdoj.gov