IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
    Plaintiff,

v.                                          Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43' 32" NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,
    Defendant.

**UNITED STATES' STATUS REPORT**

The United States, as *amicus*, on behalf of its National Oceanic and Atmospheric Administration ("NOAA"), provides the following status report to address questions raised by the Court during the March 13, 2024, status hearing with respect to RMST's 2024 Expedition and the United States' pending motion to intervene (ECF No. 691).

**I.**    **2024 Expedition.**

RMST's planned expedition to *Titanic* is now scheduled for July 2024 ("2024 Expedition"). *See* ECF Nos. 686 (at 2-3), 694, 713 (at 2-4) and 725. Following the June 2023 *Titan* submersible tragedy, RMST altered the scope of the 2024 Expedition. *Id.* NOAA and RMST have been communicating regarding the operational details of the revised expedition. ECF Nos. 719, 720.

Based on NOAA's review of the information provided by RMST to date, NOAA has concluded that during the 2024 Expedition RMST is not proposing to conduct any "research,

1

exploration, salvage, or other activity that would physically alter or disturb the wreck or wreck site of the RMS *Titanic*." Accordingly, NOAA has determined and advised RMST that an authorization pursuant to Section 113 of the Consolidated Appropriations Act, 2017, Pub. L. No. 115-31, 131 Stat. 192 (May 5, 2017) ("Sec. 113"), is not required. *See* Exhibit 1 (June 14, 2024, Letter from Dr. Richard W. Spinrad (NOAA Administrator) to Jessica Sanders (RMS Titanic, Inc.)).

## II. United States' Motion to Intervene (ECF No. 691).

During the March 13, 2024, status hearing, the Court requested that, following its consultations with RMST regarding the 2024 Expedition, the United States advise the Court whether further action was required on the motion to intervene. Mar. 13, 2024, Hearing Tr. at 22.

Because the specific activities to be conducted during the 2024 Expedition do not require a Sec. 113 authorization, the United States acknowledges that there is no need to issue declaratory or injunctive relief with respect to those planned activities. Nonetheless, RMST's longer-term objectives for activity at the wreck and wreck site –recovery of artifacts from the debris field and activity inside the hull (including artifact recovery) – remain the same and continue to implicate Sec. 113.[1] Because the purposes underlying the United States' motion to intervene are not solely dependent on the 2024 Expedition implicating Sec. 113, *see* Proposed Intervenor's Complaint, ECF No. 691-1, ¶¶ 62, 69 and "Prayer for Relief," and because RMST expects to resume conduct implicated by Sec. 113, RMST's voluntary cessation of such conduct for the 2024 Expedition does not moot the United States' motion to intervene. *Fed. Bureau of Investigation v. Fikre*, 601 U.S. 234, 243 (2024). RMST has advised NOAA that it will assess its

---

[1] *See* ECF Nos. 694 at 3 (noting that a purpose of the 2024 Expedition is "to further refine its targets for future artifact recovery work"); 713 at 4 (noting its intent to use imaging results to "identify at risk artifacts suitable for recovery in future court approved expeditions"). A plan for the 2024 Expedition RMST provided to NOAA on May 7, 2024, also reiterated RMST's future objectives for activity at and within the wreck.

2

future plans for recovery and other activity at *Titanic* after conclusion of the 2024 Expedition and will announce such plans in late summer or early fall of 2024.

      Accordingly, the United States requests the Court continue to hold in abeyance a determination on the motion to intervene until after RMST's announcement of its future plans for activity at *Titanic*. The United States will submit an additional status report at that time. The undersigned has conferred with counsel for RMST who does not oppose this course of action.

                                                         Respectfully submitted,

                                                         Jessica D. Aber
                                                         United States Attorney

By:  /s/ *Kent P. Porter*
      Kent P. Porter, VSB No. 22853
      Assistant United States Attorney
      Attorney for the United States
      United States Attorney's Office
      8000 World Trade Center
      101 West Main Street
      Norfolk, VA 23510
      757-441-6331
      Fax:  757-441-6689
      kent.porter@usdoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on the 27th day of June, 2024, I will electronically file the foregoing document with the Clerk of Court using the CM/ECF system, which will then send a notification of electronic filing (NEF) to the following:

| | |
|---|---|
| **Brian Andrew Wainger**<br>**Ryan V.P. Dougherty**<br>**William R. Poynter**<br>Kaleo Legal<br>4456 Corporation Lane<br>Suite 135<br>Virginia Beach, VA 23462<br>Email: bwainger@kaleolegal.com<br>E-Mail: rdougherty@kaleolegal.com<br>E-Mail: wpoynter@kaleolegal.com | **David G. Barger, VSB #21652**<br>GREENBERG TRAURIG, LLP<br>1750 Tysons Boulevard, Suite 1200<br>McLean, Virginia 22102<br>Tel: (703) 749-1300<br>Fax: (703) 749-1301<br>E-Mail: Bargerd@gtlaw.com |

    /s/ *Kent P. Porter*_____
Kent P. Porter, VSB No. 22853
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
8000 World Trade Center
101 West Main Street
Norfolk, VA 23510
757-441-6331
Fax:  757-441-6689
kent.porter@usdoj.gov