*Ambassade de France*
*aux États-Unis*

Nᵒ 2016-506130/DOS

**GOVERNMENT
EXHIBIT
2
2:93-cv-00902**

# N O T E

The Embassy of the Republic of France presents its compliments to the Department of State and has the honor to refer it to the proceedings concerning the RMS Titanic (RMST) in the United States District Court for the Eastern District of Virginia, Norfolk Division (Case No. 2:93-cv-902) and in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (Case No. 3:16-bk-02230).

France's ownership of recovered artifacts dates back to the expedition on the site of the wreck in 1987, in which the Institut Français de Recherche pour l'Exploitation de la Mer (IFREMER) played an active part, namely the use of its vessels by Oceanic Research and Exploration Ltd. to dive on "HMS TITANIC to promote the survey of the wreck and to recover objects from the Titanic".

Under Article 20 "Recovery of objects" agreed upon in a Charter signed by both parties (IFREMER as the owner and Oceanic Research and Exploration as the Charterer), it was formally agreed that "Charterers shall not sell the objects collected by Owners but shall use them only for exhibition purposes".

In 1993, Titanic Ventures Limited Partnership (TVLP), RMST's predecessor-in-interest, sought and obtained the remit of French artifacts from the French Ministry of Equipment, Transportation andTourism, subject to assurances made by the company that the collection would neither be sold nor dispersed.

**The Department of State**

- **French Desk**

Thus, in the attached letter from September 22, 1993, signed by the Director of TVLP, France was assured that "the artifacts will be used only for cultural purposes and will not, therefore, be part of any operations that would lead to their dispersion, with the exception of exhibition purposes, and none of the artifacts will be sold".

With this understanding and signed guarantee, the French administration agreed to grant the title to TVLP in a Procès-Verbal of October 20, 1993.

With the merger of May 1993, RMST acquired the artifacts held by TVLP for the French government and mounted other expeditions over the years, recovering more artifacts for which it was granted an in specie salvage award of title by the District of Virginia Court.

The Embassy of France notes that in the Eastern District of Virginia proceeding, the United States Department of Justice and the National Oceanic and Atmospheric Administration developed and obtained judicial approval of covenants and conditions for the protection and non-dispersal of artifacts recovered from the Titanic in the possession of private parties, RMS Titanic, Inc. and Premier Exhibitions, Inc.  These covenants and conditions include maintenance of the artifacts as a collection not to be dispersed through sale or other disposition, i.e, the same conditions and covenants regarding the French artifacts.

The Embassy further  observes that in those proceedings, the Fourth Circuit Court recognized that the French artifacts were subject to the same binding conditions, as it stated that "the 1993 French Administration decision also incorporated Titanic Ventures' assurances made in its September 22, 1993 letter stating that "Titanic Ventures agreed to make use of such objects in conformity with the respect due to the memory of their initial owners and not to carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition" (RMS Titanic, Inc, 435 F 3d at 527-28).

Furthermore, these conditions are also consistent with the principles of the finalized text agreed by the United States, France, Great Britain and Canada for the International Agreement to Protect the Shipwrecked Vessel RMS Titanic in respect of any future recovery of artifacts.

The Embassy of France thus notes with concern that the intention was expressed by RMS Titanic, Inc., in the Middle District Florida to seek approval to sell and disperse French artifacts, in violation of the aforementioned Procès-Verbal and the covenants and conditions of the Eastern District of Virginia Court and under the erroneous assumption that France has no interest in the French artifacts.

This attempt and assumption are all the more surprising in that France has never been given any prior notice by RMST of its intention to sell the artifacts.

France would like to remind RMST that its interest in the fate of the artifacts is high, and that not only would the dispersion or sale of the artifacts infringe upon the due respect to the memory of its initial owners but also violate the principle of sovereign immunity.

The Embassy of France therefore requests the assistance of the Department of State and any other appropriate United States agencies to inform the courts of these matters and takes such action as appropriate to secure compliance with the above-referenced principles, covenants and conditions.

The Embassy of France takes this opportunity to assure the Department of State of its highest consideration.



Washington, July 8, 2016