# Advisory Council on Underwater Archaeology

RECEIVED
MAY - 7 2026
R. B. SMITH
SENIOR U.S. DISTRICT JUDGE, NORFOLK, VA

7 May 2026

Judge Rebecca Beach Smith
United States District Judge
Walter E. Hoffman United States Courthouse
600 Granby Street
Norfolk, VA 23510

**Re: Auction and sale of artifacts from the French Collection of *Titanic* artifacts, (case 2:93-cv-00902)**

Dear Judge Smith,

The Advisory Council on Underwater Archaeology (ACUA) wishes to express strong opposition to RMS Titanic Inc.'s (RMST, formerly Titanic Ventures Ltd Partnership (TVLP)) plans to auction artifacts that it and IFREMER salvaged from the *Titanic* wreck site in 1987 (the 'French Collection').

The ACUA serves as an international advisory body on issues related to underwater archaeology, conservation, and submerged cultural resources management. With elected, institutional associate, individual associate, and emeritus members, the council includes national and international experts in underwater archaeology. Furthermore, the ACUA supports and promotes ethical and scientific underwater research worldwide and endorses international standards for protecting underwater cultural heritage.

A private commercial auction and sale of individual artifacts to the highest bidders would clearly constitute "commercial exploitation" of underwater cultural heritage (UCH), in violation of the professional ethics of the ACUA and virtually every other professional archaeological and historical organization with published ethical guidelines. This professional ethic is in the public interest and has been codified into international law in the UNESCO 2001 Convention on the Protection of Underwater Cultural Heritage.

Such 'commercial exploitation' of *Titanic* would also result in the breaking up the French Collection in contravention of the promises of TVLP/RMST that "the artifacts will only be used [for] a cultural purpose and will not, therefore, be part of any operations which would lead to their dispersion, but to the exception of exhibition purposes, and none of the artifacts will be sold" (see R.M.S. Titanic, Inc., 435 F.3d at 527 (alteration in original)). On October 22, 1993, an administrator in the French Ministry of Equipment, Transportation, and Tourism awarded the TVLP title to the French Artifacts subject to the assurances made by TVLP in its letter requesting the title (Id. at 527-28).

The Fourth Circuit has also acknowledged the public interest in these artifacts. The Administrator's decision also incorporated Titanic Ventures' assurances made in its September 22, 1993 letter, stating that '[Titanic Ventures] agreed to make use of such objects

in conformity with the respect due the memory of their initial owners and not to carry out any commercial transaction concerning such objects nor any sale of any one of them nor any transaction entailing their dispersion, if not for the purposes of an exhibition' (R.M.S. Titanic, Inc., 435 F.3d at 527-28).

The sale of individual artifacts breaking up the collection is inconsistent with the Covenants and Conditions to your award of the American Collection in your Order of August 15, 2011. RMST voluntarily agreed to the conditions they developed in negotiations with the US Government (DOJ and NOAA) and that were ultimately made conditions of the award. In them, RMST again agreed to keep the *Titanic* Collection together, integrating the French Collection and the American Collection, consistent with the conditions in the French salvage award. Section III. A. of the Covenant and Conditions,' Ensuring the Unity and Integrity of the Titanic Collections' is specific in that the 'Titanic Artifact Collection shall be kept together and intact forever…to the maximum extent possible and consistent with reasonable collections management practices, be conserved and curated together with the French Collection as an integral whole by the Trustee'.

The auction and sale of individual artifacts also violate our professional ethics, which have been codified in the International Agreement on the *Titanic* and the UNESCO 2001 Convention. Your order, under your authority under salvage law, requiring that the '*Titanic* Artifact Collection' be kept together as a single, sustainable, curated collection reflects the public interest in *Titanic*, as evidenced by applicable US and international law.

Dispersal of the French Collection will also contravene one of the fundamental articles (2.7) of the UNESCO Convention on the Underwater Cultural Heritage. This article states that "Underwater cultural heritage shall not be commercially exploited," which is expanded in Rule 2 of the Convention stating that "The commercial exploitation of underwater cultural heritage for trade or speculation or its irretrievable dispersal is fundamentally incompatible with the protection and proper management of underwater cultural heritage. Underwater cultural heritage shall not be traded, sold, bought or bartered as commercial goods."

The ACUA appreciates the court's integration of historic preservation law and archaeological principles into your orders under your Admiralty jurisdiction and respectfully asks the court to retain the collection of artifacts salvaged from *Titanic* together in the public interest. We further ask the Court to deny any request for the dispersal by sale of the artifacts, or diminution of the Covenant and Conditions placed on the trustee, and alternatively seek sustainable options that place the *Titanic* collections under the curation of an accredited museum or other body capable of fulfilling the Covenant and Conditions to which this letter has previously made reference.

Sincerely,

Jeneva Wright, PhD
Chair
Advisory Council on Underwater Archaeology
https://acuaonline.org/