IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**

R.M.S. TITANIC, INC.,
successor-in-interest to
Titanic Ventures, limited partnership,
      Plaintiff,

        v.                             Civil Action No. 2:93cv902

THE WRECKED AND ABANDONED VESSEL,
ITS ENGINES, TACKLE, APPAREL,
APPURTENANCES, CARGO, ETC., LOCATED
WITHIN ONE (1) NAUTICAL MILE OF A POINT
LOCATED AT 41 43/ 32' NORTH LATITUDE
AND 49 56' 49" WEST LONGITUDE,
BELIEVED TO BE THE R.M.S. TITANIC
in rem,
      Defendant.

**PERIODIC REPORT**

NOW COMES Plaintiff, R.M.S. Titanic, Inc. ("RMST"), by counsel, and files this Periodic

Report pursuant to the Court's December 21, 2018 Order (the "2018 Order") [ECF No. 540].

**Notice of Intent to Sell Artifacts from the French TITANTIC Artifact Collection**

Per Section G of the 2018 Order, RMST hereby provides notice of its intent to sell artifacts

from the "French TITANIC Artifact Collection," as defined in the Covenants and Conditions.[1]

Attached as **EXHIBIT A** is a preliminary list of artifacts RMST plans to include in a public

auction, as set forth below, as identified by each artifact's accession number (hereinafter, the

"Artifact" or "Artifacts"). The accession number identifies each Artifact through RMST's

database, which includes date of recovery, and establishes the provenance of each Artifact. Each

---

[1]    The Covenants and Conditions refer to the "Covenants and Conditions for the Future Disposition of Objects Recovered from the *RMS Titanic* by RMS Titanic, Inc. Pursuant to an *in specie* Salvage Award Granted by the United States District Court for the Eastern District of Virginia." ECF No. 340, Exh. A.

1

Artifact to be sold will come from the French TITANIC Artifact Collection. RMST will not sell any artifacts from the Subject TITANIC Artifact Collection. RMST reserves the right to remove or add artifacts from the French TITANIC Artifact Collection to this list and will provide updated lists in subsequent Periodic Reports if it makes any such adjustments.

A.    The French TITANIC Artifact Collection

In 1987, RMST's predecessor-in-interest, Titanic Ventures Limited Partnership ("TVLP"), participated in a joint expedition with the Institut francais de recherche pour l'exploitation de la mer ("IFREMER") to conduct salvage operations at the *R.M.S. Titanic* wreck site. ECF No. 340. Over the course of thirty-two (32) dives to the wreck site, TVLP recovered approximately 2,000 artifacts from the wreckage of the *R.M.S. Titanic*. *Id.* The artifacts recovered during the 1987 expedition are referred to in the Covenants and Conditions as the "French TITANIC Artifact Collection" and referred to herein as the "French Collection."[2]

The transfer of title to the French Collection to TVLP took place through two acts issued by an Administrator in the French Office of Maritime Affairs of the Ministry of Equipment, Transportation, and Tourism: (1) a letter of decision dated October 12, 1993 (the "Letter Decision"); and (2) the *Proces-Verbal* dated October 20, 1993 (the "Proces-Verbal"). *Id*.

By Order entered September 29, 2017, in *RMS Titanic, Inc. v. French Republic a/k/a Republic of France*, Case No. 3:16-bk-2230, Adv. No. 3:16-ap-183 (the "Adversary Proceeding"), the Bankruptcy Court for the Middle District of Florida, Jacksonville Division, recognized the validity of the Letter Decision and Proces-Verbal, holding that "the French Republic a/k/a

---

[2]    The Covenants and Conditions define "The French TITANIC Artifact Collection" to include the "entirety of artifacts that were recovered by RMST's predecessor entity in the 1987 dive expedition on the TITANIC, and which were the subject of an *in specie* salvage award granted in favor of RMST's predecessor entity in a Proces-Verbal issued October 20, 1993, by the French Maritime Tribunal, exercising appropriate jurisdiction over those artifacts." ECF No. 340, Exh. A.

Republic of France and its government agencies have no interest in the French Artifacts, defined as approximately 2,100 artifacts that were recovered from the wreck site of the RMS Titanic during an expedition conducted in 1987." Adversary Proceeding, ECF No. 67. A copy of the September 29, 2017 Order is attached hereto as **Exhibit B**.

The United States Court of Appeals for the Fourth Circuit has also recognized the validity of the Letter Decision and Proces-Verbal. *R.M.S. Titanic, Inc. v. Wrecked & Abandoned Vessel*, 435 F.3d 521, 528 (4th Cir. 2006) ("On October 20, 1993, the Administrator declared in formal minutes of the transaction (a 'procès-verbal') that he 'has carried out this day the delivery of artifacts recovered from the *Titanic* wreck in 1987,' listed in an attached exhibit, in accordance with Titanic Ventures' letter dated September 22, 1993.").

