# EXHIBIT D

## EXHIBITION AND AUCTION AGREEMENT

This Exhibition and Auction Agreement ("**Agreement**"), dated as of March 3, 2026, is entered by and between RMS Titanic, Inc., a Florida corporation **("RMST")** and Experiential Media Group 'EMG' LLC, a Delaware limited liability company ("**Experiential**" and together with RMST, "**EMG**"), on the one hand; and ███████████████████████ ██████████████████████████████████ EMG and ████████ are referred to herein, individually, as a "**Party**", and collectively, as the "**Parties**".

## RECITALS

WHEREAS, RMST is the owner of a carefully assembled group of one hundred (100) artifacts recovered from the 1987 expedition to the *R.M.S. Titanic* (the "**Titanic**"), as identified on Exhibit A (the "**Artifacts**");

WHEREAS, the Artifacts are currently subject to certain covenants intended to govern the maintenance of such Artifacts, pursuant to those certain "Covenants and Conditions for the Future Disposition of Objects Recovered from the RMS TITANIC by RMS Titanic, Inc. Pursuant to an In Specie Salvage Award Granted by the United States District Court for the Eastern District of Virginia, Norfolk Division ("**EDVA**"), which are attached as Exhibit A to the R.M.S. Titanic Inc. v. Wrecked & Abandoned Vessel, 742 F. Supp. 2d, 784 (E.D. Va. 2010) (the "**EDVA Matter**" and the "**2010 Court Order**" respectively), a copy of which is attached hereto as Exhibit B (the "**Covenants**");

WHEREAS, pursuant to an intracompany agreement with RMST, Experiential has the exclusive worldwide rights to present exhibitions of Titanic artifacts, including the Artifacts, and other exhibitry together with supporting materials owned or controlled by Experiential (the "**Exhibitry**");

WHEREAS, ████████ is engaged in the business of exhibiting, marketing, and auctioning unique historical and cultural artifacts to institutional and private collectors on a global basis;

WHEREAS, EMG desires to engage ████████ and ████████ desires to be engaged by EMG, to exhibit, market, and offer for sale the Artifacts through a coordinated global exhibition of the Artifacts (each, an "**Exhibition**") and auction process, subject to the terms and conditions of this Agreement;

WHEREAS, pursuant to the terms and conditions of this Agreement, the Artifacts shall be marketed and offered for sale by ████████ through (i) a global exhibition tour of the Artifacts in the following four (4) cities: ████████████████████████████████, featuring museum-quality presentation, high-security protocols, and VIP-access previews for institutional clients of ████████ major collectors, museum curators, and global media (the "**Exhibition Tour**"), (ii) ████████████ auction website located at ████████████ (the "**Artifacts Website**"), and (iii) a legacy hardcover catalog prepared by ████████ with respect to the Artifacts (the "**Catalog**"), featuring museum-quality photography, essays by leading maritime historians, and detailed provenance research; and

WHEREAS, the Parties desire that this Agreement constitute a legally binding and enforceable agreement governing the foregoing exhibition, marketing, and auction activities (collectively, the "**Purpose**").

NOW, THEREFORE, in consideration of the foregoing Recitals, each of which is incorporated herein and made an integral part of this Agreement, the mutual covenants and agreements contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereby agree as follows:

1. **Appointment; Scope of Authority**.

    1.1    Appointment. EMG hereby appoints ███████, and ███████ hereby accepts such appointment, to exhibit, market, promote, and conduct the auction process for the Artifacts (the "**Auction**") solely in furtherance of the Purpose, including through the Exhibition Tour, the Artifacts Website, and the Catalog, in each case strictly in accordance with the terms and conditions of this Agreement.

    1.2    Scope of Authority. ███████ shall act solely as an exhibition, marketing, and auction facilitator, and shall solicit, receive and administer bids for the Artifacts in accordance with Section 2 of this Agreement. ███████ authority with respect to the Artifacts shall be limited solely to the activities expressly set forth in this Agreement and necessary to carry out the Purpose. Except as expressly provided herein, nothing in this Agreement shall be deemed to grant ███████ any ownership interest in the Artifacts or any agency, partnership, joint venture or fiduciary relationship with EMG.

2. **Auction Terms**.

    2.1    Auction Date and Location.

        (a)    ████████████████████ the Parties anticipate publicly announcing the Exhibition Tour and the Auction on ███████, with the Auction currently anticipated to occur in ███████ The Parties shall agree on a date of the Auction on or before the fourteenth (14th) day after EMG notifies ███████ in writing that all Required Approvals and |Orders have been obtained.

        (b)

        (c)

2





2.3

(a)

(b)

(c)

(d)

(e)

4



(f) █████████████████████

3. ████████████████████

3.1 ██████

(a) ██████████████████

(b) ██████████████████

3.2    Installation, Removal and Auction Logistics. ████████

███████████████████████████████████████████ hall perform its

installation and removal obligations using skilled ███ personnel, working collaboratively

Case 2:93-cv-00902-RBS    Document 822-4    Filed 06/05/26    Page 7 of 29 PageID# 9990

with EMG supervisory staff, contractors, and vendors, and subject at all times to EMG's direction, in its sole discretion, with respect to the handling and presentation of the Artifacts, and any and all requirements with respect to the same set forth in the Covenants.