     B.     Covenants and Conditions Do Not Restrict Sale of French Collection

The Covenants and Conditions distinguish between the French Collection and the "Subject TITANTIC Artifact Collection," which is defined to include those "objects and artifacts recovered by RMST during the course of its dive expeditions (conducted in 1993, 1994, 1996, 1998, 2000 and 2004)." ECF No. 340, Exh. A. The Court has subject matter jurisdiction over the Subject TITANIC Artifact Collection. *R.M.S. Titanic, Inc.*, 435 F.3d at 530; *see also R.M.S. Titanic, Inc. v. Haver*, 171 F.3d 943 (4th Cir. 1999). The Court does not have subject matter jurisdiction over the French Collection. *R.M.S. Titanic, Inc.,* 435 F.3d at 529.

The Covenants and Conditions impose certain obligations on RMST with respect to "The TITANIC Collections," which refers to the "total assemblage of the French TITANIC Artifact Collection and the Subject TITANIC Artifact Collection." ECF No. 340, Exh. A., §§ III-IV. The Covenants and Conditions do not, however, restrict the sale of artifacts from the French Collection. *See id.*, § VI, Protection of the Subject TITANIC Artifact Collection in the Event of Its Sale. This

Court has acknowledged that the Covenants and Conditions except the sale of the French Collection. *See* Transcript of Proceedings, June 21, 2016, attached hereto as **Exhibit C**, at 11 (THE COURT: "[m]y understanding that it's only the French artifacts that are involved in [the proposed sale in RMST's bankruptcy case], and those were excepted in the covenants and conditions that protected the artifacts that were before this Court?").

C.      Exhibition and Auction Agreement

In furtherance of RMST's intent to sell certain Artifacts from the French Collection, RMST and its affiliate Experiential Media Group 'EMG', LLC ("EMG" and together with RMST, the "Company") entered into an Exhibition and Auction Agreement (the "Auction Agreement") with ███████████████████████████████████████████████ A true and correct copy of the Auction Agreement is attached hereto as **Exhibit D**. Pursuant to the Auction Agreement, the Company engaged ███████ to exhibit, market, promote, and conduct the auction process for the Artifacts, including through:

(i) a global exhibition tour of the Artifacts in the following four (4) cities: ███████ ███████████████████████ featuring museum-quality presentation, high-security protocols, and VIP-access previews for institutional clients of ██████ major collectors, museum curators, and global media;

(ii) ███████'s auction website located on ████████; and

(iii) a legacy hardcover catalog prepared by ██████ with respect to the Artifacts.

Exh. D, Recitals and § 1.1. To that end, ██████ shall solicit, receive, and administer bids for the Artifacts in accordance with the Auction Agreement. *Id.*, § 1.2. ██████ and the Company anticipate publicly announcing the auction on ████████, with the auction currently anticipated to occur in ███████████. *Id.*, § 2.1(a).

The Auction Agreement does not grant ▮▮▮▮ any ownership interest in the Artifacts or any agency, partnership, joint venture, or fiduciary relationship with the Company. *Id.*, § 1.2. The Auction Agreement references and attaches the Covenants and Conditions. *Id.*, Exh. B; *see also* § 5. ▮▮▮▮ represents and warrants that it will comply with any applicable court order and shall not take, authorize, or permit any action, or omit to take any action, that would constitute a violation of any court order, or cause the Company to be in violation thereof. *Id.*, § 8.1.

Consistent with the Covenants and Conditions, the 2018 Order and previous orders of this Court and the United States Court of Appeals for the Fourth Circuit, RMST hereby provides notice of its intent to sell Artifacts from the French Collection as described herein.

Respectfully submitted,

**RMS TITANIC, INC.**

By Counsel:

 */s/ William R. Poynter*
William R. Poynter, VSB #48672
Brian A. Wainger, VSB #38476
*Attorneys for Plaintiff RMS Titanic, Inc.*
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tel: (757) 238-6383
Fax: (757) 304-6175
E-Mail: wpoynter@kaleolegal.com
bwainger@kaleolegal.com

**CERTIFICATE OF SERVICE**

I hereby certify that on March 6, 2026 a copy of the foregoing has been electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

/s/ William R. Poynter
William R. Poynter, VSB #48672
*Attorney for Plaintiff RMS Titanic, Inc.*
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Tel: (757) 238-6383
Fax: (757) 304-6175
E-Mail: wpoynter@kaleolegal.com

6