3.3

6







9

(c)

(d)

4.6

4.7

5. The Parties acknowledge and agree that the Covenants seek to impose certain rights, obligations and limitations on RMST with respect to the Artifacts, and ▮▮▮▮▮▮ EMG acknowledge that any matters, actions, claims, or interpretations by any court, governmental authority, or third party arising from or relating to the Covenants or the Artifacts, including any judgment, decree, order, injunction, or similar legal mandate relating to the Artifacts, the Exhibition Tour and/or the Auction (collectively an "**Order**" or "**Orders**") shall not constitute a breach of this Agreement or a violation of any representation, warranty, or covenant under this Agreement.

10

## 6. <u>Shipping and Handling</u>.

6.1    <u>Handling of Artifacts</u>. In all instances in which ███████ handles, transports, stores, installs, removes, exhibits, previews, catalogs, or otherwise has custody or control of the Artifacts, ██████ shall take all reasonable measures and exercise due care consistent with museum-quality standards and industry best practices, and consistent with the Covenants, to protect the Artifacts from loss, damage, deterioration, or unauthorized access. ████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████

7.    ████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

7.2    ████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

11



8.1  the Covenants seek to impose rights and obligations on RMST with respect to the Artifacts.

8.2

8.3

8.4

8.5

8.6

13



8.7

9.

9.1 the Covenants seek to impose rights and obligations on RMST with respect to the Artifacts.

9.2

14

9.3

9.4     <u>Enforceability; No Conflict</u>. This Agreement has been duly executed and delivered by each of RMST and EMG and constitutes a legal, valid, and binding obligation of each of RMST and EMG, enforceable against RMST and EMG, respectively, in accordance with its terms. The execution and performance of this Agreement do not and will not (i) violate any organizational document of RMST or EMG, (ii) violate any applicable law or Order binding on RMST or EMG, or (iii) conflict with or result in a breach of any agreement or obligation to which RMST or EMG is a party or by which the Artifacts are bound. For the avoidance of doubt, the Parties are aware of the 2010 Court Order, inclusive of the Covenants, and any matters, actions or claims arising from a court, governmental authority or other third party's analysis, interpretation or enforcement of the 2010 Court Order shall not constitute a violation of this representation and warranty.

9.5     <u>Title to Artifacts; Authority to Sell</u>. RMST has good and valid title to the Artifacts, free and clear of any liens, pledges, security interests, encumbrances, or adverse claims, except as set forth in the Covenants or other Order. EMG has full authority to consign, exhibit, market, and sell the Artifacts in the manner contemplated by this Agreement subject to the Required Approvals. For the avoidance of doubt, the Parties are aware of the 2010 Court Order, inclusive of the Covenants, and any Order issued by a court, governmental authority or other third party's analysis, interpretation or enforcement of the 2010 Court Order shall not constitute a violation of this representation and warranty.

9.6

9.7

9.8     <u>Compliance with Laws</u>. EMG is in material compliance with all applicable court orders governing the Artifacts as of the Effective Date. EMG has not received written notice of any uncured violation thereof that would prohibit or materially restrict the Exhibition Tour or the Auction as contemplated by this Agreement. Notwithstanding the foregoing, the Parties acknowledge and are aware of the 2010 Court Order. Any Order, including without limitation

15

any attempted enforcement of the 2010 Court Order shall not constitute a violation of this representation or warranty.

10. ██████████

██████████████████████████████████████████

10.2    Termination by EMG for Cause. EMG may immediately terminate this Agreement in the event ████████████████████████████████

████████████████████████████████ (5) any court of competent jurisdiction enters an Order prohibiting modifying, limiting or conditioning such sale in a manner that materially affects the property rights of such Artifact in such sale and such Order is appealed to exhaustion, ██████████████████████

████████████████████████████████████████████

10.3    ████████████████████████████████████

████████████████████████████████████████

10.4    ████████████████████████████████████

██████████████████████████████████████

10.5    ████████████████████████████████████

██████████████████████████████████████

10.6    ████████████████████████████████████

████████████████████████████████████████

10.7    ████████████████████████████████████

██████



11. █████████████

12. ████████████████████████████

17



13.

13.2

13.3

13.4

13.5



19



14.

14.7

15.

16.

17.

18.

19.

20.

21





24.

[SIGNATURE PAGE FOLLOWS]

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date first written above.

Experiential Media Group 'EMG' LLC          RMS Titanic, Inc.


By_____          By_____

Name:                                          Name:

Title:                                         Title:

**EXHIBIT A**

**ARTIFACTS**

**EXHIBIT B**

**COVENANTS**

26

**EXHIBIT C**

**EXHIBIT D**

28